# Lakeland Bank
# Documents

## AFFIDAVIT OF NEILL SCHREYER

Neill Schreyer, duly sworn, upon his oath deposes and says:

1.   I am a Senior Vice President at Lakeland Bank, a New Jersey State Bank with offices located at 250 Oak Ridge Road, Oak Ridge, New Jersey.

2.   On or about February 9, 2016, Lakeland Bank entered into a Conditional Sales Contract ("Contract") pursuant to which Lakeland Bank loaned Hermitage Inn Real Estate Holding Company, LLC ("Hermitage Inn") $900,000.00 for the purchase of certain snow making equipment ("Collateral").   A copy of the Conditional Sales Contract is attached as Exhibit A.

3.   The Contract granted Lakeland Bank a purchase money security interest in the Collateral.

4.   To perfect its security interest in the Collateral, Lakeland Bank filed a UCC Financing Statement on February 19, 2016 with the Connecticut Secretary of State, File No. 0003103361. A copy of the Financing Statement is attached as Exhibit B.

5.   On May 18, 2018, Lakeland Bank advised Hermitage Inn that the loan was in default and the loan was accelerated.   A copy of that correspondence is attached as Exhibit C.

6.   As of May 17 , 2019, the total amount due and owing under the Contract is $715,202.98.

7.   On July 11, 2018, Lakeland Bank obtained an appraisal of the Collateral by Caspert Management Co. Inc., 333 Sylvan Avenue, Englewood Cliffs, NJ   07632 which determined that the Collateral had an orderly liquidation value of $365,000 as of that date.

8.  Lakeland Bank holds an unsecured claim against Hermitage Inn for at least $350,202.98.

9.  On January 3, 2019, Lakeland Bank filed an Amended Complaint in Vermont Superior Court, Windham Unit, Docket No. 464-12-18 wmCV seeking judgment against Hermitage Inn for the balance due and replevin of the Collateral.

10. No amount of the unpaid balance had been satisfied.

Neill Schreyer

Sworn and subscribed to before me on
this 17TH day of May, 2019

Notary Public, State of New Jersey

Joseph Kapraszewski
Notary Public of New Jersey
Commission ID# 50053821
Commission Expires 01/30/22

F0049755 - 1

## CONDITIONAL SALES CONTRACT

| CREDITOR: | SELLER: |
|---|---|
| NAME: Lakeland Bank | NAME: |
| ADDRESS: 166 Changebridge Rd | ADDRESS: |
| CITY, ST ZIP: Montville, NJ 07045 | CITY, ST ZIP: |
| TELEPHONE: (973) 882-1515 | TELEPHONE #: |

OBLIGOR:

NAME:  Hermitage Inn Real Estate Holding Company LLC

ADDRESS:  10 Gatehouse Trail

CITY, ST ZIP   West Dover, VT 05356

TELEPHONE #:  (802) 464-9600

Location of Equipment: 10 Gatehouse Trail, West Dover, VT 05356

| QUANTITY | DESCRIPTION OF EQUIPMENT | MODEL #, SERIAL # OR OTHER ID # |
|---|---|---|
| | See Exhibit "A" | |

A. TOTALS:   $900,000.00

TERMS AND CONDITIONS OF AGREEMENT

B. Monthly Payment         $18,455.00

C. Term of Agreement       60   months

D. Commencement Date

E. Amount of Advance Payments       $18,455.00
F. Number of Advanced Payments      1 Payments
G. Security Deposit        $0

Obligor has selected the equipment and Creditor makes no warranties as to the Equipment and none shall be implied, including, without limitations, its condition, and merchantability of fitness for a particular purpose. Obligor agrees to look solely to the manufacturer, seller or carrier of the equipment for any claim arising from any defect, breach of warranty, failure or delay in delivery, misdelivery or inability to use the equipment for any reason whatsoever, and Obligor's obligations to Creditor hereunder shall not in any manner be affected thereby. Creditor shall not be liable for any loss, damage or expense caused directly or indirectly by any item of Equipment, the use, maintenance, repair or servicing thereof, by any delay or failure to provide same, by any loss of business or damage however caused. Creditor has no obligation to install equipment.

Initial: _____

1. Obligor hereby grants to Creditor a first purchase money security interest in the property described above and in any schedule signed by the parties and made a part hereof, including all proceeds and products thereof, all proceeds of insurance thereon, all substitutions and additions thereto (said property, proceeds, products, substitutions and additions being herein called "Equipment") as security for the repayment by Obligor to Creditor of the amounts specified in the paragraph 4 here of and the performance by Obligor of all of its other obligations pursuant to this agreement or otherwise to Creditor.

2. Creditor agrees to advance to or on behalf of Obligor the amount stated in A. (herein call the "Advance"). Obligor agrees that the advance may be paid by Creditor directly to Seller.

3. The term of this agreement shall be the number of months stated in C. commencing on the date stated in D.. Obligor authorized Creditor to insert said commencement date, provided such date shall not be earlier than the date of delivery to Obligor of the Equipment or a substantial part thereof.

4. Obligor promises to pay to the order of Creditor, or the holder of this Conditional Sales Contract, in U.S. Dollars, that sum set forth on Page One hereof and designated as the "amount of Advances." The total amount payable by Obligor hereunder for the term is equal to the monthly payment stated in B. multiplied by the number of monthly installments, in advance, each in the amount stated in B. commencing on the date stated in D. and continuing on the same day of each month thereafter. Payment shall be made to Creditor at its above-stated address, or as it shall otherwise designate in writing.

5. Obligor's obligation to pay all amounts required under this agreement, and Obligor's obligation to perform its other duties specified in this agreement are absolute and unconditional. Such amounts shall be paid by Obligor, and such other duties shall be performed by Obligor, promptly when due, irrespective of any claim of defense, whether by reason of breach of this agreement or otherwise which Obligor may or might now or hereafter have against Creditor or any other person, firm or corporation.

6. Obligor shall deposit with creditor at the time of signing the agreement the Additional Security stated in G. for the prompt and full performance of all Obligor's obligations hereunder and all other agreements with Creditor. Creditor may, at its option, apply the Additional Security to cure any default of Obligor, in which event Obligor, upon demand, shall promptly restore same to the full stated amount thereof. Upon termination of this agreement, if Obligor has fulfilled all of its obligations to the creditor hereunder and under other agreements, creditor shall return any remaining balance of Additional Security, without interest.

7. Obligor shall accept the Equipment upon its delivery and authorizes Creditor to insert herein the serial numbers and any additional description of the items of Equipment so delivered. Unless Obligor gives notice of each defect or other proper objection to any item of equipment at time of deliver thereof, it shall be conclusively presumed that the Equipment was duly delivered and unconditionally accepted by Obligor.

8. Obligor shall keep the Equipment at the above-stated Location of Equipment or, if none is specified, at the Obligor's above-stated address and shall not remove any of the same there from without Creditor's prior written consent.

9. Obligor shall use the Equipment in a careful manner and shall, at its expense keep the Equipment in good repair and comply with all laws, ordinances, regulations or requirements of any governmental authority, official bureau, board or department relating to its installation, possession, use or maintenance.

10. Upon Creditor's request Obligor shall affix and keep in a prominent place on each item of Equipment labels, plates or other markings indicating Creditor's interest in the Equipment.

11. Obligor shall not make any modifications, alterations, additions or improvements to the Equipment without Creditor's prior written consent. Creditor shall have the right to enter Obligor's premises during business hours to inspect the Equipment and observe its use.

12. Obligor shall bear the entire risk of loss, theft, destruction of or damage to the Equipment or any part thereof from any cause whatsoever and shall not be relieved of the obligation to make all payments or fulfill any other obligation hereunder because of such occurrence, In the event of damage to any item of Equipment, Obligor at its sole expense, shall immediately place the same in good repair. If Creditor determines that any item of equipment is lost, stolen, destroyed beyond repair, Obligor, at its sole expense and at the option of Creditor, shall (a) replace the same with like equipment in good repair, or (b) pay Creditor in cash all amounts then due hereunder and the unpaid balance of all sums payable for the unexpired term hereof attributable to said item.

13. Obligor shall, at its expense, keep the Equipment fully insured in favor of Creditor against loss, fire damage or destruction from any cause whatsoever in an amount not less than the total payments due hereunder

Initial: ᐊᐱᐱ

or the full replacement cost of the Equipment, whichever is greater, and such additional insurance against injury loss or damage of persons or property arising out of the use or operation of the Equipment as is customarily maintained by the owners of like property, with companies satisfactory to Creditor under policies providing for at least 10 days prior written notice of cancellation to Creditor. The policies shall include provisions satisfactory to Creditor to the effect that losses shall be payable to Creditor as its interest appear. Obligor shall deliver the policies to Creditor to be held by Creditor until Obligor has discharged all of its obligations hereunder. Creditor, at its option, may apply proceeds of said insurance to replace or repair the Equipment and/or to Obligor's obligations hereunder. If Obligor shall fail to provide said insurance or, within ten (10) days after Creditor's request therefore, shall fail to deliver the policies or certificates thereof to Creditor, then Creditor, at its option, shall have the right to procure such insurance and add the cost thereof to the monthly payment becoming next due.

14. Obligor covenants and agrees to keep the Equipment free and clear of all levies, liens and encumbrances and to pay all charges, taxes and fees which may now or hereafter be imposed upon the ownership, leasing, rental, sale, purchase, possession or use of the Equipment except taxes on or measured by Creditor's income. If any of same shall remain unpaid, when due, Creditor may pay same and add such payment to the monthly payment next becoming due.

15. Obligor agrees to indemnify and save Creditor harmless from any and all claims, actions, proceedings, expenses, damages and liabilities, including attorney's fees, arising out of or in any manner pertaining to the Equipment or this agreement including, without limitation, the ownership, selection, possession, purchase, delivery, installation, leasing, operation, use, control, maintenance and return of the Equipment and the recovery of claims under insurance policies thereon.

16. Obligor shall not assign, pledge, mortgage or otherwise transfer or encumber any of its rights under this agreement or in the Equipment or any part thereof, nor permit its use by anyone other than the Obligor and its regular employees, without Creditor's prior written consent. Any such purported transfer, assignment or other actions without notice, transfer or assign shall be void. Creditor may, without notice, transfer or assign this agreement or any interest herein and may mortgage, encumber or transfer any of its rights or interest in and to the Equipment or any part thereof and, without limitations, each assignee, transferee and mortgagee shall have the rights to transfer or assign its interest. Each such assignee, transferee, and mortgagee shall have all of the rights but none of the obligations of Creditor under this agreement and Obligor shall not assert against any of them any defense, counterclaim or set-off that Obligor may have against Creditor.

17. If Obligor fails to make any payment when due hereunder or under any other agreement with Creditor independent of this agreement, heretofore or hereafter made, or breaches any warranty contained herein, or defaults in performance of any other obligations on its part to be performed and such default continues for five (5) days after Creditor gives notice there of to Obligor or if Obligor becomes insolvent or makes an assignment for the benefit of creditors or if any bankruptcy, receivership, reorganization or insolvency proceedings shall be commenced by or against Obligor, or if Obligor is unable to pay its debts as they mature, or if any attachment or levy is made against any of Obligors property, then, at the Creditor's option, the entire unpaid sum payable for the balance of the term hereof shall be at once due and payable and Creditor may, without demand or legal process, terminate this agreement and enter upon the premises where the Equipment is located, take possession of and remove same, and exercise any one or more of the following rights and remedies, without liability to Obligor therefore and without affecting Obligor's obligations hereunder: (I) sell, lease or otherwise dispose of the Equipment or any part thereof at one or more public or private sales, leases or other dispositions, at wholesale or retail, for such consideration, on such terms for cash or on credit, as Creditor may deem advisable, on at least ten (10) days notice to Obligor or any public sale or of the time after which a private sale, lease or other disposition may be made (which notice Obligor acknowledges is reasonable), or (II) retain the Equipment or any part thereof, crediting Obligor with reasonable value thereof, or (III) pursue any other remedy granted by any existing or future document executed by Obligor or by law. At any public sale, Creditor may be the purchaser. Obligor agrees to pay all Creditors' expenses, including but not limited to the repossessing, storing, repairing and preparing Equipment for sale or lease, commissions payable in connection with any sale or lease, and reasonable attorney fees if any attorney shall be consulted. The net proceeds realized from any such sale, lease, or other disposition or the exercise of any remedy, after deducting all expenses, shall be applied towards payment of the unpaid balance then due Creditor hereunder. Obligor to remain liable for any deficiency. Any amount due Creditor under this paragraph shall be deemed liquidated damages for the breach hereof and not a penalty. All rights and remedies of Creditor shall be cumulative and not alternative. In any action or proceeding brought by Creditor against Obligor to enforce this contract, Creditor

Initial: _OW_

shall, in addition to all other sums, be entitled to recover its costs, disbursements and reasonable attorney's fees. Creditor's failure to exercise or delay in exercising any right or remedy shall not be construed as a waiver thereof, nor shall a waiver on one occasion be construed to bar the exercise of any right or remedy on a future occasion.

18. Obligor agrees to pay a late charge of 10 cents per dollar on any monthly payment in default ten (10) days or more not therefore accelerated.

19. Obligor warrants that the application, statements and credit and financial information submitted by it to Creditor are true and correct and made to induce Creditor to enter into this agreement.

20. Obligor hereby waives any right of counterclaim or set-off in any action involving or arising out of this agreement and that the parties here waive the right to a jury trial.

21. There is no early payoff provision for the first or last twelve months of the contract. If the Obligor elects to pay off this contract at any point other than the first or last twelve months of the contract, the future remaining payments will be present valued at a rate of three percent. Any other open charges will be added at that time.

22. Any notice to a party hereunder shall be sufficiently given if mailed to said party by certified mail, return receipt requested, at its address set forth herein or such other address as either may designate for itself in such notice to the other.

23. Whenever the sense of this agreement requires, words in the singular shall be deemed to include the plural, and plural, singular. If more than one Obligor is named herein, the liability of each shall be joint and several.

24. This agreement constitutes the entire mutual understanding of the parties regarding the within subject matter and may not be modified except in writing, signed by the party whom such modification is asserted.

25. Obligor hereby authorizes Creditor, at its option, to file a financing statement and Obligor agrees to pay Creditor the actual fee for such filing. Where permitted by law, such filing may be made without the signature of the Obligor and with only the signature of a representative of the Creditor or Creditor's assignee appearing thereon.

26. This agreement shall be construed under the laws of the State of New Jersey and shall not become effective until accepted by Creditor at its above office and upon such acceptance shall, subject to paragraph 16 hereof, inure to and bind the parties, their successors, legal representatives and assigns. No provisions hereof which may be construed as unenforceable shall in any way invalidate any other provision hereof, all which shall remain in full force and in effect.

27. Obligor represents and warrants to the holder of this Contract that the Equipment was purchased for commercial use and not for personal, household, legal agricultural or other such consumer purposes.

No agent or employee of the Seller is authorized to bind Creditor to this agreement, to alter or waive any term or condition hereof, or to add any provision hereto, notwithstanding any compensation or benefit that may be given by Creditor to Seller or any agent or employee of Seller.

The undersigned agree to all Terms and Conditions set forth herein, and witness thereof hereby execute this agreement.

Accepted on date: **02/09/2016**

Obligor: Hermitage Inn Real Estate Holding Company LLC

By: _____

Name:  James Barnes, President

Creditor: Lakeland Bank

By: _____

Name: _____



## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

| | |
|---|---|
| **A. NAME & PHONE OF CONTACT AT FILER (optional)**<br>Phone: (973) 882-1515 Fax: (973) 882-7808 | **CT Lien Solutions**<br>Representation of filing |
| **B. E-MAIL CONTACT AT FILER (optional)** | **This filing is Completed**<br>File Number : 0003103361<br>File Date : 19-Feb-2016 |

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**  11979 - LAKELAND

Lakeland Bank Leasing ,        52604159
166 Changebridge Rd
Montville, NJ 07045            CTCT

File with: Secretary of State, CT

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. **DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of Item 1 blank, check here ☐ and provide the Individual Debtor information in Item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Hermitage Inn Real Estate Holding Company LLC | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 10 Gatehouse Trail | West Dover | VT | 05356 | USA |

2. **DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in Item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| | | | | |

3. **SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY):** Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Lakeland Bank | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 166 Changebridge Rd | Montville | NJ | 07045 | USA |

4. **COLLATERAL:** This financing statement covers the following collateral:
New Tower Mounted TechnoAlpin Fans purchase from TechnoAlpin USA Inc., 8465 Concord Center Drive, Englewood, CO 80112
Article Description    Serial No
SKM18A32 Snow gun M18 Auto 480V 60HZ 18 11 0347 0047
SKM18A32 Snow gun M18 Auto 480V 60HZ 18 11 0348 0047
SKM8AT41 Snow gun M18 AT UNI USA 480V 18 11 0339 0047
SKM8AT41 Snow gun M18 AT.UNI USA 480V 18 11 0346 0047
SKT40AA2 Snow gun T40 AA 480V 60Hz w.compr. 40 11 0586 0872
SKT40AA2 Snow gun T40 AA 480V 60Hz w.compr. 40 11 0587 0872
SKT40AT2 Snow gun T40 AT 480V 60Hz w.compr. 40 11 0619 1001
SKT40AT2 Snow gun T40 AT 480V 60Hz w.compr. 40 11 0622 1001
SKT40AT2 Snow gun T40 AT 480V 60Hz w.compr. 40 11 0624 1001
SKT40AT2 Snow gun T40 AT 480V 60Hz w.compr. 40 11 0628 1001
SKT40AT2 Snow gun T40 AT 480V 60Hz w.compr. 40 11 0631 1001
SKT40000 Snow gun T40 AM 480V 60Hz 40 11 0546 0684
SKT40000 Snow gun T40 AM 480V 60Hz 40 11 0656 1002
SKT40000 Snow gun T40 AM 480V 60Hz 40 11 0657 1002
SKT40000 Snow gun T40 AM 480V 60Hz 40 11 0659 1002

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

| 6a. Check only if applicable and check only one box: | | | 6b. Check only if applicable and check only one box: | |
|---|---|---|---|---|
| ☐ Public-Finance Transaction | ☐ Manufactured-Home Transaction | ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien | ☐ Non-UCC Filing |

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
52604159        17648

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)        ·

Prepared by CT Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

## UCC FINANCING STATEMENT ADDENDUM
**FOLLOW INSTRUCTIONS**

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank
   because Individual Debtor name did not fit, check here ☐

   9a. ORGANIZATION'S NAME
   Hermitage Inn Real Estate Holding Company LLC

   OR  9b. INDIVIDUAL'S SURNAME

       FIRST PERSONAL NAME

       ADDITIONAL NAME(S)/INITIAL(S)                    SUFFIX

       **THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

10. DEBTOR'S NAME: Provide (10a or 10b) only **one** additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name;
    do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

    10a. ORGANIZATION'S NAME

    OR  10b. INDIVIDUAL'S SURNAME

        INDIVIDUAL'S FIRST PERSONAL NAME

        INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)                          SUFFIX

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

11. ☐ ADDITIONAL SECURED PARTY'S NAME   **or**  ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only **one** name (11a or 11b)

    11a. ORGANIZATION'S NAME

    OR  11b. INDIVIDUAL'S SURNAME          FIRST PERSONAL NAME          ADDITIONAL NAME(S)/INITIAL(S)   SUFFIX

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):
SKT40000 Snow gun T40 AM 480V 60Hz 40  11 0651 1002
SKT40000 Snow gun T40 AM 480V 60Hz 40  11 0652 1002
SKT40000 Snow gun T40 AM 480V 60Hz 40  11 0663 1002
SKT40000 Snow gun T40 AM 480V 60Hz 40  11 0665 1002
SKT40000 Snow gun T40 AM 480V 60Hz 40  11 0666 1002
SKT40000 Snow gun T40 AM 480V 60Hz 40  11 0667 1002
SKT40000 Snow gun T40 AM 480V 60Hz 40  11 0854 1131
SKT40000 Snow gun T40 AM 480V 60Hz 40  11 0855 1131
SKT40000 Snow gun T40 AM 480V 60Hz 40  11 0857 1131

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the   14. This FINANCING STATEMENT:
       REAL ESTATE RECORDS (if applicable)
                                                                ☐ covers timber to be cut  ☐ covers as-extracted collateral  ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16   16. Description of real estate:
    (if Debtor does not have a record interest):

17. MISCELLANEOUS: 52604159-CT-0  11979 - LAKELAND BANK - EDUI      Lakeland Bank      File with: Secretary of State, CT      17649

FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

Prepared by CT Lien Solutions, P.O. Box 29071,
Glendale, CA 91209-9071 Tel (800) 331-3282

## UCC FINANCING STATEMENT ADDENDUM
**FOLLOW INSTRUCTIONS**

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

| 9a. ORGANIZATION'S NAME |
| --- |
| Hermitage Inn Real Estate Holding Company LLC |

OR

| 9b. INDIVIDUAL'S SURNAME |
| --- |

| FIRST PERSONAL NAME |
| --- |

| ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| --- | --- |

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| 10a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |

OR

| 10b. INDIVIDUAL'S SURNAME | | | | |
| --- | --- | --- | --- | --- |

| INDIVIDUAL'S FIRST PERSONAL NAME | | | | |
| --- | --- | --- | --- | --- |

| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | | SUFFIX |
| --- | --- | --- | --- | --- |

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |

11. ☐ ADDITIONAL SECURED PARTY'S NAME   or   ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

| 11a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| --- | --- | --- | --- | --- |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):
SKT40000 Snow gun T40 AM 480V 60Hz 40 13 0001 0022
SKT40000 Snow gun T40 AM 480V 60Hz 40 13 0004 0022
SKT40000 Snow gun T40 AM 480V 60Hz 40 13 0007 0022
SKT40000 Snow gun T40 AM 480V 60Hz 40 13 0010 0022
SKT40000 Snow gun T40 AM 480V 60Hz 40 13 0012 0022
SKT40000 Snow gun T40 AM 480V 60Hz 40 13 0013 0022
SKT40000 Snow gun T40 AM 480V 60Hz 40 13 0014 0022
SKT40000 Snow gun T40 AM 480V 60Hz 40 13 0054 0811
SKT40000 Snow gun T40 AM 480V 60Hz 40 13 0055 0811

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS: 52604159-CT-0  11978 - LAKELAND BANK - EQUI      Lakeland Bank      File with Secretary of State, CT      17648

**FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)**

Prepared by CT Lien Solutions, P.O. Box 29071, Glendale, CA 91209-9071 Tel (800) 331-3782

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME

Hermitage Inn Real Estate Holding Company LLC

OR 9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S)   |   SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR 10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)   |   SUFFIX

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

11. ☐ ADDITIONAL SECURED PARTY'S NAME   or   ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

OR 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):
SKT40000 Snow gun T40 AM 480V 60Hz 40  13 0058 0811
SKT40000 Snow gun T40 AM 480V 60Hz 40  13 0062 0454
SKT40000 Snow gun T40 AM 480V 60Hz 40  13 0066 0454
SKT40L05 Snow gun T40 AL 480V 60Hz w.compr. 40 13 0142 0972
SKT40L05 Snow gun T40 AL 480V 60Hz w.compr. 40 13 0410 1060
SKT40L05 Snow gun T40 AL 480V 60Hz w.compr. 40 13 0412 1060
SKT40L05 Snow gun T40 AL 480V 60Hz w.compr. 40 13 0415 1060
SKT40L05 Snow gun T40 AL 480V 60Hz w.compr. 40 13 0418 1060

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS: 52504159-CT-0  11979 - LAKELAND BANK - EOUI    Lakeland Bank    File with: Secretary of State, CT    17648

## CT Lien Solutions
## UCC Search Report

The following represents a listing of the documentation you requested through a search of effective UCC filings recorded in the Office of the Secretary of State of Connecticut. Variations of the Name and Address of the search key may appear on this report as a result of the search findings and your individual request for that information.

Because CT Lien Solutions cannot independently verify the accuracy of the public information maintained by the responsible government agency or other sources of this data, we make no guaranties, representations or warranties as to the accuracy or completeness of this report. In addition, we cannot verify whether any personal identifiable information (such as social security numbers or similar personal information ) is included in these results, and to the extent such personally identifiable information is included, you agree that you will not use such information in violation of any applicable law. CT Lien Solutions cannot and does not accept any liability for delays, errors or omissions in the information provided, nor do we accept any liability with respect to the disclosure or your use of any information or record that may include personally identifiable information.

CT Lien Solutions is not an insurer with regard to this information or these services. Under no circumstances shall CT Lien Solutions be liable for any loss of underlying collateral or loss (or decreased priority) of security interest in connection with this information or these services. Any categorization of search results is provided for convenience only and is not to be construed as a legal opinion concerning the status of filings.

**THIS DATA IS FOR INFORMATION PURPOSES ONLY. CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE APPROPRIATE OFFICE OF THE STATE OF CONNECTICUT. THIS DATA IS NOT AN OFFICIAL RECORD OF THE STATE OF CONNECTICUT.**

This report reflects records effective 01/26/2016

| | |
|---|---|
| **Order No** | 5246B483 |
| **User Name** | KAREN AMOROSI |
| **lease num** | 17648 |
| | Ref2 |
| | Ref3 |
| | Ref4 |
| **Ref5** | Ref5 |
| **Ref6** | Ref8 |
| **Ref7** | Ref7 |
| **Law Firm Bill Code** | legalbillcode |

**State of Connecticut UCC Debtor Name Search results performed on the following Search Key
Name = HERMITAGE INN REAL ESTATE HOLDING
Exp./Term. Liens = No**

**Active**

1  0002961631 Orig Fin Stmt filed on 10/15/2013 at 08:30A
   expires on 10/15/2018
   **Debtor**    HERMITAGE INN REAL ESTATE HOLDING COMPANY LLC
           10 GATEHOUSE TRAIL
           WEST DOVER VT 05356

   **SecPty**    BERKSHIRE BANK
           1259 E. COLUMBUS AVENUE
           SUITE 301
           SPRINGFIELD MA 01105

2  0003021288 Orig Fin Stmt filed on 10/10/2014 at 04:15P
   expires on 10/10/2019
   **Debtor**    HERMITAGE INN REAL ESTATE HOLDING COMPANY LLC
           29 SOUTH MAIN STREET, SUITE 327
           WEST HARTFORD CT 06107

Uniform Commercial Code-HERMITAGE INN REAL ESTATE HOLDING                    Page 2 of 2

SecPty         INTERNATIONAL FINANCIAL SERVICES CORPORATION
               1113 S. MILWAUKEE AVENUE
               SUITE 301
               LIBERTYVILLE IL 60048


3   0003021633 Orig Fin Stmt filed on 10/15/2014 at 08:47A
    expires on 10/15/2019
    Debtor      HERMITAGE INN REAL ESTATE HOLDING COMPANY LLC
                PO BOX 2210
                WEST DOVER VT 05356

    SecPty      MACROLEASE CORPORATION
                185 EXPRESS STREET,
                SUITE 100
                PLAINVIEW NY 11803

    0003026131  filed on 11/07/2014 Film# U005370472
    Amend


4   0003026452 Orig Fin Stmt filed on 11/10/2014 at 03:11P
    expires on 11/10/2019
    Debtor      HERMITAGE INN REAL ESTATE HOLDING COMPANY LLC
                29 SOUTH MAIN STREET #327
                WEST HARTFORD CT 06107

    SecPty      RCN CAPITAL, LLC, ATIMA
                75 GERBER ROAD EAST
                WEST WINDSOR CT 06074


Report generated on 02/09/2016 at 10:50 AM CST

[End of Report]

10/11/2013 17:57 617-34...020 HAS BOSTON  PAGE 02/07

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Scott E. Cooper, Esquire
Hinckley, Allen & Snyder
28 State Street
Boston, MA 02109

FILING #0002961631 PG 01 OF 06 VOL U-00502
FILED 10/15/2013 08:30 AM PAGE 00562
SECRETARY OF THE STATE
CONNECTICUT SECRETARY OF THE STATE

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| HERMITAGE INN REAL ESTATE HOLDING COMPANY LLC | | | | |
| OR 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 10 Gatehouse Trail | West Dover | VT | 05356 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| BERKSHIRE BANK | | | | |
| OR 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 1259 E. Columbus Avenue, Suite 301 | Springfield | MA | 01105 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

For a description of collateral see Schedule A and Exhibit A annexed hereto and incorporated by reference herein.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility
6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Filed with: Connecticut Secretary of State

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

10/11/2013  17:57   617-34■■■28          HAS BOSTON    ●               PAGE  03/07

## SCHEDULE A

### UNIFORM COMMERCIAL CODE
### FINANCING STATEMENT

### STATE OF CONNECTICUT

DEBTOR:

Hermitage Inn Real Estate Holding Company LLC
10 Gatehouse Trail
West Dover, VT 05356

SECURED PARTY:

Berkshire Bank
1259 East Columbus Avenue, Suite 301
Springfield, MA 01105

The financing statement covers the following types of property:

1.    Personal Property: All fixtures, machinery, equipment, and other personal
property of every kind, description and nature whatsoever, now or hereafter located
in or upon or affixed to those certain parcels of land located at Haystack Mountain
in Wilmington and Dover, Vermont, and more particularly described in Exhibit "A"
attached hereto (hereinafter called the "Premises") or any and all buildings and/or
improvements now or hereafter constructed on the Premises, including all roadways
and utilities servicing the Premises (collectively, the "Improvements"), or any part
thereof, or now or hereafter used or to be used in connection with any present or
future operation of the Premises, and now owned or hereafter acquired by Debtor,
including, without in any way limiting the generality of the foregoing: any and all (i)
heating, lighting, incinerating, refrigerating, ventilating, air conditioning, air
cooling, lifting, fire extinguishing, plumbing, cleaning, communications and power
equipment and apparatus, (ii) gas, water and electrical equipment, (iii) elevators,
escalators, switchboards, engines, motors, tanks, pumps, partitions, conduits, ducts
and compressors, and (iv) electrical and/or gas appliances, incinerators, carpeting,
furniture and furnishings, draperies, storm windows and doors, screens, blinds and
awnings, vending machines, televisions, video and audio equipment, restaurant and
bar equipment and fixtures, pool and recreational equipment, and ski rental
equipment; and any and all renewals of, replacements, accessions or additions to,
substitutions for and proceeds of any and all of the foregoing; it being understood
that all such fixtures, machinery, apparatus, equipment and other personal
property are a part of and are declared to be a portion of the security, whether
physically attached to the Improvements or not, but expressly excluding ski lifts.

#52034473v1

FILING #0002961631 PG  02 OF  06 VOL U-00502
FILED 10/15/2013 08:30 AM PAGE  00563
SECRETARY OF THE STATE
CONNECTICUT SECRETARY OF THE STATE

10/11/2013 FRI 18:04 [TX/RX NO 8075] ☑003

10/11/2013  17:57   617-34█████020     HAS BOSTON          PAGE  04/87

FILING #0002961631 PG  03 OF  06 VOL U-00502
FILED 10/15/2013 08:30 AM PAGE  00564
SECRETARY OF THE STATE
CONNECTICUT SECRETARY OF THE STATE

2.      Inventory and Accounts. All inventory, accounts, cash receipts, revenue, income, deposit accounts, accounts receivable and general intangibles (including, without limitation, all membership fees and dues, whether for skiing or other programs or facilities (and by whatever name called), revenue, income and receivables arising from the use or operation of any restaurant, bar, vending machines and recreational facilities located on or about the Premises and all other payments received or due from members of "The Hermitage Club at Haystack Mountain" or any other users of the facilities located on the Premises (the parties hereto hereby agreeing that any and all payments described in this parenthetical clause are to be regarded as "proceeds, product, offspring, rents or profits" as defined in and for purposes of Section 552(b) of the United States Bankruptcy Code, as amended), all contracts and contract rights, membership agreements, profits, concessions, cash, receipts, bank accounts, escrow funds and accounts, construction funds and refunds of taxes or insurance premiums, payment intangibles, software, chattel paper (whether electronic or tangible), instruments, documents, promissory notes, drafts, letters of credit, letter of credit rights, and any other rights to the payment of money.

3.      Books and Records: All records and books of account now or hereafter maintained by Debtor in connection with the operation of the Premises and the Improvements and/or the aforelisted personal property.

4.      Name and Goodwill: The right, in the event of foreclosure of the Premises to take and use the name under which all or any part of the Premises is then being operated alone or in any variation thereof or in combination with other words, including, without limitation, the name "The Hermitage Club at Haystack Mountain", together with all trade names, trademarks and service marks, logos and goodwill arising from the ownership, management, leasing, operation, sale or disposition of all or any part of the Premises or any business now or hereafter conducted thereon.

5.      Leases and Rents: All rents, issues, profits and revenues derived from the Premises and all leases or occupancy agreements entered into with respect thereto and all tenant security deposits, whether in the form of cash, letter of credit or otherwise.

6.      Condemnation Awards and Insurance Proceeds: The proceeds of all condemnation awards and all insurance policies carried with respect to the Premises.

7.      Licenses: Any and all franchises, licenses and permits, whether issued by a governmental authority or otherwise, relating to construction on the Premises or any part thereof, or the use, management, operation or occupancy of the Premises

#52034473v1                              2

and Improvements or any part thereof or any business conducted thereon (including, without limitation, (i) any property management agreements or service contracts and (ii) all permits and licenses now or hereafter obtained by on or behalf of Debtor in connection with the sale of food and beverage, including alcoholic beverages, on the Premises).

8.  Construction Contracts and Plans. Any and all contracts with contractors, subcontractors, architects, engineers, draftsmen and the like, whether written or oral, with respect to the construction of the Improvements and all plans, drawings and specifications in connection therewith.

9.  Sales Contracts. Any and all contracts, whether now existing or hereafter arising, for the sale of all or any portion of the Premises, or any lot or unit comprising a portion thereof, and all deposits held by or for the benefit of Debtor in connection therewith.

10. Hedge Receivables. All right, title and interest of Debtor in and to any and all agreements or instruments evidencing any of the Hedge Obligations and each transaction entered into thereunder (including, without limitation, all amounts payable or distributable thereunder) and all proceeds of the foregoing in whatever form received, in each case whether now owned or hereafter acquired. As used herein, the term "Hedge Obligations" shall mean all liabilities and obligations of Debtor (or any affiliate of Debtor) to Secured Party (or any affiliate of Secured Party) under any interest rate swap agreement, interest rate cap agreement, interest rate collar agreement or similar interest rate protection agreement between Debtor (or any affiliate of Debtor) and Secured Party (or any affiliate of Secured Party) designed to protect against fluctuations in interest rates or currency exchange rates.

Debtor is the record owner of the Premises described in Exhibit "A" attached hereto.

```
FILING #0002961631 PG  04 OF  06 VOL U-00502
      FILED 10/15/2013 08:30 AM PAGE   00565
                SECRETARY OF THE STATE
    CONNECTICUT SECRETARY OF THE STATE
```

10/11/2013  17:57    617-34█████20              HAS BOSTON                PAGE  06/07

## EXHIBIT A

## LEGAL DESCRIPTION

**Base Lodge Parcel**

Being part of the same lands and premises conveyed from Hermitage Inn Real Estate Holding Company LLC to Hermitage Inn Real Estate Holding Company LLC by deed dated August 15, 2012 and recorded August 17, 2012 in Book 296, Pages 328-329 of the Wilmington, Vermont Land Records and Book 318, Pages 144-145 of the Dover, Vermont Land Records.

Being part of the same lands and premises conveyed to Hermitage Inn Real Estate Holding Company LLC by Warranty Deed of Alt Charities, Inc. dated October 7, 2011 and recorded October 21, 2011 in Book 289, Pages 122-158 of the Wilmington, Vermont Land Records and recorded October 28, 2011 in Book 305, Pages 126-162 of the Dover, Vermont Land Records.

The premises are more particularly described as follows:

Beginning at a point marked by an iron pin on the east side of the roadway known as Chamonix Trail, said pin marking the southeast corner of the parcel conveyed herein and being along the westerly boundary of the lands known as Chamonix Townhouse Village; thence N 14° 26' 50" W a distance of 90.18 feet to a point; thence N 07° 19' 04" W a distance of 48.75 feet to a point; thence N 00° 00' 00" E a distance of 135.40 feet to a point; thence N 00° 03' 52° E a distance of 80.00 feet to a point marked by an iron pin marking the northeast corner of the parcel conveyed herein; thence 90° 00' 00" W a distance of 320.00 feet to a point marking the northwest corner of the parcel conveyed herein; thence S 00° 00' 00" E a distance of 333.25 feet to a point marked by an iron pin marking the southwest corner of the lands conveyed herein; thence S 87° 04' 49" E a distance of 349.06 feet to the point and place of beginning; said parcel containing 2.55 acres, more or less.

Reference may be made to a survey entitled "Proposed Subdivision for Hermitage Inn Real Estate Holding Company, BASE LODGE PARCEL 2.55 acres, Chamonix Trail" dated 4/12/13, prepared by Joyce Land Surveying Corp., and recorded at Slide _____ of the Wilmington, Vermont Land Records and at Slide _____ of the Dover, Vermont Land Records.

Also including a roadway easement and right of way and parking easement as appurtenant to said parcel.

**Kingsley Lot**

Being part of the lands and premises conveyed to Hermitage Inn Real Estate Holding Company by deed of Hermitage Inn Real Estate Holding Company LLC dated March 5, 2009 and recorded March 11, 2009 at Book 285, Page 110 of the Dover, Vermont Land Records.

Beginning at a point marked by an iron pin, said pin being S 84° 36' 33" E a distance of 240.06 feet from the northwesterly corner of the Hermitage Inn (25 +/- acre parcel), said pin marking the southeast corner of the lands herein conveyed; thence N 05° 23' 27" E a distance of 467.40 feet to a point marked by an iron pin marking the northwest corner of the lands conveyed herein; thence S 84° 36' 38" E a distance of 466.0 feet to a point marked by an iron pin marking the northeast corner of the lands

FILING #0002961631 PG  05 OF  06 VOL U-00502
FILED 10/15/2013 08:30 AM PAGE  00566
SECRETARY OF THE STATE
CONNECTICUT SECRETARY OF THE STATE

10/11/2013 FRI 18:04 [TX/RX NO 8075] Ø006

conveyed herein; thence S 05° 23' 27" W a distance of 467.40 feet to a point marked by an iron pin marking the southeast corner of the lands conveyed herein; thence N 84° 36' 33" W a distance of 181.14 feet to a point marking the center line of the right of way leading to the premises herein; thence N. 84° 36' 33" W a distance of 284.86 feet to the point and place of beginning, said parcel containing 5.00 acres.

Reference is hereby made to "Survey Plat prepared for the Hermitage Inn Real Estate Holding Company LLC – 5 acre Release of Development Rights and Conservation Restrictions Grants to the Vermont Land Trust" dated February 18, 2013 and recorded at Slide # 483B of the Dover, Vermont Land Records; prepared by Joyce Land Surveying.

Also including an easement and right of way for ingress and egress for vehicles and for general utilities.

```
FILING #0002961631 PG  06 OF  06 VOL U-00502
    FILED 10/15/2013 08:30 AM PAGE  00567
         SECRETARY OF THE STATE
  CONNECTICUT SECRETARY OF THE STATE
```



**SECRETARY OF THE STATE OF CONNECTICUT**
**UCC-1 FINANCING STATEMENT**

```
FILING #0003021288   PG 1 OF 3
     VOL   00534   PAGE   1739
   FILED ON 10/10/2014 04:15 PM
SECRETARY OF THE STATE OF CONNECTICUT
```

**1. DEBTOR NAMES AND ADDRESSES:**

BUSINESS NAME : HERMITAGE INN REAL ESTATE HOLDING COMPANY LLC
ADDRESS1 : 29 SOUTH MAIN STREET, SUITE 327
ADDRESS2 :
ADDRESS3 :
CITY/STATE/ZIP : WEST HARTFORD , CT 06107
COUNTRY :

**2. SECURED PARTY NAMES AND ADDRESSES:**

BUSINESS NAME : INTERNATIONAL FINANCIAL SERVICES CORPORATION
ADDRESS1 : 1113 S. MILWAUKEE AVENUE
ADDRESS2 : SUITE 301
ADDRESS3 :
CITY/STATE/ZIP : LIBERTYVILLE , IL 60048
COUNTRY :

**3. ASSIGNOR NAMES AND ADDRESSES:**

NONE

```
FILING #0003021288   PG 2 OF 3
     VOL  00534   PAGE  1740
 FILED ON 10/10/2014 04:15 PM
SECRETARY OF THE STATE OF CONNECTICUT
```

4. This FINANCING STATEMENT covers the following collateral:

LEASE #14-126-01 New Pisten Bully 400 Fleet Groomer with sticks, 4.2 M Kombi tracks with 15mm belts, standard front mount, 4.4
M All way blade, 4.3 M Alpinflex Tiller, Glacier Ice Pick Package on Tracks, Solid Rubber Tires, Magnum Sprockets and all other
accessories and attachments thereto. DEBTOR IS NOT AUTHORIZED AND HAS NO TITLE TO SELL, TRANSFER OR
OTHERWISE CONVEY ANY OF THE FOREGOING COLLATERAL INCLUDING PROCEEDS OF INSURANCE.

```
FILING #0003021288  PG 3 OF 3
       VOL  00534  PAGE  1741
FILED ON 10/10/2014 04:15 PM
SECRETARY OF THE STATE OF CONNECTICUT
```

**5. ALTERNATIVE DESIGNATION (if applicable) :**

- ☐ LESSEE/LESSOR
- ☐ CONSIGNEE/CONSIGNOR
- ☐ BAILEE/BAILOR
- ☐ SELLER/BUYER
- ☒ NONE

**6. DEBTOR IS (if applicable) :**

- ☐ TRUST
- ☐ TRUSTEE ACTING WITH RESPECT TO PROPERTY HELD IN TRUST
- ☐ DESCENDANT'S ESTATE
- ☒ NONE

**7. Check only if applicable :**

- ☐ Debtor is a TRANSMITTING UTILITY
- ☐ Filed in connection with Public Finance Transaction
- ☒ NONE

**8. OPTIONAL FILER REFERENCE DATA :**

CT-0-45247308

 **SECRETARY OF THE STATE OF CONNECTICUT**
**UCC-1 FINANCING STATEMENT**

FILING #0003021633   PG 1 OF 3
VOL  00534  PAGE  2341
FILED ON 10/15/2014 08:47 AM
SECRETARY OF THE STATE OF CONNECTICUT

**1. DEBTOR NAMES AND ADDRESSES:**

BUSINESS NAME : HERMITAGE INN REAL ESTATE HOLDING COMPANY LLC
ADDRESS1 : PO BOX 2210
ADDRESS2 :
ADDRESS3 :
CITY/STATE/ZIP : WEST DOVER , VT  05356
COUNTRY :

**2. SECURED PARTY NAMES AND ADDRESSES:**

BUSINESS NAME : MACROLEASE CORPORATION
ADDRESS1 : 185 EXPRESS STREET,
ADDRESS2 : SUITE 100
ADDRESS3 :
CITY/STATE/ZIP : PLAINVIEW , NY  11803
COUNTRY :

**3. ASSIGNOR NAMES AND ADDRESSES:**

NONE



```
FILING #0003021633   PG 2 OF 3
      VOL  00534   PAGE  2342
   FILED ON 10/15/2014 08:47 AM
SECRETARY OF THE STATE OF CONNECTICUT
```

4. This FINANCING STATEMENT covers the following collateral:

Equipment listed below made part of Lease Agreement #26397 dated 10/8/14 between Debtor as Lessee and Secured Party as Lessor. Equipment Location: 183 Gatehouse Trail, Wilmington, VT 05363 Vendor: New England Fitness Two (2) Paramount Flat / Incline / Decline Bench One (1) Collegiate Series Half Rack 8? One (1) Collegiate Series Platform w/Extension & Logo One (1) Precor FTS Glide Functional Strength Trainer One (1) Precor Leg Press Vitality Line Six (6) UMAX 45lb Urethane Olympic Grip Plate Four (4) UMAX 25lb Urethane Olympic Grip Plate Four (4) UMAX 10lb Urethane Olympic Grip Plate Four (4) UMAX 5lb Urethane Olympic Grip Plate Two (2) UMAX 2.5lb Urethane Olympic Grip Plate One (1) UMAX 7? Black 1500lb Olympic Bar One (1) UMAX 5? Olympic Hard Chrome Curl Bar Two (2) UMAX Olympic Spring Collar Two (2) Paramount 3 Tier Flat Tray Dumbbell Rack One (1) Troy 5-50lb Rubber Hex Dumbbell One (1) Paramount Low Back / Abdominal Bench Six (6) Precor TRM 885 Treadmill V2 One (1) Precor AMT 885 AMT Open Stride Three (3) Precor EFX 885 Dual Action w/Adjustable Cross Ramp Two (2) Precor UBK 885 Upright Cycle Two (2) Precor RBK 885 Recumbent Cycle Sixteen (16) Precor Reading Rack for P80 Console One (1) Precor Exinda Cache Server One (1) Precor Preva Token Kit Two (2) Expresso HD Upright Bike Two (2) ELIVE 3 Years One (1) Expresso Surge Protector (2 Outlet) Ten (10) Keiser M3i Cycle w/Computer Two (2) Power Systems Elite Power Med Ball 4lb Two (2) Power Systems Elite Power Med Ball 6lb Two (2) Power Systems Elite Power Med Ball 8lb Two (2) Power Systems Elite Power Med Ball 10lb Two (2) Power Systems Elite Power Med Ball 12lb One (1) Power Systems Double Med Ball Tree One (1) Troy 5lb Rubber Hex Dumbbell One (1) Troy 8lb Rubber Hex Dumbbell One (1) Troy 10lb Rubber Hex Dumbbell One (1) Troy 12lb Rubber Hex Dumbbell One (1) Troy 15lb Rubber Hex Dumbbell One (1) Troy 20lb Rubber Hex Dumbbell One (1) Power Systems Premium Kettle Bell 5lb One (1) Power Systems Premium Kettle Bell 8lb Two (2) Power Systems Premium Kettle Bell 10lb Two (2) Power Systems Premium Kettle Bell 12lb One (1) Power Systems Premium Kettle Bell 15lb One (1) Power Systems Speed Rope 9ft One (1) Power Systems Speed Rope 7? Two (2) Power Systems Versa Ball 55cm Two (2) Power Systems Versa Ball 65cm One (1) Power Systems Personal Hand Pump One (1) Power Systems The Beast Slastix Battle Rope One (1) Power Systems Bosu Ultimate Training Kit Two (2) TRX Suspension Training Pro Pack Ten (10) Power Systems Premium Yoga Mat Five (5) Power Systems Yoga Block 3? Five (5) Power Systems Yoga Block 4? One (1) Fitness Mat Cart Four (4) Power Systems High Density Foam Roller Four (4) Power Systems Versa Tube Light Four (4) Power Systems Versa Tube Medium Four (4) Power Systems Versa Tube Heavy One (1) Power Systems Premium Standing Rack Vendor: Balanced Body Two (2) A2 Reformer, 14? Two (2) Allegro 2 Sitting Box & Footst Two (2) Allegro 2 Padded Footplate Vendor: Wellbeats One (1) Wellbeats Wall Mount Kiosk One (1) Bundle Package Plus all parts, attachments, appendages, substitutions and modifications thereon.

```
FILING #0003021633  PG 3 OF 3
     VOL  00534  PAGE  2343
FILED ON 10/15/2014 08:47 AM
SECRETARY OF THE STATE OF CONNECTICUT
```

**5. ALTERNATIVE DESIGNATION (if applicable) :**

☐ LESSEE/LESSOR
☐ CONSIGNEE/CONSIGNOR
☐ BAILEE/BAILOR
☐ SELLER/BUYER
☒ NONE

**6. DEBTOR IS (if applicable) :**

☐ TRUST
☐ TRUSTEE ACTING WITH RESPECT TO PROPERTY HELD IN TRUST
☐ DESCENDANT'S ESTATE
☒ NONE

**7. Check only if applicable :**

☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with Public Finance Transaction
☒ NONE

**8. OPTIONAL FILER REFERENCE DATA :**



**SECRETARY OF THE STATE OF CONNECTICUT**
**UCC-3 FINANCING STATEMENT AMENDMENT**

FILING #0003026131   PG 1 OF 2
VOL   00537   PAGE   0472
FILED ON 11/07/2014 12:44 PM
SECRETARY OF THE STATE OF CONNECTICUT

---

**1. INITIAL FINANCING STATEMENT FILE # :**

0003021633

---

**2. ☐ TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the secured party authorizing this termination statement.

---

**3. ☐ CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the secured party authorizing this continuation statement is continued for the additional period provided by applicable law.

---

**4. ☐ ASSIGNMENT**(full or partial): Give name of assignor at point 7.

---

**5. ☑ AMENDMENT(PARTY INFORMATION) :**

**5.1 This Amendment Affects :**

☐ Debtor    ☐ Secured Party

☐ Added    ☐ Deleted    ☐ Change

---

**6. ☑ AMENDMENT (COLLATERAL CHANGE): (Check only one box)**

☐ Added    ☐ Deleted    ☑ Restated    ☐ Assigned

---

**7. NAME OF PARTY OF RECORD AUTHORIZING THIS AMENDMENT :** ((name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor). ☐

MACROLEASE CORPORATION

---

**8. OPTIONAL FILER REFERENCE DATA :**



```
FILING #0003026131  PG 2 OF 2
VOL  00537  PAGE  0473
FILED ON 11/07/2014 12:44 PM
SECRETARY OF THE STATE OF CONNECTICUT
```

**9. Amendment (Collateral Change Description):**

Equipment restated below to include serial numbers made part of Lease Agreement #26397 dated 10/8/14 between Debtor as Lessee and Secured Party as Lessor. Equipment Location: 183 Gatehouse Trail, Wilmington, VT 05363 Vendor: New England Fitness Two (2) Paramount Flat / Incline / Decline Bench One (1) Collegiate Series Half Rack 8? One (1) Collegiate Series Platform w/Extension & Logo One (1) Precor FTS Glide Functional Strength Trainer One (1) Precor Leg Press Vitality Line Six (6) UMAX 45lb Urethane Olympic Grip Plate Four (4) UMAX 25lb Urethane Olympic Grip Plate Four (4) UMAX 10lb Urethane Olympic Grip Plate Four (4) UMAX 5lb Urethane Olympic Grip Plate Two (2) UMAX 2.5lb Urethane Olympic Grip Plate One (1) UMAX 7? Black 1500lb Olympic Bar One (1) UMAX 5? Olympic Hard Chrome Curl Bar Two (2) UMAX Olympic Spring Collar Two (2) Paramount 3 Tier Flat Tray Dumbbell Rack One (1) Troy 5-50lb Rubber Hex Dumbbell One (1) Paramount Low Back / Abdominal Bench Six (6) Precor TRM 885 Treadmill V2 S/N: AGNBI23140064, AGNBI23140063, AGNBI19140132, AGNBI19140133, AGNBI19140131, AGNBI23140065 One (1) Precor AMT 885 AMT Open Stride S/N: AJTEI04140052 Three (3) Precor EFX 885 Dual Action w/Adjustable Cross Ramp S/N: ADFXI04140024, ADFXI04140019, ADFXI04140020 Two (2) Precor UBK 885 Upright Cycle S/N: AYZGI16140029, AYZGI16140036 Two (2) Precor RBK 885 Recumbent Cycle S/N: AXHGI15140012, AXHGI15140013 Sixteen (16) Precor Reading Rack for P80 Console One (1) Precor Exinda Cache Server One (1) Precor Preva Token Kit Two (2) Expresso HD Upright Bike S/N: HDU00022325, HDU00022324 Two (2) ELIVE 3 Years One (1) Expresso Surge Protector (2 Outlet) Ten (10) Keiser M3i Cycle w/Computer Two (2) Power Systems Elite Power Med Ball 4lb Two (2) Power Systems Elite Power Med Ball 6lb Two (2) Power Systems Elite Power Med Ball 8lb Two (2) Power Systems Elite Power Med Ball 10lb Two (2) Power Systems Elite Power Med Ball 12lb One (1) Power Systems Double Med Ball Tree One (1) Troy 5lb Rubber Hex Dumbbell One (1) Troy 8lb Rubber Hex Dumbbell One (1) Troy 10lb Rubber Hex Dumbbell One (1) Troy 12lb Rubber Hex Dumbbell One (1) Troy 15lb Rubber Hex Dumbbell One (1) Troy 20lb Rubber Hex Dumbbell One (1) Power Systems Premium Kettle Bell 5lb One (1) Power Systems Premium Kettle Bell 8lb Two (2) Power Systems Premium Kettle Bell 10lb Two (2) Power Systems Premium Kettle Bell 12lb One (1) Power Systems Premium Kettle Bell 15lb One (1) Power Systems Speed Rope 9ft One (1) Power Systems Speed Rope 7? Two (2) Power Systems Versa Ball 55cm Two (2) Power Systems Versa Ball 65cm One (1) Power Systems Personal Hand Pump One (1) Power Systems The Beast Slastix Battle Rope One (1) Power Systems Bosu Ultimate Training Kit Two (2) TRX Suspension Training Pro Pack Two (2) BOSU Training Kit Ten (10) Power Systems Premium Yoga Mat Five (5) Power Systems Yoga Block 3? Five (5) Power Systems Yoga Block 4? One (1) Fitness Mat Cart Four (4) Power Systems High Density Foam Roller Four (4) Power Systems Versa Tube Light Four (4) Power Systems Versa Tube Medium Four (4) Power Systems Versa Tube Heavy One (1) Power Systems Premium Standing Rack On (1) Well Beats Projection System Twelve (12) Well Beats Attract Bundle Package Two (2) Balanced Body A2 Reformer, 14? Two (2) Balanced Body Allegro 2 Sitting Box & Footstep Two (2) Balanced Body Allegro 2 Padded Footplate Plus all parts, attachments, appendages, substitutions and modifications thereon.



```
FILING #0003026452  PG 3 OF 3
    VOL  00537  PAGE  1026
 FILED ON 11/10/2014 03:11 PM
SECRETARY OF THE STATE OF CONNECTICUT
```

**5. ALTERNATIVE DESIGNATION (if applicable) :**

- ☐ LESSEE/LESSOR
- ☐ CONSIGNEE/CONSIGNOR
- ☐ BAILEE/BAILOR
- ☐ SELLER/BUYER
- ☑ NONE

**6. DEBTOR IS (if applicable) :**

- ☐ TRUST
- ☐ TRUSTEE ACTING WITH RESPECT TO PROPERTY HELD IN TRUST
- ☐ DESCENDANT'S ESTATE
- ☑ NONE

**7. Check only if applicable :**

- ☐ Debtor is a TRANSMITTING UTILITY
- ☐ Filed in connection with Public Finance Transaction
- ☑ NONE

**8. OPTIONAL FILER REFERENCE DATA :**






**SECRETARY OF THE STATE OF CONNECTICUT**
**UCC-1 FINANCING STATEMENT**

```
FILING #0003026452  PG 1 OF 3
    VOL  00537  PAGE  1024
  FILED ON 11/10/2014 03:11 PM
SECRETARY OF THE STATE OF CONNECTICUT
```

**1. DEBTOR NAMES AND ADDRESSES:**

> BUSINESS NAME : HERMITAGE INN REAL ESTATE HOLDING COMPANY LLC
> ADDRESS1 : 29 SOUTH MAIN STREET #327
> ADDRESS2 :
> ADDRESS3 :
> CITY/STATE/ZIP : WEST HARTFORD , CT 06107
> COUNTRY :

**2. SECURED PARTY NAMES AND ADDRESSES:**

> BUSINESS NAME : RCN CAPITAL, LLC, ATIMA
> ADDRESS1 : 75 GERBER ROAD EAST
> ADDRESS2 :
> ADDRESS3 :
> CITY/STATE/ZIP : WEST WINDSOR , CT  06074
> COUNTRY :

**3. ASSIGNOR NAMES AND ADDRESSES:**

NONE

FILING #0003026452  PG 2 OF 3
VOL  00537  PAGE  1025
FILED ON 11/10/2014 03:11 PM
SECRETARY OF THE STATE OF CONNECTICUT

**4. This FINANCING STATEMENT covers the following collateral:**

All real and personal, tangible and intangible property now owned or hereafter acquired, of whatever kind and nature and wherever located, together with all proceeds, products, replacements and renewals thereof, including without limitation account receivables, accounts and other rights to the payment of money, including without limitation the proceeds, accounts and account receivables, profits or other forms of consideration of any kind at any time now or hereafter owing(whether classified as accounts, contract rights, chattel paper, general intangibles or otherwise), instruments, notes, claims, chattel paper, contract rights, books, records, choses in action, computer software and hardware, license and contract rights and other types of obligations arising therefrom, inventory, parts, accessories, machinery, equipment, appliances, furniture, fixtures, real property, intellectual property, proprietary rights, general intangibles, trade secrets, other tangible and intangible property, patents, trademarks, all indebtedness, the instruments evidencing the indebtedness and all interest, cash, instruments and other property from time to time received, receivable or otherwise distributed in respect of or in exchange for all or any of the indebtedness, all shares of capital stock and rights and interests, whether or not represented by certificates and all dividends, cash, profits, instruments and other property from time to time received, receivable or otherwise distributed in respect or in exchange for any of the shares, rights or interest, and all cash, future credit balances and reserves, goods, merchandise, and any and all other property in its possession or in any affiliates possession. All terms not otherwise defined herein shall have the meanings, if any, ascribed to them in the Connecticut Uniform Commercial Code; or other jurisdiction where the collateral is located. Hermitage Inn Real Estate Holding Company LLC, Stag?s Leap Lots and Townhomes, Haystack Ski Area, 20 Stag?s Leap, 17 Stag?s Leap, 8 Hayloft Lane, 12 Stag?s Leap Lane, 6 Hayloft Lane, 19 Stag?s Leap Lane, 21 Stag?s Leap Lane, 23 Stag?s Leap Lane, 11 Hayloft Lane & 14 Stag?s Leap Lane, Wilmington, Vermont, Town of Wilmington Tax ID#: HSSTAGLP.H04, HSSTAGLP.H03, HSSTAGLP.H09, HSSTAGLP.DP3, HSSTAGLP.DP4, HSSTAGLP.DP1, HSSTAGLP.DP2, HSSTAGLP.H06, HSSTAGLP.H08, HSSTAGLP.H07



May 18, 2018

**<u>VIA FEDERAL EXPRESS</u>**

Hermitage Inn Real Estate Holding Company LLC
10 Gatehouse Trail
Wilmington, VT 05363
Attn: James Barnes

Re:     **Hermitage Inn Real Estate Holding Company LLC**
         **Equipment Lease No.: I20677A**

Dear Mr. Barnes:

This firm represents Lakeland Bank in connection with an equipment lease to Hermitage Inn Real Estate Holding Company LLC ("Hermitage") in the original principal amount of $900,000 (the "Lease"). Lakeland Bank holds a Conditional Sales Contract issued by Hermitage dated February 9, 2016 (the "Sales Contract") for the snow making equipment set forth on Schedule A thereto (the "Equipment"). Lakeland Bank's purchase money security interests in the Equipment were perfected by filing a UCC-1 financing statement with the Secretary of State of the State of Connecticut on February 16, 2016 as file number 0003103361.

The Sales Contract requires Hermitage to pay Lakeland Bank 60 monthly installments of $18,455.00 each due on the 24th of each month.

Hermitage's obligations to Lakeland Bank are further guaranteed pursuant to a Equipment Contract Guaranty (the "Guaranty") executed by James Barnes (the "Guarantor"). The Sales Contract, the Guaranty, as well as all other documents executed in connection with the Lease are collectively referred to herein as the "Lease Documents". Hermitage and the Guarantor are collectively referred to herein as the "Obligors".

The Sales Contract defines events of default to include failure to make any payment when due. Hermitage is in breach of, and in default under the Sales Contract due to, *inter alia,* the failure to make the payment due on January 24, 2018 and thereafter.

E-mail: gillian.woolf@leclairryan.com
Admitted in MA, NY, NH, VT
Direct Phone: (857) 305-4415
Direct Fax: (617) 502-5723

60 State Street, Twenty-Third Floor
Boston, Massachusetts 02109
Phone: (617) 502-8200 \ Fax: (617) 502-8201

CALIFORNIA \ COLORADO \ CONNECTICUT \ DELAWARE \ GEORGIA \ MARYLAND \ MASSACHUSETTS \ MICHIGAN \ NEVADA \ NEW JERSEY
NEW YORK \ PENNSYLVANIA \ RHODE ISLAND \ TEXAS \ VIRGINIA \ WASHINGTON, D.C.

ATTORNEYS AT LAW \ WWW.LECLAIRRYAN.COM

Hermitage Inn Real Estate Holding Company LLC
May 18, 2018
Page 2

Based upon the foregoing, Lakeland Bank hereby declares the Sales Contract to be in default, accelerates all amounts due under the Sales Contract and demands immediate payment of the balance due.

The total amount due to Lakeland Bank from the Obligors through May 24, 2018 is the sum of $674,435.52. This does not include Lakeland Bank's attorney's fees and other costs of collection, which will be provided when this Lease is paid off.

The breaches and defaults of Obligors include, but are not necessarily limited to those outlined above. Lakeland Bank hereby specifically reserves any and all rights, remedies, arguments, and claims it may have against Obligors in addition to those asserted herein and the failure to note or reference any claim or conduct herein shall not be construed as a waiver thereof.

Lakeland Bank reserves the right to exercise, in such order as Lakeland Bank elects, any one or more of the remedies available to Lakeland Bank pursuant to the Lease Documents or otherwise at law or in equity including, without limitation, foreclosing on the collateral securing the Lease, and nothing contained in this letter shall constitute a waiver of any rights of Lakeland Bank to pursue such rights and remedies.

Any negotiations between Obligors and Lakeland Bank shall not constitute a waiver of Lakeland Bank's right to exercise its rights and remedies under the Lease Documents or otherwise at law or in equity, or such other rights and remedies described in this letter. Any such waiver shall not be effective unless set forth in writing, duly executed by an authorized representative of Lakeland Bank.

Obligors shall not be entitled to rely upon any verbal statements made or purported to be made by or on behalf of Lakeland Bank in connection with any alleged agreement by or on behalf of Lakeland Bank to refrain from exercising any of its rights under the Lease Documents or otherwise at law or in equity. No past or future delay or omission in the exercise of any right or remedy accruing to Lakeland Bank as a result of any default is intended to constitute a waiver of any right or remedy accruing to Lakeland Bank as a result of that default or any other default.

Any future discussion between Obligors and Lakeland Bank, if any, shall not cause a modification of any Lease Document, establish a custom or waive, limit or condition the rights and remedies of Lakeland Bank under the Lease Documents, all of which rights and remedies are expressly reserved. Lakeland Bank may avail itself of any and all remedies available to it under the Lease Documents, reserving the right to exercise such remedies from time to time in its sole discretion.

Hermitage Inn Real Estate Holding Company LLC
May 18, 2018
Page 3

Be guided accordingly.

Very truly yours,

Gillian A. Woolf

cc:     James Barnes (FedEx Overnight Mail)



ORIGIN ID:LWMA    (973) 491-3600
GILLLIAN A WOOLF, ESQ.
LECLAIRRYAN
60 STATE STREET, 23RD FLOOR

BOSTON, MA 02109
UNITED STATES US

SHIP DATE: 18MAY18
ACTWGT: 0.25 LB
CAD: 100184277/SINET3980

TO HERMITAGE INN REAL ESTATE
HOLDING COMPANY LLC
10 GATEHOUSE TRAIL
ATTN: JAMES BARNES
WILMINGTON VT 05363
(973) 491-3484

INV
PO
REF: 3764/1055
DEPT: 5917

BILL SENDER

TRK# 7722 6938 1580
0201

SE BAFA

MON - 21 MAY 4:30P
PRIORITY OVERNIGHT

05363
VT-US     BDL

FedEx Express

J181118012681/uv

552.12/782B/DCA5

After printing this label:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.