UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In re:

Hermitage Inn Real Estate Holding Co., LLC

Putative Debtor.

Chapter 7
Invol. Case No. 19-10214

**UNITED STATES TRUSTEE'S STATEMENT REGARDING
EMERGENCY MOTION OF
BERKSHIRE BANK PURSUANT TO 11 USC § 303**

TO:   HON. COLLEEN A. BROWN,
      CHIEF UNITED STATES BANKRUPTCY JUDGE

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), hereby files this statement in response to the Court's Order entered May 24, 2019. ECF Doc 9. The United States Trustee, through his undersigned counsel, states as follows:

1.   On May 22, 2019, in the District of Vermont, an involuntary petition for relief under chapter 7 was filed against Hermitage Inn Real Estate Holding Company, LLC ("Putative Debtor") by petitioning creditors Bobbi Resek, Dan Solaz, and Lakeland Bank ("Petitioning Creditors").

2.   According to the Summons issued by the Clerk of Court, Jeffrey S. Eaton, the Putative Debtor has 21 days within which to file a motion or answer to the involuntary petition. ECF Doc 4.

3.   On May 28, 2019, the Putative Debtor and the Hermitage Club, LLC ("Hermitage Club") each filed voluntary chapter 11 petitions in the United States Bankruptcy Court for the District of Connecticut, Hartford Division, under Case Nos. 19-20903 (JJT) and 19-20904 (JJT), respectively.

4. Upon information and belief, the Putative Debtor and the Hermitage Club are limited liability companies formed pursuant to the laws of the State of Connecticut and the Hermitage Club is a subsidiary of the Putative Debtor.  The Honorable James J. Tancredi, United States Bankruptcy Judge, has been assigned to the Connecticut cases.

5. The United States Trustee submits that the question of proper venue lies with the court that first obtained jurisdiction over the parties, which is the Bankruptcy Court for the District of Vermont.

6. In order to avoid duplicative litigation, wasting of judicial resources, and the potential for conflicting court decisions, it is generally held that venue in which the first proceeding was pending should be selected where there are competing actions in different venues.  "[W]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." First City Nat'l Bank & Trust v. Simmons, 878 F.2d 76, 79 (2d Cir.1989) *as quoted in* D.H. Blair & Co. v. Gottdiener, 462 F.3d 95 (2d Cir.2006); *see also* New York Marine and General Ins. Co. v. LaFarge North America, Inc., 599 F.3d 102 (2d Cir.2010).

7. The United States Trustee has not yet developed a position regarding the proper situs of venue in the cases.

8. Accordingly, the United States Trustee requests that the Bankruptcy Court for the District of Vermont address the venue question as soon as appropriate to do so.

**WHEREFORE**, the United States Trustee respectfully requests the Court make a determination regarding the proper venue for the above-captioned case, and for such other and further relief as the Court deems just and proper.

Dated: Albany, New York
     May 29, 2019

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: /s/ Lisa M. Penpraze
Lisa M. Penpraze
Assistant United States Trustee
Leo O'Brien Federal Building
11A Clinton Ave, Room 620
Albany, NY 12207
Bar Roll No.: 105165
lisa.penpraze@usdoj.gov
Voice: (518) 434-4553
Fax:   (518) 434-4459