UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF VERMONT

In re:

HERMITAGE INN REAL ESTATE HOLDING
COMPANY, LLC,

Putative Debtor

Case No. 19-10214
Involuntary Chapter 7

**MOTION TO STAY PARTIES IN BANKRUPTCY CASES PENDING IN CONNECTICUT, AND MEMORANDUM IN SUPPORT OF PETITIONING CREDITORS' MOTION TO CONFIRM VENUE OF INVOLUNTARY CHAPTER 7 PROCEEDING AND TO TRANSFER VENUE OF PROCEEDINGS PENDING IN THE BANKRUPTCY COURT FOR THE DISTRICT OF CONNECTICUT**

Now comes Barnstormer Summit Lift, LLC ("Barnstormer"), by and through its attorneys, Phillips, Dunn, Shriver & Carroll, P.C., and files this Motion to Stay Parties in Bankruptcy Cases Pending in Connecticut, and Memorandum in Support of Petitioning Creditors' Motion to Confirm Venue of Involuntary Chapter 7 Proceeding, and to Transfer Venue of Proceedings Pending in the Bankruptcy Court for the District of Connecticut, and in support thereof states as follows:

**Background**

An involuntary petition under Chapter 7 was filed in the captioned matter against Hermitage Inn Real Estate Holding Company, LLC ("HIREHCO") on May 22, 2019.  On May 28, 2019, HIREHCO and Hermitage Club, LLC ("Hermitage Club") filed voluntary chapter 11 petitions in the United States District Court for the District of Connecticut, Hartford Division (cases numbered 19-20903 and 19-20904, respectively, and collectively referred to as the

1

"Connecticut Cases").

Federal Rule of Bankruptcy Procedure 1014(b) addresses the procedure for resolving the inevitable conflicts that would arise from a debtor having two bankruptcy proceedings pending simultaneously in different venues:

> (b) PROCEDURE WHEN PETITIONS INVOLVING THE SAME DEBTOR OR RELATED DEBTORS ARE FILED IN DIFFERENT COURTS.
>
> If petitions commencing cases under the Code or seeking recognition under chapter 15 are filed in different districts by, regarding, or against (1) the same debtor, (2) a partnership and one or more of its general partners, (3) two or more general partners, or (4) a debtor and an affiliate, <u>the court in the district in which the first-filed petition is pending may determine, in the interest of justice or for the convenience of the parties, the district or districts in which any of the cases should proceed</u>. The court may so determine on motion and after a hearing, with notice to the following entities in the affected cases: the United States trustee, entities entitled to notice under Rule 2002(a), and other entities as the court directs. <u>The court may order the parties to the later-filed cases not to proceed further until it makes the determination.</u>  (emphasis added).

**I.    This Court Should Order that the Parties to the Connecticut Cases Not Proceed Further Until This Court Determines Venue**

The first two sentences of Rule 1014(b) anticipate that the Court where the first petition is filed will rule on venue after notice and hearing.  However, the final sentence of Rule 1014(b) allows the Court where the first petition is filed to "order the parties in the later-filed case not to proceed further until it makes a determination" on venue, without the specific requirement of notice and hearing, allowing the Court to issue such an order *sua sponte* or on motion or suggestion by a party.

Barnstormer respectfully submits that this Court should issue an order staying all actions by the parties in the Connecticut Bankruptcy Cases, without requiring notice or opportunity for a hearing, until it issues a decision on this Motion ), and pending its decision (after notice and hearing) on venue.   This will avoid the possibility of inconsistent rulings by this Court and the

2

Connecticut Bankruptcy Court and allow for a reasoned period of consideration, after notice and hearing, of the proper venue.

> II. **This Court Should Retain Jurisdiction Over the Chapter 7 Involuntary Proceeding and Jurisdiction of the Connecticut Bankruptcy Cases Should be Transferred to this Court.**

The factors to be considered in ruling on a Rule 1014(b motion are well settled, and were set out in *In re Malden Mills Industries, Inc.*, 361 B.R. 1, 9 (Bankr. D. Mass. 2007):

> The decision to grant a venue transfer under a Rule 1014(b) rests with the sound discretion of the court and the determination turns on the particular facts of each case. *See In re Desmond,* 2005 WL 1244842, *1 (Bankr. D.N.H. 2005); *In re Raytech Corp.,* 222 B.R. 19, 25 (Bankr.D.Conn.1998) (citations omitted). The movant must show that a venue transfer is warranted by a preponderance of the evidence. *Desmond,* 2005 WL 1244842 at *1 (citations omitted). The "interest of justice" or "convenience of the parties" test under Rule 1014(b) is identical to the test for transferring venue under 28 U.S.C. § 1412 and there are six factors which the court should consider. *See Raytech Corp.,* 222 B.R. at 25. They are:
>
> (1) The proximity of creditors of every kind to the Court;
> (2) The proximity of the bankruptcy (debtor) to the Court;
> (3) The proximity of witnesses necessary to the administration of the estate;
> (4) The location of the assets;
> (5) The economic administration of the estate; and
> (6) The necessity for ancillary administration if bankruptcy should result.

Each of those factors support selection of Vermont as the preferred venue.

Where an involuntary Chapter 7 proceeding predates a voluntary Chapter 11 filing in another district, the debtor bears the burden of proof that the later filed Chapter 11 venue should prevail. *In re Toxic Controls, Inc.,* 84 B.R. 140, 141 (Bankr. N.D. Ind. 1988).

A. **Proximity of creditors**.

The assets of HIREHCO are being foreclosed upon by Berkshire Bank in an action (currently stayed as a result of the involuntary Chapter 7 petition). The foreclosure complaint

3

lists over 30 defendants with liens on HIREHCO's property, virtually all of which (other than investors) are Vermont based entities or individuals. The Court can also take note of the fact that the two major consensual secured creditors, Barnstormer and Berkshire Bank, have counsel in Vermont and both those creditors have expressed their preference for maintaining the case in the first filed jurisdiction. See *Toxic Control, supra*, 84 B.R. at 144.

    B. **Proximity of the debtor**.

While HIREHCO and Hermitage Club are both Connecticut limited liability companies, their only operations are located in Wilmington, Vermont. ("Often, the location of the principal assets so affects the other factors that the location of the Debtor's principal asset becomes a primary influence on the court." *Toxic Controls, supra*, at 143).

    C. **Proximity of the witnesses necessary for administration**.

The property of HIREHCO and Hermitage Club is currently under supervision and control of Alan Tantleff of FTI Consulting, Inc, who was appointed as a receiver by the Windham County Superior Court. The Receiver has, for almost a year, adequately protected, preserved, and administered the property that will form the debtor's estate, and has retained employees in Vermont to do so. Those employees will be witnesses necessary for administration of the estate, including the possibility of providing testimony as the advisability of appointment of any trustee.

    D. **Location of the assets**.

All of the assets of HIREHCO and Hermitage Club are located in Vermont. ("In the interest of economical and efficient administration of this case, venue should remain close to the site of the Debtor's principal asset. Matters concerning real property have always been of local concern and traditionally are decided at the sites of the property. . . . This court, sitting in

the [state where the real property is located] is in a better position to apply local law to proceedings arising in or related to this case." *Toxic Controls, supra*, at 144).

E. **Economic Administration of the Estate**.

As the assets and employees actually managing and preserving those assets are all located in Vermont, the economic administration of the estate is best performed in Vermont rather than Connecticut. ("In the interest of economical and efficient administration of this case, venue should remain close to the site of the Debtor's principal asset." *Toxic Controls, supra*, at 144).

F. **The necessity for ancillary administration.**

Ancillary administration may be necessary or appropriate with respect to issues relating to the receiver, or the possibility of the advisability of sale or transfer of certain assets outside any bankruptcy proceeding, and all personal and real property is located in Vermont.

Accordingly, Barnstormer respectfully requests that this Court confirm jurisdiction over the involuntary Chapter 7 proceeding and issue an order transferring venue of the pending Connecticut Cases to this Court.

Dated at Brattleboro, Vermont this 30th day of May, 2019.

BARNSTORMER SUMMIT LIFT, LLC


  __/s/ David N. Dunn_____
  David N. Dunn, Esq.
  Phillips, Dunn, Shriver & Carroll, P.C.
  147 Western Ave
  Brattleboro, VT 05301
  (802) 257-7244 x112
  ddunn@pdsclaw.com

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF VERMONT

In re:

HERMITAGE INN REAL ESTATE HOLDING
COMPANY, LLC,

Putative Debtor

Case No. 19-10214
Involuntary Chapter 7

## CERTIFICATE OF SERVICE

I hereby certify that, on the 30th day of May, 2019, a copy of the Motion to Stay Parties in Bankruptcy Cases Pending in Connecticut, and Memorandum in Support of Petitioning Creditors' Motion to Confirm Venue of Involuntary Chapter 7 Proceeding and to Transfer Venue of Proceedings Pending in the Bankruptcy Court for the District of Connecticut, was served on all parties of record electronically via the Court's CM/ECF System.

   /s/ David N. Dunn
David N. Dunn, Esq.
Phillips, Dunn, Shriver & Carroll, P.C.
147 Western Ave
Brattleboro, VT 05301
(802) 257-7244 x112
ddunn@pdsclaw.com