# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICTS OF VERMONT AND CONNECTICUT

Filed & Entered
On Docket
May 31, 2019

---

In re
**HERMITAGE INN REAL ESTATE HOLDING COMPANY, LLC,**
              Putative Debtor.

**Involuntary Chapter 7**
**Case # 19-10214 (CAB)**

---

In re
**HERMITAGE INN REAL ESTATE HOLDING COMPANY, LLC,**
              Debtor.

**Chapter 11**
**Case # 19-20903 (JJT)**

---

## JOINT ORDER
### STAYING PARALLEL BANKRUPTCY PROCEEDINGS IN THE DISTRICT OF CONNECTICUT, PURSUANT TO 11 U.S.C. § 105(a) AND BANKRUPTCY RULE 1014(b), PENDING A DETERMINATION OF VENUE BY THE DISTRICT OF VERMONT

On May 29, 2019, the Bankruptcy Courts for the District of Vermont and District of Connecticut entered a "Joint Preliminary Case Management Order Regarding the Debtors' Filing Voluntary Chapter 11 Petitions for Relief in the District of Connecticut While One of the Debtors has an Involuntary Petition Pending in the District of Vermont" ("Joint Preliminary CMO") (case # 19-10214, doc. # 27; case # 19-20903, doc. # 16). The Joint Preliminary CMO describes the procedural posture of the two pending bankruptcy cases of Hermitage Inn Real Estate Holding Company, LLC ("Hermitage Inn").[1] The Joint Preliminary CMO stayed all proceedings in the CT Cases for a period of (10) days, and recognized that it is the Vermont Bankruptcy Court which must determine the appropriate venue in which all of the Hermitage Inn bankruptcy cases should proceed, pursuant to Fed. R. Bankr. P. 1014(b).[2]

---

[1] As more fully described in the Joint Preliminary CMO, on May 22, 2019, three creditors filed an involuntary petition under Chapter 7 against Hermitage Inn Real Estate Holding Company, LLC ("Hermitage Inn"), in the District of Vermont, under case # 19-10214 (CAB) (the "VT Case"). On May 28, 2019, the Hermitage Inn and the Hermitage Club, LLC ("Hermitage Club") each filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the District of Connecticut, Hartford Division under case #s 19-20903 (JJT) and 19-20904 (JJT), respectively, (the "CT Cases").

[2] That Rule governs the procedure in these related filings and provides as follows:
 (b) <u>Procedure When Petitions Involving the Same Debtor or Related Debtors Are Filed in Different Courts</u>. If

Shortly after entry of the Joint Preliminary CMO, the Petitioning Creditors in the VT Case filed a motion to change venue (doc. #28[3]), requesting the transfer of the CT Cases to the District of Vermont. The Petitioning Creditors also filed a motion to shorten time, requesting a hearing on their motion to change venue be set for June 11, 2019 (doc. # 29). On May 30, 2019, creditor Barnstormer Summit Lift, LLC filed a memorandum of law in support of transferring venue of the CT Cases to Vermont, as well as a motion to stay all proceedings in the CT Cases, pending the Vermont Court's determination of the proper venue for the Hermitage related cases (doc. # 32).

At 10:00 am on May 30, 2019, the Bankruptcy Court for the District of Vermont held an emergency hearing on the Berkshire Bank's motion to retain the state court-appointed receiver (doc. # 7, the "Receiver Motion") and to address the scheduling of the hearing on the motions to transfer venue (doc. ## 28, 32). After taking into account the representations of the attorneys who represent various interested parties, including (i) the Putative Debtor, (ii) the petitioning creditors, (iii) Berkshire Bank, (iv) the ad hoc committee of unsecured creditors, (v) Barnstormer Summit Lift, LLC, (iv) a group of other creditors, and (vi) the U.S. trustee, the Court granted the Receiver Motion and announced tentative dates for the hearing on the venue motions. After due consideration of the pending, time sensitive, motion for authority to obtain DIP financing in the CT Cases, and the need for a prompt determination on the motions to determine venue, the Putative Debtor, the Petitioning Creditors, and the other parties who intend to participate in the venue hearing, reached a consensus to hold the venue hearings June 11-13.[4] Counsel for the Putative Debtor committed to filing bankruptcy schedules in the VT Case as soon as possible, so other parties have ample time to review them prior to the venue hearings.

This Order is entered, expanding the stay of proceedings in the CT Cases, to achieve the most efficient use of judicial time and resources, to ensure the most cost-effective use of the interested parties' time and resources, and to avoid duplicative or potentially conflicting rulings, in the parallel bankruptcy cases pending in Vermont and Connecticut.

---

petitions commencing cases under the Code or seeking recognition under chapter 15 are filed in different districts by, regarding, or against (1) the same debtor, (2) a partnership and one or more of its general partners, (3) two or more general partners, or (4) a debtor and an affiliate, **the court in the district in which the first-filed petition is pending may determine, in the interest of justice or for the convenience of the parties, the district or districts in which any of the cases should proceed.** The court may so determine on motion and after a hearing, with notice to the following entities in the affected cases: the United States Trustee, entities entitled to notice under Rule 2002(a), and other entities as the court directs. **The court may order the parties to the later-filed cases not to proceed further until it makes the determination**.

Fed. R. Bankr. P. 1014(b) (emphases added).

[3] All document numbers refer to the docket of the VT Case, # 19-10214, unless otherwise indicated.
[4] In addition to the motions to determine venue pending at this time, and referenced above, the Putative Debtor's attorney indicated he also intends to file a motion to determine venue, and expects to do so by May 31, 2019.

The foregoing facts and circumstances demonstrate cause to expand the stay of proceedings in the CT Cases until the Bankruptcy Court for the District of Vermont determines the proper venue of the related bankruptcy cases now pending in the Bankruptcy Courts of Vermont and Connecticut.

Therefore, IT IS HEREBY ORDERED, pursuant to 11 U.S.C. § 105(a) and Bankruptcy Rule 1014(b), that the stay of all proceedings in the CT Cases, as described in the Joint Preliminary CMO, is expanded through the date the Bankruptcy Court for the District of Vermont issues an order determining the proper venue of the pending parallel cases.

SO ORDERED at 8:30 A.M on May 31, 2019.

*James J. Tancredi*
*United States Bankruptcy Judge*
*District of Connecticut*

Honorable James Tancredi
United States Bankruptcy Judge
District of Connecticut

_____

Honorable Colleen A. Brown
United States Bankruptcy Judge
District of Vermont