# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF VERMONT

| | |
|---|---|
| In re: ) | |
| ) | |
| Hermitage Inn Real Estate | |
| Holding Company, LLC.         ) | Case No.:  19-10214 |
| Putative Debtor) | Involuntary Chapter 7 |

## BERKSHIRE BANK'S STATEMENT REGARDING
## PENDING MOTIONS TO TRANSFER VENUE

To: Hon. Colleen A. Brown,
Chief United States Bankruptcy Judge

Berkshire Bank does not take a position regarding the pending *Motion of Petitioning Creditors for Order Transferring Venue of Pending Chapter 11 Cases from the United States Bankruptcy Court for the District of Connecticut to the District of Vermont.* (Doc. #28) and the pending *Motion of Alleged Debtor for Order Transferring Venue of this case from the United States Bankruptcy Court for the District of Vermont to the District of Connecticut.* (Doc. #46 and re-docketed as #62).

Berkshire Bank's goal is to get the collateral to sale quickly, either through a 363(f) sale or completion of the state court foreclosure process.

1

The Court should recognize that Berkshire Bank has paid enormous carrying costs for the last 15 months to maintain and preserve Berkshire Bank collateral in a moth ball state since the filing of the state court foreclosure on or about February 23, 2018.

Berkshire Bank has paid several million dollars for certain of the expenses directly, such as the real estate taxes to the Towns of Wilmington and Dover, sewer and water bond assessments to Coldbrook Fire District, forced placed insurance, the annual lease payments to the Town of Wilmington for the leased ski trail area, electric utilities, and indirectly, by funding the Receiver's state court approved budget.

The collateral needs to get sold and the Resort reopened as quickly as possible to preserve value. The Court should grant the involuntary petition, appoint a Chapter 7 Trustee, and the parties can either negotiate a sale of the Estate's assets under 11 USC §363(f) expeditiously or failing that, return the foreclosure to state court by abandonment or lifting the stay to be completed.

A Chapter 11 is not feasible. There is no going concern value for the mothballed resort and Berkshire Bank will not consent to the DIP financing.

Dated at Rutland, Vermont this 5th day of June 2019.

        Berkshire Bank

By:  <u>/s/ Elizabeth A. Glynn, Esq.</u>
       Elizabeth A. Glynn, Esq.
       Ryan Smith & Carbine, Ltd.
       PO Box 310
       Rutland, Vermont  05702-0310
       Its Attorney
       (802) 786-1065
       eag@rsclaw.com

8582-071/919093