**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| In re: | INVOLUNTARY CHAPTER 7 |
| HERMITAGE INN REAL ESTATE HOLDING COMPANY, LLC | CASE NO. 19-10214 (CAB) |
| Alleged Debtor | Re: ECF Nos. 28 and 32 |

**OBJECTION TO (I) MOTION OF PETITIONING CREDITORS FOR ORDER TRANSFERRING VENUE OF PENDING CHAPTER 11 CASES FROM THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF CONNECTICUT TO THE DISTRICT OF VERMONT; AND (II) BARNSTORMER SUMMIT LIFT, LLC'S MEMORANDUM IN SUPPORT OF PETITIONING CREDITORS' MOTION TO CONFIRM VENUE OF INVOLUNTARY CHAPTER 7 PROCEEDING AND TO TRANSFER VENUE OF PROCEEDINGS PENDING IN THE BANKRUPTCY COURT FOR THE DISTRICT OF CONNECTICUT**

Hermitage Inn Real Estate Holding Company, LLC ("HIREHCO"), the alleged debtor herein and Hermitage Club, LLC (collectively, the "Debtors"), by and through their undersigned counsel, respectfully objects to (i) the Motion of Petitioning Creditors for an Order Transferring Venue of Pending Chapter 11 Cases from the United States Bankruptcy Court for the District of Connecticut to the District of Vermont (ECF No. 28)( the "Motion") and (ii) Barnstormer Summit Lift, LLC's Memorandum in Support of Petitioning Creditors' Motion to Confirm Venue of Involuntary Chapter 7 Proceeding and to Transfer Venue of Proceedings Pending in the Bankruptcy Court for the District of Connecticut (ECF No. 32)(the "Memorandum"). In support of its objection, the Debtors represent as follows:

1. This involuntary case was commenced on May 22, 2019 upon the filing of an involuntary petition for relief under Chapter 7 by Bobbi Resek, Dan Solaz and Lakeland Bank (collectively, the "Petitioning Creditors"). To date, no order for relief has entered with regard to the involuntary petition.

2. On May 28, 2019, HIREHCO, together with its affiliated entity, Hermitage Club, LLC (the "Club") filed voluntary petitions for reorganization in the United States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Connecticut Bankruptcy Cases"). A motion for joint administration of the Connecticut Bankruptcy Cases is pending. HIREHCO and the Club have also filed a motion to approve debtor-in-possession financing with Restructured Opportunities Investors, Inc. ("DIP Lender") which will enable the companies to maintain their businesses during their Chapter 11 proceedings.

3. The Motion and the Memorandum seek to transfer venue of the Connecticut Bankruptcy Cases to the Vermont Bankruptcy Court. HIREHCO respectfully objects to the Motion and Memorandum, as and for its objection to the Motion and Memorandum, incorporates the Motion for Order Transferring Venue filed by HIREHCO (ECF No. 46).

4. The Motion seems to be largely premised on the intent and the belief of the Petitioning Creditors that the Debtors cases will be a liquidation of assets and satisfaction of the secured debt. The Petitioning Creditors claim that "[c]ritical to the success of the Case is the appointment of a Chapter 7 trustee and the preparation and sale of the Debtors' property through a sale process under Section 363 of Title 11 of the United States Code . . ." (Motion, page 2). "Indeed, the focus of these Cases should be a quick bankruptcy sale and satisfaction of the Debtors' secured debt." (Motion, para. 57). It is odd that the Petitioning Creditors, allegedly representing holders of unsecured claims, would seek to advocate a process to satisfy the Debtors' secured debt. The Petitioning Creditors ignore the Debtors' ability and intent to rapidly proceed to a plan of reorganization for the benefit of all constituents, not solely the secured creditors. The Petitioning Creditors do not represent a majority of the estate interests and should not be empowered to direct the course of the Debtors' reorganization.

5. In the Memorandum, Barnstormer Summit Lift, LLC ("Barnstormer") fails to disclose that it is a Connecticut limited liability company with its principal office address in Wilton, Connecticut according to its most recent filing with the Connecticut Secretary of State (see Exhibit A attached hereto). Connecticut would not be an inconvenient forum for Barnstormer.

6. The Debtors have spent substantial time and effort negotiating terms with the DIP Lender to provide the Debtors' estates the resources they need to fund the bankruptcy process to enable them to emerge from bankruptcy by year's end. The Debtors are cognizant of the need for members' support to enable the Debtors to confirm a plan of reorganization and to that end, are scheduling meetings with members to inform and engage the membership in their reorganization efforts.

7. The Debtors have historically based their corporate operations in Connecticut and solicited a high number of its members from Connecticut and the metropolitan New York City area. Marketing and promoting Club memberships is a key factor in the continued viability of the Debtors' businesses. Being based in Connecticut has enabled the Debtors to effectively engage with members, potential investors and lenders. Maintaining the Connecticut Bankruptcy Cases will allow those historical efforts to continue, facilitating the fast-track reorganization process contemplated by the Debtors.

8. The Debtors are in position to expeditiously proceed with their reorganization efforts in the Connecticut Bankruptcy Cases. Upon Bankruptcy Court approval of financing from the DIP Lender, the Debtors will have the financial ability to maintain their properties and focus their efforts on emerging from bankruptcy by the opening of the 2019/2020 ski season.

9. The filing of Debtors' petitions for reorganization in the Connecticut Bankruptcy Court was not a reactionary filing to the commencement of this involuntary case. Rather, the

filings were part of a well-planned, negotiated and organized effort to facilitate a rapid reorganizational effort. It is unfortunate that the Petitioning Creditors and Barnstormer have pursued efforts to transfer venue of the Connecticut Bankruptcy Cases, forcing the Debtors to marshal scarce resources to address this issue when those resources would be better served pursuing reorganization efforts.

10. The Petitioning Creditors and Barnstormer represent an insignificant portion of the creditor body. Contrary to their position, several of the Debtors' creditors have expressed support for transferring the venue to the Connecticut Bankruptcy Court. Copies of supporting affidavits and letters from creditors Don Griesdorn, Louis Chenevert,[1] Lorista Holdings, LLC, and LH VT Home, LLC[2] are attached hereto and made a part hereof as <u>Exhibit B</u>.

11. The interest of justice strongly weighs in favor of allowing the Debtors to pursue their pre-determined path to reorganization in the Connecticut Bankruptcy Cases.[3] The convenience of the parties similarly favors the denial of the Motion and the Memorandum and the transfer of this involuntary case to the Connecticut Bankruptcy Court.

WHEREFORE, for all the foregoing reasons, HIREHCO respectfully objects to (i) the Motion of Petitioning Creditors for an Order Transferring Venue of Pending Chapter 11 Cases from the United States Bankruptcy Court for the District of Connecticut to the District of Vermont and (ii) Barnstormer Summit Lift, LLC's Memorandum in Support of Petitioning Creditors'

---

[1] Mr. Chenevert, through his entity Haymaker Investments, LLC, has been listed by HIREHCO's as its largest unsecured creditor with a claim of $1,500,000.

[2] LH VT Home, LLC obtained a judgment against the Debtors, *inter alia,* in the Vermont State Court, but the company is headquartered in Connecticut and favors continuance of the Connecticut Bankruptcy Cases.

[3] Petitioning Creditors note the history of litigation against the Debtors as a primary reason for transferring the Connecticut Bankruptcy Cases to Vermont. While the pre-petition litigation should be of little import in this venue consideration, it is important to note that the OSHA administrative proceeding referenced was actually pending against a non-debtor entity, Hermitage Club Realty LLC, which is not a party to these cases.

4

5

Motion to Confirm Venue of Involuntary Chapter 7 Proceeding and to Transfer Venue of Proceedings Pending in the Bankruptcy Court for the District of Connecticut.

Dated: June 5, 2019  
      New Haven, Connecticut

ALLEGED DEBTOR,  
HERMITAGE INN REAL ESTATE  
HOLDING COMPANY, LLC

By:   /s/Douglas S. Skalka  
Douglas S. Skalka, Esq. (ct00616)  
NEUBERT, PEPE & MONTEITH, P.C.  
195 Church Street  
New Haven, Connecticut 06510  
(203) 821-2000  
dskalka@npmlaw.com

*and*

Thomas P. Simon, Esq.  
McCormick, Fitzpatrick,  
Kasper & Burchard, P.C.  
40 George Street  
Burlington, Vermont 05401  
(802) 863-3494  
tps@mc-fitz.com

# EXHIBIT A

SECRETARY OF THE STATE OF CONNECTICUT
Case 19-10214 Doc 68 Filed 06/05/19 Entered 06/05/19 17:52:12 Desc Main Document Page 7 of 16
Document Review
30 Trinity Street
P.O. Box 150470
Hartford, CT 06115-0470

```
FILING #0006564949 PG 1 OF 2
VOL A-00212 PAGE 2211
FILED 05/28/2019 10:27 AM
SECRETARY OF THE STATE OF CONNECTICUT
```

1. Name of Limited Liability Company: BARNSTORMER SUMMIT LIFT LLC
2. Business ID: 1183657
3. Report due in the month of: March, 2019
4. This Limited Liability Company is: DOMESTIC
   Fee is: $20.00
   Business Name: BARNSTORMER SUMMIT LIFT LLC
5. Mailing Address: 6 BAYBERRY LANE
   WILTON, CT 06897 USA

   Changes:

6. Principal Office Address (Domestic Limited Liability Company): 6 BAYBERRY LANE
   WILTON, CT 06897 USA

   Changes:

7. Address Required in State of Formation (Foreign Limited Liability Company):

   Changes:

8. Date: 05/28/2019
9. Email Address: TPKKELLEHER@GMAIL.COM
10. I hereby certify and state, under penalties of false statement, that all of the information set forth on this annual report is true. I hereby electronically sign this report.
    Print Capacity: MANAGER
11. Signature: THOMAS KELLEHER

Report Officers/Directors  
Business ID : 1183657

Case 19-10214    Doc 68    Filed 06/05/19    Entered 06/05/19 17:52:12    Desc Main Document    Page 8 of 16

FILING #0006564945 PG 2 OF 2
FILED 05/28/2019 10:27 AM
SECRETARY OF THE STATE OF CONNECTICUT

1. Full Legal Name:   ~~THOMAS KELLEHER~~
   Title(s):           ~~MANAGER~~
   Residence Addr:     ~~6 BAYBERRY LANE~~
                       ~~WILTON, CT 06897~~

   Business Addr:      ~~6 BAYBERRY LANE~~
                       ~~WILTON, CT 06897~~

   Res Changes:

   Bus Changes:

2. Full Legal Name:   THOMAS KELLEHER
   Title(s):           MANAGER
   Residence Addr:

   Business Addr:

   Res Changes:        6 BAYBERRY LANE
                       WILTON, CT 06897

   Bus Changes:        6 BAYBERRY LANE
                       WILTON, CT 06897

# EXHIBIT B

STATE OF              )
                      ) ss:
COUNTY OF             )

## AFFIDAVIT

Don Briesa\_\_\_\_, HEREBY STATE AS FOLLOWS:

1. I am over the age of 18 years and understand the obligations of an oath.

2. I am an unsecured creditor of Hermitage Inn Real Estate Holding Company LLC ("HIREHCO").

3. I understand that an involuntary petition in bankruptcy was filed against HIREHCO in the United States Bankruptcy Court for the District of Vermont in Burlington, VT ("Vermont Court"). I also understand that voluntary petitions for reorganization under Chapter 11 were filed by HIREHCO and Hermitage Club, LLC (the "Club") in the United States Bankruptcy Court for the District of Connecticut in Hartford, CT (the "Connecticut Court").

4. I am also an unsecured creditor of the Club.

5. I intend to participate in the bankruptcy cases of HIREHCO and the Club.

6. I understand that HIREHCO is filing a motion in the Vermont Court to transfer venue of the HIREHCO involuntary case to the Connecticut Court (the "Motion").

7. I support the Motion and the transfer of the venue to the Hartford Connecticut Court. I live in Old Lyme, CT, which is at least 4 hours by car to the Burlington Vermont Court. It would be extremely difficult for me to attend hearings and otherwise participate in the bankruptcy case at the Burlington Vermont Court. Any scheduled morning hearings would necessitate an overnight stay to ensure a timely arrival.

8. It is my desire and intent to fully participate in the bankruptcy process but I feel that I will be able to do so only if the Motion is granted and the venue of the HIREHCO case is transferred to the Hartford Connecticut Court. In addition, my claims are against both entities and I feel that were the Club case to continue in the Connecticut Court while the HIREHCO case remains in the Vermont Court, it would be burdensome to me and the other creditors and would impede any ability of the entities to reorganize.

Further, the affiant sayeth not.

_[signature]_

Subscribed and sworn to before me, this 4 day of June 2019.

_[signature]_
Notary Public/ Commissioner of the Superior Court



JUDY M. WILLEMAIN
MY COMMISSION # GG 012613
EXPIRES: November 16, 2020
Bonded Thru Notary Public Underwriters



**KROLL McNAMARA EVANS & DELEHANTY LLP**
ATTORNEYS AT LAW

C. Donald Neville, Esq.
Direct Dial: (860) 761-1116
dneville@kmelaw.com

June 5, 2019

**VIA EMAIL ONLY**

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street – 13th Floor
New Haven, CT 06510

    Re:    Hermitage Inn Real Estate Holding Company, LLC
               Hermitage Club, LLC

Attorney Skalka:

    I represent Louis Chenevert concerning the above-referenced matters.

    As a creditor and as a member of the Hermitage Ski Resort, Mr. Chenevert prefers and requests the venue of Connecticut (rather than Vermont) for the Bankruptcy Proceedings.

    Thank you.

                                          Very truly yours,

                                          C. Donald Neville, Esq.

cc:    Louis Chenevert (via email only)

65 MEMORIAL ROAD • SUITE 300 • WEST HARTFORD, CONNECTICUT 06107 • (860) 561-7070 • FACSIMILE (860) 561-7075
ONE BOSTON PLACE • SUITE 2600 • BOSTON, MASSACHUSETTS 02108 • (617) 336-3260 • FACSIMILE (617) 336-3265
**PLEASE REPLY TO WEST HARTFORD ADDRESS**
WWW.KMELAW.COM

STATE OF                    )
                            ) ss:
COUNTY OF                   )

## AFFIDAVIT

Lorista Holdings, LLC
& LH VT Hour, LLC, HEREBY STATE AS FOLLOWS:

1. I am over the age of 18 years and understand the obligations of an oath.

2. I am an unsecured creditor of Hermitage Inn Real Estate Holding Company LLC ("HIREHCO").

3. I understand that an involuntary petition in bankruptcy was filed against HIREHCO in the United States Bankruptcy Court for the District of Vermont in Burlington, VT ("Vermont Court"). I also understand that voluntary petitions for reorganization under Chapter 11 were filed by HIREHCO and Hermitage Club, LLC (the "Club") in the United States Bankruptcy Court for the District of Connecticut in Hartford, CT (the "Connecticut Court").

4. I am also an unsecured creditor of the Club.

5. I intend to participate in the bankruptcy cases of HIREHCO and the Club.

6. I understand that HIREHCO is filing a motion in the Vermont Court to transfer venue of the HIREHCO involuntary case to the Connecticut Court (the "Motion").

7. I support the Motion and the transfer of the venue to the Hartford Connecticut Court. I live in __Wallingford, CT__ which is at least __4__ hours by car to the Burlington Vermont Court. It would be extremely difficult for me to attend hearings and otherwise participate in the bankruptcy case at the Burlington Vermont Court. Any scheduled morning hearings would necessitate an overnight stay to ensure a timely arrival.

8. It is my desire and intent to fully participate in the bankruptcy process but I feel that I will be able to do so only if the Motion is granted and the venue of the HIREHCO case is transferred to the Hartford Connecticut Court. In addition, my claims are against both entities and I feel that were the Club case to continue in the Connecticut Court while the HIREHCO case remains in the Vermont Court, it would be burdensome to me and the other creditors and would impede any ability of the entities to reorganize.

Further, the affiant sayeth not.

_____, MANAGER

Subscribed and sworn to before me, this __4__ day of __June__ 2019.

MARIEL E NOWACK
NOTARY PUBLIC - CONNECTICUT
MY COMMISSION EXPIRES
APRIL 30, 2021

_____
Notary Public/ Commissioner of the Superior Court



**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

|  |  |
|---|---|
| In re: | INVOLUNTARY CHAPTER 7 |
| HERMITAGE INN REAL ESTATE HOLDING COMPANY, LLC | CASE NO. 19-10214 (CAB) |
| Alleged Debtor |  |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 5, 2019, the foregoing Objection To (I) Motion Of Petitioning Creditors For Order Transferring Venue Of Pending Chapter 11 Cases From The United States Bankruptcy Court For The District Of Connecticut To The District Of Vermont; And (Ii) Barnstormer Summit Lift, LLC's Memorandum In Support Of Petitioning Creditors' Motion To Confirm Venue Of Involuntary Chapter 7 Proceeding And To Transfer Venue Of Proceedings Pending In The Bankruptcy Court For The District Of Connecticut was electronically filed. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Dated: June 5, 2019
    Burlington, Vermont

ALLEGED DEBTOR,
HERMITAGE INN REAL ESTATE
HOLDING COMPANY, LLC

By:   /s/Douglas S. Skalka
Douglas S. Skalka, Esq. (ct00616)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street
New Haven, Connecticut 06510
(203) 821-2000
dskalka@npmlaw.com

Service List

**Electronic Mail Notice List**

- Edward Gordon Adrian    eadrian@msdvt.com, kshamis@msdvt.com
- James B Anderson    jba@rsclaw.com, tlf@rsclaw.com
- Shannon Aldridge Bertrand    bertrand@fgmvt.com, sgraham@fgmvt.com
- Andre Denis Bouffard    abouffard@drm.com, mbottino@drm.com
- Robert S DiPalma    rdipalma@pfclaw.com
- David N. Dunn    ddunn@pdsclaw.com, mgundry@pdsclaw.com
- Elizabeth A. Glynn    eag@rsclaw.com, ccs@rsclaw.com
- John J. Kennelly    kennelly@vermontcounsel.com, jda@vermontcounsel.com
- Tavian M. Mayer    tavian@mayerlaw.com
- Paul F. O'Donnell, Esq.    podonnell@hinckleyallen.com
- Lisa M. Penpraze    lisa.penpraze@usdoj.gov
- Heather Elizabeth Ross    hross@sheeheyvt.com, bsides@sheeheyvt.com
- Jess T. Schwidde    jtsesq@vtbankruptcylaw.com, j_schwidde@yahoo.com
- Thomas P. Simon    tps@mc-fitz.com
- Douglas S. Skalka    dskalka@npmlaw.com, smowery@npmlaw.com; npm.bankruptcy@gmail.com
- U S Trustee    ustpregion02.vt.ecf@usdoj.gov

**Manual Notice List**

Patrick M. Birney, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103

Erin Kennedy, Esq.
Forman Holt
66 Route 17 North
Paramus, NJ 07652