**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

|  |  |
|---|---|
| In re: | INVOLUNTARY CHAPTER 7 |
| HERMITAGE INN REAL ESTATE HOLDING COMPANY, LLC | CASE NO. 19-10214 |
| Alleged Debtor | Re: ECF No. 31 |

**LIMITED OBJECTION TO MOTION OF *AD HOC* COMMITTEE MEMBERS OF HERMITAGE INN REAL ESTATE HOLDING COMPANY, LLC TO INTERVENE IN BANKRUPTCY CASE PURSUANT TO BANKRUPTCY RULES 1018 AND 2018**

Hermitage Inn Real Estate Holding Company, LLC ("HIREHCO"), the alleged debtor herein, by and through its undersigned counsel, respectfully objects, on a limited basis, to the Motion of Ad Hoc Committee Members of Hermitage Inn Real Estate Holding Company, LLC to Intervene in Bankruptcy Case Pursuant to Bankruptcy Rules 1018 and 2018 (ECF No. 31)( the "Motion").  In support of its limited objection, HIREHCO represents as follows:

1.  This involuntary case was commenced on May 22, 2019 upon the filing of an involuntary petition for relief under Chapter 7 by Bobbi Resek, Dan Solaz and Lakeland Bank (collectively, the "Petitioning Creditors").  To date, no order for relief has entered with regard to the involuntary petition.

2.  On May 28, 2019, HIREHCO, together with its affiliated entity, Hermitage Club, LLC (the "Club") filed voluntary petitions for reorganization in the United States Bankruptcy Court for the District of Connecticut, Hartford Division (the "Connecticut Bankruptcy Cases").  A motion for joint administration of the Connecticut Bankruptcy Cases is pending.  HIREHCO and the Club have also filed a motion to approve debtor-in-possession financing with Restructured

1

Opportunities Investors, Inc. ("DIP Lender") which will enable the companies to maintain their businesses during their Chapter 11 proceedings.

3.      On May 29, 2019, a group representing itself as an *Ad Hoc* Committee of Members of Hermitage Inn Real Estate Holding Co., LLC (the "Movant") seeking to intervene in this involuntary Chapter 7 case and in any other related cases that come before this Court. On May 31, 2019, the Movant filed a notice of joinder in support of motions to transfer venue of the Connecticut Bankruptcy Cases, ECF 38 (the "Joinder Notice").

4.      The Movant seeks to intervene and participate in this involuntary bankruptcy proceeding on the basis that it represents "187 individuals who paid membership fees and dues". However, no support for this assertion is provided to the Court or the parties herein. There is no way to determine, therefore, who the Movant is or what interests, if any, they have in this current proceeding.

5.      HIREHCO did not collect membership dues and may not have a direct relationship to all of the members of the Movant.[1] HIREHCO did receive funds from some Club members through its 100k Club Membership program but the Movant does not disclose whether all, many or just a few of its group of 187 individuals have claims as participants in the 100k Membership program.[2] There is no way to determine the interest the Movant has to these proceedings without additional information identifying the members of the Movant and their respective interest in these proceedings.

---

[1] Hermitage Club, LLC, a debtor in the Connecticut Bankruptcy Cases collected membership fees and dues from its members.
[2] Timothy Treanor, in his Declaration filed in support of the Motion, refers to the 100k Membership program as the "100 Club Memberships."

2

6.      Rule 2019 of the Federal Rules of Bankruptcy Procedure governs ad hoc committees in Chapter 11 and Chapter 9 cases and sets forth required disclosures for "every group or committee that consists of or represents, and every entity that represents, multiple creditors or equity security holders that are (A) acting in concert to advance their common interests, and (b) not composed entirely of affiliates or insiders of one another." Among the required disclosures are (i) the name, address and the "nature and amount of each disclosable economic interest held in relation to the debtor as of the date the entity was employed or the group or committee was formed" Rule 2019(c)(2) (A)(B).

7.      At a minimum, the Movant should make the disclosures set forth in Rule 2019 before consideration of the Motion. Absent disclosure of the nature and extent of the relationship, if any, between Movant and HIREHCO or the Club, the Court lacks sufficient information upon which to make a finding that intervention is permissible under Rules 1018 and 2018 of the Federal Rules of Bankruptcy Procedure.

8.      "The bankruptcy court must determine a party's status on a case by case basis to see if this party has a sufficient stake in the proceeding which would require representation." *In re Ionosphere Clubs, Inc*., 101 Bankr. 844, 849 (Bkrtcy. S.D.N.Y. 1989). The *Ionosphere* court, while stating that Rule 2018 is to be given a liberal construction, nevertheless ruled against the party petitioning to intervene because, *inter alia*, their interests were adequately represented in the case by existing parties and intervention would result in undue delay.

9.      In addition, the Ionosphere court noted that "[a]dditionally, allowing [proposed intervenor] to intervene based upon its meager Bankruptcy Rule 2019 authorization platform, is inappropriate because some ticketholders may not want to be represented by [proposed intervenor].

3

As a result, further litigation may occur as these claimants object to [proposed intervenor's] representation." Ionosphere at 854.[3] In the within case, this Court has not been provided with **any** disclosure with respect to the authorization to represent the group, exposing the case to the potential for further and protracted litigation with respect to the ability of the Movant to represent the interest of a group.

10. The Movant must provide this Court with sufficient information on its authorization to represent the group and sufficiently identify the relationship of each member of the group to the within case. Absent that, there is no basis for this Court to determine that the Movant is a proper party for intervention.

11. The Movant asserts that courts have granted motions to intervene in similar circumstances and in a situation analogous to this one. Movant refers to *In re First Interregional Equity Corp.*, 218 Bankr. 731, 736 (Bkrtcy. D. N.J. 1997) in support of its assertion. The *First Interregional* case, however, involved requested intervention by a Chapter 11 Trustee and the Official Committee of Unsecured Creditors in securities issues related to the bankruptcy estate. Other than both involving bankruptcy estates and parties requesting intervention, it is difficult to identify the common ground with unidentified members of an undefined group seeking intervention in this involuntary Chapter 7 case prior to entry of an order for relief.

---

[3] In Ionosphere, the proposed intervenor was a consumer rights group purporting to represent all ticketholders of Eastern Airlines. However, the petitioner only received and filed specific authorization from 8 out of a potential 100,000 ticketholders and only 3 of the 8 identified the amount of the claims held.

WHEREFORE, for all the foregoing reasons, HIREHCO respectfully submits this limited objection to the Motion of Ad Hoc Committee Members of Hermitage Inn Real Estate Holding Company, LLC to Intervene in Bankruptcy Case Pursuant to Bankruptcy Rules 1018 and 2018.

Dated: June 5, 2019
New Haven, Connecticut

ALLEGED DEBTOR,
HERMITAGE INN REAL ESTATE
HOLDING COMPANY, LLC

By: /s/Douglas S. Skalka
Douglas S. Skalka (ct00616)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street
New Haven, Connecticut 06510
(203) 821-2000
dskalka@npmlaw.com

*and*

Thomas P. Simon
McCormick, Fitzpatrick, Kasper & Burchard, P.C.
40 George Street
Burlington, Vermont  05402
(802) 863-3494
tps@mc-fitz.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

|  |  |
|---|---|
| In re: | INVOLUNTARY CHAPTER 7 |
| HERMITAGE INN REAL ESTATE HOLDING COMPANY, LLC | CASE NO. 19-10214 (CAB) |
| Alleged Debtor |  |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 5, 2019, the foregoing Limited Objection To Motion Of *Ad Hoc* Committee Members Of Hermitage Inn Real Estate Holding Company, LLC To Intervene In Bankruptcy Case Pursuant To Bankruptcy Rules 1018 and 2018 was electronically filed. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Dated: June 5, 2019
    Burlington, Vermont

ALLEGED DEBTOR,
HERMITAGE INN REAL ESTATE
HOLDING COMPANY, LLC

By: /s/Douglas S. Skalka
Douglas S. Skalka, Esq. (ct00616)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street
New Haven, Connecticut 06510
(203) 821-2000
dskalka@npmlaw.com

Service List

**Electronic Mail Notice List**

- Edward Gordon Adrian    eadrian@msdvt.com, kshamis@msdvt.com
- James B Anderson    jba@rsclaw.com, tlf@rsclaw.com
- Shannon Aldridge Bertrand    bertrand@fgmvt.com, sgraham@fgmvt.com
- Andre Denis Bouffard    abouffard@drm.com, mbottino@drm.com
- Robert S DiPalma    rdipalma@pfclaw.com
- David N. Dunn    ddunn@pdsclaw.com, mgundry@pdsclaw.com
- Elizabeth A. Glynn    eag@rsclaw.com, ccs@rsclaw.com
- John J. Kennelly    kennelly@vermontcounsel.com, jda@vermontcounsel.com
- Tavian M. Mayer    tavian@mayerlaw.com
- Paul F. O'Donnell, Esq.    podonnell@hinckleyallen.com
- Lisa M. Penpraze    lisa.penpraze@usdoj.gov
- Heather Elizabeth Ross    hross@sheeheyvt.com, bsides@sheeheyvt.com
- Jess T. Schwidde    jtsesq@vtbankruptcylaw.com, j_schwidde@yahoo.com
- Thomas P. Simon    tps@mc-fitz.com
- Douglas S. Skalka    dskalka@npmlaw.com, smowery@npmlaw.com; npm.bankruptcy@gmail.com
- U S Trustee    ustpregion02.vt.ecf@usdoj.gov

**Manual Notice List**

Patrick M. Birney, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103

Erin Kennedy, Esq.
Forman Holt
66 Route 17 North
Paramus, NJ 07652