## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

In re:

Hermitage Inn Real Estate Holding
Company LLC,

      Putative Debtor.

Chapter 7

Involuntary Case No.  19-10214 (CAB)

## OBJECTION OF PETITIONING CREDITORS TO MOTION FOR ORDER TRANSFERRING VENUE OF PENDING INVOLUNTARY CHAPTER 7 CASE FROM THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF VERMONT TO THE DISTRICT OF CONNECTICUT

The petitioning creditors[1] in the above-captioned involuntary case commenced against

Hermitage Inn Real Estate Holding Company, LLC (the "Petitioning Creditors"), by their

attorney, Jess T. Schwidde, Esq., of  Glinka & Schwidde, and pursuant to 28 U.S.C. §§ 1408 and

1412 and Rule 1014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

object to the Motion of Hermitage Inn Real Estate Holding Company, LLC ("HIREHCO") filed

on May 31, 2019 (Doc. # 46),[2] seeking transfer if this involuntary proceeding to the United

States Bankruptcy Court for the District of Connecticut (the "Connecticut Bankruptcy Court"),

where two voluntary chapter 11 petitions were filed by HIRECHO and its affiliate Hermitage

Club, LLC ("Club")(together "Debtors"), on May 28, 2019 (Case Nos. 19-20904 (JJT) and 19-

20903 (JJT)), six days after this involuntary case was filed in this Court.  In support, Petitioning

Creditors state as follows:

---

[1] The petitioning creditors are Bobbi Resek, Dan Solaz and Lakeland Bank, with aggregate liquidated and undisputed claims in the amount of $699,147.64, of which no less than $16,750.00 is deemed unsecured.
[2] The alleged Debtor HIRECHO filed the identical Motion to Transfer Venue and supporting documents a second time on June 3, 2018 (Doc. #62).  This Objection pertains to both filings.

1.      HIRECHO's Motion misapprehends the basic issue before the Court: should the

three pending bankruptcy cases in Vermont and Connecticut proceed in this Court or the

Connecticut Bankruptcy Court.  Under Bankruptcy Rule 1014(b), this Court must determine the

district in which these three related cases should proceed.  Venue is proper for both HIRECHO

and Club in Vermont under 28 U.S.C. § 1408(1), as both Debtors by admission have their

principal places of business and principal assets in Vermont.  HIRECHO is incorrect that this

Court has jurisdiction over HIRECHO alone, and that the Order sought by petitioning creditors

would separate HIRECHO and Club because the Club chapter 11 case would have to remain in

the District of Connecticut.  (Motion to Transfer, Doc. 46, p. 4).  If this Court transfers venue of

the HIRECHO chapter 11 case to Vermont, the Club case should also be transferred to Vermont,

as requested in petitioners' Motion for Order Transferring Venue.  (Doc. 28, p. 1).  As the

potential for disruption and "battles on multiple fronts" postulated by HIRECHO simply does not

exist, this straw man argument should be rejected as grounds for transferring venue of this

involuntary chapter 7 case to the District of Connecticut.[3]

2.      The Debtors' choice of a Connecticut venue is not entitled to any more deference

than the Petitioning Creditors' choice of Vermont.  The Vermont Petition seeks liquidation of

HIRECHO's assets under chapter 7, and Vermont is unquestionably the most logical venue for

liquidation of assets located in this State.  HIRECHO seeks transfer of this involuntary chapter 7

case to Connecticut, and as the party seeking transfer, bears the burden of proving transfer is

warranted.  *In re Patriot Coal Corp.*, 482 B.R. 718, 739 (Bankr. S.D.N.Y. 2012).  While a

Debtor's choice of venue is entitled to some deference where a party seeks to change the venue of

---

[3] Apart from the straw man, the Debtor also attempts to distract the Court's attention away from the threshold issue
of venue by nakedly asserting that Bobbi Resek is somehow not a creditor of HIREHCO (Motion to Transfer, Doc.
46, p. 2).  A review of Bobbi Resek's agreement with the Debtors (*See* Doc 1-1) provides *prima facie* evidence that
she is a creditor of HIREHCO.  Moreover, to the extent that HIREHCO wishes to challenge Bobbi Resek's creditor
status, it will have an opportunity to make such challenge under the Bankruptcy Code and Federal Rules of Evidence
at an evidentiary hearing related to the involuntary petition.

a case filed by a Debtor, *id*., the Debtor's choice should not be entitled to any more weight than the venue choice of involuntary petitioners, especially where the first filed case is an involuntary chapter 7 case filed in the venue where the Debtor's assets are located. *See In re Caesers Entertainment Oper. Co. Inc.*, 2015 WL 495259 at *7 (Bankr. D. Del. 2015). The Debtors have no basis for asserting that the involuntary petition was a preemptive act of forum shopping taken with knowledge that the Debtors were planning an imminent voluntary filing. Rather, the evidence will demonstrate that the Debtors are the parties that engaged in forum shopping by filing their cases on a "bare bones" basis in Connecticut almost a week after the involuntary petition, for the sole purpose of securing their preferred forum.[4] Under these unique circumstances, there is no basis for granting any greater deference to the Debtors' choice of forum than the legitimate and logical choice made by Petitioning Creditors. Here, the first-filed rule should apply and give presumptive weight to the choice made by Petitioning Creditors. *See First City Nat. Bank and Trust Co.*, 878 F. 2d 76, 80 (2d Cir. 1989) (absent showing of special circumstances, the balance of conveniences in any given case "does not overcome the presumption in favor of allowing the controversy to be adjudicated in the forum where it was filed first.").

3.      The Debtors should have the burden to show that some special circumstances warrant departure from the first-filed rule. They cannot do so. Their choice of forum, based on their convenience alone, cannot overcome the presumption in favor of the Petitioning Creditors' choice in the first filed case. Moreover, the Debtors fail to even take into account the interests of any of the other parties in these proceedings, other than themselves, as if only the convenience of the Debtors matters in the Court's determination under Section 1408 and Rule 1014(b). For all

---

[4] Obviously, the Debtors could not have been planning an imminent voluntary filing given that they ultimately filed in Connecticut without filing any statement and schedules other than a list of 20 largest unsecured creditors and a list of equity security holders.

3

the reasons set forth in Petitioner's Motion to Transfer (Doc. #28), even in the absence of any

presumption in favor of either of the competing choices of venue, the Court should conclude that

both the interests of justice and the convenience of the parties warrants transfer of the

Connecticut Cases to this Court.

Dated:  June 5, 2019

Dan Solaz, Bobbi Resek, Lakeland Bank,
Petitioning Creditors

*/s/* Jess. T. Schwidde
Jess T. Schwidde
Schwidde & Glinka
77 Grove St., Ste.  #106
P.O. Box 28
Rutland, Vermont 05701
(802) 779-0219
jtsesq@vtbankruptcylaw.com

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF VERMONT

In re:

Hermitage Inn Real Estate Holding
Company LLC,

Putative Debtor

Chapter 7

Involuntary Case No.  19-10214 (CAB)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on June 5, 2019, with the United States Bankruptcy Court for the District of Vermont and has been served on the parties in interest via email by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List, and that I also served the foregoing document on the parties identified in the Court's Scheduling Order of May 31, 2019 (doc. # 37) to:

eadrian@msdvt.com; 'chris@cadydugan.com'; dpocius@pfclaw.com; Elizabeth.hannon@vermont.gov; sannis@southernvermontlaw.com; wgf@frenchandfrenchlaw.com; roneill@gravelshea.com; mark@mlzpc.com; amordecai@primmer.com; bob@fisherandfisherlaw.com; cblanchard@fgmvt.com; ashriver@pdsclaw.com; eheins@langrock.com; rcarroll@pdsclaw.com; John J Kennelly <kennelly@vermontcounsel.com>; David Dunn <ddunn@pdsclaw.com> (ddunn@pdsclaw.com); Amanda@Rundle-law.com; ilerdon@mayerlaw.com; hross@sheeheyvt.com; tps@mc-fitz.com; dskalka@npmlaw.com; ekennedy@formanlaw.com; tavian@mayerlaw.com; rdipalma@pfclaw.com; Andre D. Bouffard <abouffard@drm.com>; 'lifland@halloransage.com'; 'wfish@hinckleyallen.com'; 'dneville@kmelaw.com'; 'lisa.penpraze@usdoj.gov'; 'steven.e.mackey@usdoj.gov'; eag@rsclaw.com; jba@rsclaw.com

/s/ Jess. T. Schwidde
Jess T. Schwidde
Schwidde & Glinka
77 Grove St., Ste.  #106
P.O. Box 28
Rutland, Vermont 05701
(802) 779-0219
jtsesq@vtbankruptcylaw.com