# UNITED STATES BANKRUPTCY COURT
# FOR THE
# DISTRICT OF VERMONT

_____

In re:

HERMITAGE INN REAL ESTATE HOLDING
COMPANY, LLC,                                            Case No. 19-10214
                                                         Chapter 11

Debtor

_____

## CONTINUED OBJECTION TO
## THE DEBTOR'S MOTION FOR ORDER AUTHORIZING THE DEBTOR TO ASSUME INSURANCE PREMIUM FINANCE AGREEMENT
## AND TO PROVIDE ADEQUATE PROTECTION

Now comes Barnstormer Summit Lift, LLC ("Barnstormer"), by and through its attorneys, Phillips, Dunn, Shriver & Carroll, P.C., and files this Continued Objection to the Debtor's Motion (Doc # 90) For Order Authorizing the Debtor to Assume Insurance Premium Finance Agreement and to Provide Adequate Protection, filed by Hermitage Inn Real Estate Holding Company, LLC ("HIREHC" or "Debtor") and in support thereof states as follows:

Barnstormer previously filed an objection to Debtor's Motion (Doc #99). At (and prior to) the initial hearing on Debtor's Motion, and Debtor's counsel indicated that Debtor would be obtaining additional insurance coverage for the Barnstormer Summit Lift, Barnstormer's sole collateral.

The insurance policy included with the Supplemental Filing by Debtor (Doc # 117) does not provide insurance coverage for the Barnstormer Summit Lift, and the Supplemental Filing does not provide insurance coverage for the Barnstormer Summit Lift. In addition, the budget

1

submitted for Court approval in connection with Debtors' Motion for DIP Financing does not include any costs for supplemental insurance that would cover the Barnstormer Summit Lift.

Objections to default provisions and affirmations in the FIRST financing agreement were raised by the Court and others at the initial hearing on Debtors' Motion for Authorization to Assume Insurance, and Debtors' Supplement to its Motion does not address those objections.

Accordingly, Barnstormer renews its prior objection for all the reasons stated therein, including but not limited to that the Motion and proposed Order do not adequately address the requirements of the Code, and objects to the Motion to the extent it provides neither coverage nor adequate protection to Barnstormer. In addition, the Motion fails to provide adequate protection for any secured lien holders other than Berkshire Bank.

Finally the Motion anticipates that the only source of funding the FIRST Insurance Funding agreement is the DIP Financing. Barnstormer will be filing a separate objection to Debtors' proposed DIP Financing.

Dated at Brattleboro, Vermont this 9th day of July, 2019.

BARNSTORMER SUMMIT LIFT, LLC

  /s/ David N. Dunn
David N. Dunn, Esq.
Phillips, Dunn, Shriver & Carroll, P.C.
147 Western Ave
Brattleboro, VT 05301
(802) 257-7244 x112
ddunn@pdsclaw.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**DISTRICT OF VERMONT**

_____

In re:

HERMITAGE INN REAL ESTATE HOLDING
COMPANY, LLC,                                        Case No. 19-10214
                                                     Chapter 11

Putative Debtor

_____

**CERTIFICATE OF SERVICE**

    I hereby certify that, on the 9th day of July, 2019, a copy of the Continued Objection to the Debtor's Motion For Order Authorizing the Debtors to Assume Insurance Premium Finance Agreement and to Provide Adequate Protection was served on all parties of record electronically via the Court's CM/ECF System.

                                                    __/s/ David N. Dunn_____
                                                    David N. Dunn, Esq.
                                                    Phillips, Dunn, Shriver & Carroll, P.C.
                                                      147 Western Ave
                                                      Brattleboro, VT 05301
                                                      (802) 257-7244 x112
                                                      ddunn@pdsclaw.com