**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

_____

In Re:

HERMITAGE INN REAL ESTATE          Chapter 11
HOLDING COMPANY, LLC,          Case Nos. 19-10214 (CAB) and
          19-10276 (CAB)
and          Jointly Administered

HERMITAGE CLUB, LLC,

    Debtors.

_____

**NOTICE OF JOINDER IN SUPPORT OF OBJECTION OF BERKSHIRE BANK TO DEBTORS' SECOND AMENDED MOTION FOR ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105(a), 362, AND 364(c) AND (d), (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO THE DIP LENDER PURSUANT TO 11 U.S.C. § 364(c), and (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

    The Town of Wilmington (the "Town"), by and through its attorney, Edward G. Adrian, Esq., of Monaghan Safar Ducham PLLC, hereby files its Notice of Joinder in Support of Berkshire Bank's above-stated Objection to the Debtors' Second Amended Motion (captioned in detail above), that was filed by Creditor Berkshire Bank [Doc. 125] and further avers as follows:

    As set forth in Berkshire Bank's Objection [Doc. 125] at 8, the budget proposed by the Debtors' DIP Financing Motion "does not include any money for the payment of real estate taxes or water and sewer charges. Real estate taxes in the approximate amount of $350,000 are due to the Towns of Wilmington and Dover by September 15, 2019." In

fact, the Town (only the Town of Wilmington) estimates that the annual taxes coming due by the Debtors are in the neighborhood of $750,000.00[1].

Prior to the foreclosure proceedings the Debtors made multiple representations regarding the development of the real estate in question that have not come to fruition. The Debtors' plans have always been opaque at best. In fact, to paraphrase Winston Churchill, the plans have been more like "a riddle, wrapped in a mystery, inside an enigma." During the course of the Foreclosure proceedings the Debtors continued to allude to a White Knight, but she or he failed to materialize.

Now the United States Trustee has alleged that, "[a] number of the Debtors' statements in the published plan are factually and legally incorrect…. [and t]he Debtors are engaged in prohibited actions intended to improperly subvert the disclosure statement and plan process…." United States Trustee's Motion to Convert or Dismiss Chapter 11 Cases or in the Alternative to Appoint a Chapter 11 Trustee [Doc. 126] at 5, 8. The people of the Town, a political subdivision of the State of Vermont, should not be subject to the fantastical whims of the Debtors, that time and time again, have proved its representations are nothing more than fantasy, resulting in failed promises and shattered dreams. Indeed, the longer this matter proceeds without resolution, the greater the impact on the Town, which is already planning on both raising taxes and reducing its budget based on the Debtors' failure to make good on their representations.

---

[1] These are new taxes accrued after the filing of the Bankruptcy. The Town has also suffered adverse consequences as the result of: (1) the Debtors properties that were sold at tax sale in June, 2018 and are now in an extended redemption period, tantamount to limbo, as a result of the bankruptcy proceedings; (2) a number of the Debtors' properties with delinquent taxes that were scheduled to go to tax sale on June 27, 2019, but were pulled because of the automatic stay; and (3) properties wherein the Debtors hold mortgage deeds or are sole principals in a controlling LLC, that were pulled from the June 27, 2019 tax sale because of the Court's May 31, 2019 Order Granting Emergency Motion Under 11 USC § 303(f) To Keep State Court Approved Receiver In Place during the Gap Period to Preserve and Maintain Estate Assets, requiring that "[t]here shall be no transfer of real or personal property to any entity in which the putative debtor or Hermitage Club, LLC has an interest in during the gap period…." Id. at 2

Justice demands in this instance that the good of the many outweigh the good of the few.

WHEREFORE, the Town joins in and incorporates the arguments and statements contained in Berkshire Bank's Objection as they relate to the potential for adverse impact on the Town and respectfully requests that the Debtors' Second Amended Motion be **DENIED**.

Dated at Burlington, VT this 11th of July, 2019.

                                                TOWN OF WILMINGTON

                                                By:/s/ Edward G. Adrian
                                                Edward G. Adrian, Esq.
                                                Monaghan Safar Ducham PLLC
                                                156 Battery Street
                                                Burlington, VT 05401
                                                (802) 660-4735
                                                eadrian@msdvt.com