**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

Filed & Entered
On Docket
July 12, 2019

_____

**In re**
**HERMITAGE INN REAL ESTATE**                    Chapter 11
**HOLDING COMPANY, LLC,**                         Case # 19-10214
          Debtor.

_____

**In re**
**HERMITAGE CLUB, LLC**                           Chapter 11
          Debtor,                                 Case # 19-10276

_____

**ORDER**
**GRANTING MOTIONS FOR JOINT ADMINISTRATION,**
**DENYING MOTIONS TO APPROVE INTERIM DIP FINANCING, AND CONTINUING HEARING**
**ON DEBTORS' MOTIONS TO ASSUME INSURANCE PREMIUM FINANCE AGREEMENT**

**Motions for Joint Administration**

On July 2, 2019, the Debtors filed motions for joint administration (doc. #113[1]). The U.S. trustee consented to those motions, no objections were filed, and a hearing was held on the motions on July 12, 2019. The court finds good cause to jointly administer these cases. As stated on the record at the July 12th hearing, the Court grants these motions.

**Motions to Approve Interim DIP Financing**

On July 3, 2019, the Debtors filed motions to approve interim DIP financing (doc. # 115). Several parties in interest filed objections to these motions (Barnstormer Summit Lift, LLC [doc. # 122], the U.S. trustee [doc. # 123], Berkshire Bank [doc. # 125], Reinhart Food Service [doc. # 128], the Ad Hoc Committee [doc. # 129], the Town of Wilmington [doc. # 133], the Cold Brook Fire District [doc. # 135]), many of which were meticulously thorough and articulated strong legal and practical arguments. At the hearing held on July 12, 2019, the Debtors acknowledged the compelling nature of several of the arguments set forth in the objections, explained they were not prepared to present

---

[1] All docket citations refer to the docket in Hermitage Inn Real Estate Holding Company, LLC (case # 19-10214), but the instant motions and referenced documents were all filed in both cases.

evidence at that hearing due to the content and strength of the objections, indicated they were renegotiating the terms of the DIP loan in order to address some of the objections, and requested a continuance of the hearing until July 26, 2019. All parties in interest who had filed objections voiced opposition to a continuance.

After considering the record in the case and the arguments presented, the Court sustained the objections, denied the continuance and denied the Debtors' request for approval of the DIP Interim Financing proposal presently pending before the Court.

### Motions to Assume Insurance Premium Finance Agreement

The Debtors filed motions to assume an insurance premium finance agreement, and provide adequate protection, on June 19, 2019 (as an emergency motion) (doc. # 90), and a supplement on July 3, 2019 (doc. # 117). Several parties in interest filed objections to those motions (Barnstormer Summit Lift, LLC [doc. ## 99, 121], Berkshire Bank [doc. # 100], the U.S. trustee [doc. # 101], the Cold Brook Fire District [doc. # 103]). The Debtors acknowledged at the July 12th hearing that they were not able to move forward with the insurance premium motions unless and until the Court approved their DIP loan, and therefore requested the hearing on these motions be continued to July 26, 2019. The Court granted that motion.

### Conclusion

For the reasons set forth on the record at the July 12, 2019 hearing, and to memorialize the bench rulings on the record, **IT IS HEREBY ORDERED** that

1. the Debtors' Motions for Joint Administration are **GRANTED** and the Clerk shall henceforth docket all activity in both cases on only the docket of the main case (case # 19-10214);

2. the objection to the Debtors' Motions to Approve Interim DIP Financing, and Continuing Hearing are **SUSTAINED** and those motions are **DENIED**, without prejudice to the Debtors filing a new Motion to Approve DIP Financing, *if they do so by July 15, 2019*;

3. the hearing on the Debtors' Motions to Assume Insurance Premium Finance Agreement is **CONTINUED** to 1:00 P.M. on July 26, 2019, at the U.S. Bankruptcy Court in Rutland Vt; and

4. in light of the urgency of the open issues, the following schedule governs whether an evidentiary hearing will be held on July 26, 2019: (a) if there is an agreement with respect to the need for a July 26th evidentiary hearing, the parties shall file a joint notice of evidentiary hearing by July 19, 2019; (b) if there is a dispute about whether an evidentiary hearing shall be necessary, parties seeking an evidentiary hearing shall file their notice of evidentiary hearing by noon on July 16, 2019 and parties opposing an evidentiary hearing shall file their objections by 10 am on July 19, 2019.

_____
July 12, 2019                                                        Colleen A. Brown
Burlington, Vermont                              United States Bankruptcy Judge