**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

|   |   |
|---|---|
| HERMITAGE INN REAL ESTATE ) | Chapter 11 |
| HOLDING COMPANY, LLC, et al. ) | Case No. 19-10214 |
| ) | (Jointly Administered) |
| Debtor. ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

### RELIEF REQUESTED

NOW COMES Lakeland Bank, by and through its counsel, and hereby moves for entry of an order granting relief from the automatic stay pursuant to 11 U.S.C. §362(d) to permit Lakeland Bank to enforce its secured interest in collateral consisting of snowmaking equipment owned by Hermitage Inn Real Estate Holding Company, LLC ("Debtor") including, but not limited to, prosecuting the complaint for damages and replevin filed in the Superior Court of Vermont, Windham Unit.

### STATEMENT OF FACTS

1. Lakeland Bank is a New Jersey State Bank with offices located at 250 Oak Ridge Road, Oak Ridge, New Jersey.

2. On or about February 9, 2016, Lakeland Bank entered into a Conditional Sales Contract ("Contract") pursuant to which Lakeland Bank loaned the Debtor $900,000.00 for the purchase of certain snow making equipment ("Collateral"). A true and correct copy of the Contract is attached to the Affidavit of Neil Schreyer as Exhibit A. The Collateral is identified in the exhibits attached to the Contract.

3. The Contract granted Lakeland Bank a purchase money security interest in the Collateral. *See* Affidavit of Neil Schreyer, Exhibit A.

4. To perfect its security interest in the Collateral, Lakeland Bank filed a UCC1 Financing Statement on February 19, 2016 with the Connecticut Secretary of State, File No. 0003103361. A true and correct copy of the Financing Statement is attached to the Affidavit of Neil Schreyer as Exhibit B.

5. The Collateral is located at Haystack Mountain in Wilmington, Vermont and consists of approximately 46 snow guns and two Tower Mounted TechnoAlpin Fans and is more particularly described in the exhibit to the Contract attached as Exhibit A. *See* Affidavit of Neil Schreyer, Exhibit A.

6. As of July 1, 2019, the total amount due and owing under the Contract is $720,730.18, consisting of $627,562.88 in principal, $61,793.80 in interest, and $31,373.50 in late fees. *See* Affidavit of Neil Schreyer at ¶8.

7. The Debtor has not made any payments due to Lakeland Bank under the Contract since December 24, 2017. *See* Affidavit of Neil Schreyer at ¶9.

8. Lakeland Bank caused the Collateral to be appraised, which appraisal valued the Property at an orderly liquidated value of $365,000 on or about July 9, 2018. A true and correct copy of the Appraisal is attached to the Affidavit of Neil Schreyer as Exhibit C.

9. On January 3, 2019, Lakeland Bank filed an Amended Complaint in the Superior Court of Vermont, Windham Unit, Docket No. 464-12-18 wmCV seeking relief for breach of contract, for replevin, repossession and sale of the Collateral. *See* Affidavit of Neil Schreyer at ¶11.

## LEGAL ARGUMENT

10.     Section 362(d)(1) of the Bankruptcy Code provides, "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay … for cause, including the lack of adequate protection of an interest in property of such party in interest."  11 U.S.C. § 362(d)(1).

11.     Adequate protection entitles the secured creditor to the "indubitable equivalent" of its interest in the property.  *In re Rhoades,* 38 B.R. 63, 65 (Bankr. D.Vt. 1984).

12.     Lakeland Bank has not been paid pursuant the terms of the Contract.  The Collateral is declining in value as it ages.  Interest and late fees continue to accrue on the unpaid obligation.

13.     The Debtor has failed to insure the Collateral as it was required to do under Paragraph 13 of the Contract. *See* Affidavit of Neil Schreyer, Exhibit A.

14.     Lakeland Bank is harmed by the accruing interest and late fees and by the declining value of the collateral due to the passage of time.

15.     In addition, Lakeland Bank is not adequately protected because of the Debtor's failure to insure the Collateral.

16.     Since the Collateral is not adequately protected, Lakeland Bank is entitled to relief from the automatic stay pursuant to 11. U.S.C. § 362(d)(1).

17.     Section 362(d)(2) of the Bankruptcy Code provides, "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay … with respect to a stay of an act against property under subsection (a) of this section, if (A) the

debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d)(2).

18. A comparison of the appraised value of the Collateral with the balance due to Lakeland Bank demonstrates that the Debtor does not have equity in the Collateral.

19. The record of this case demonstrates that the Debtor does not have the intention or ability to reorganize.

20. Since the Debtor does not have equity in the Collateral and since the Debtor is not capable of a reorganization, Lakeland Bank is entitled to relief from the automatic stay under 11 U.S.C. § 362(d)(2).

21. In accordance with Vt. LBR 9013-1(b), counsel for Lakeland Bank hereby certifies that she has contacted opposing counsel and made a good faith attempt to obtain a settlement, a stipulation to the relief sought, or some other resolution prior to filing of this motion but was unable to reach an amicable resolution.

22. Lakeland Bank hereby waives the thirty (30) day provision of 11 U.S.C. §362(e).

WHEREFORE, Lakeland Bank respectfully requests the entry of an order granting relief from the automatic stay to allow Lakeland Bank to pursue its rights to liquidate the Collateral and for such other relief that this Court deems just and proper.

Dated at Rutland, Vermont this 15th day of July, 2019.

By: _/s/ Heather Z. Cooper__
Heather Z. Cooper, Esq.
FACEY GOSS & McPHEE P.C.
P.O. Box 578
Rutland, Vermont 05702
Tel. 802-665-2682
hcooper@fgmvt.com

and

Erin J. Kennedy, Esq.
FORMAN HOLT
365 West Passaic Street, Suite 400
Rochelle Park, New Jersey 07662
Tel. 201-845-1000
ekennedy@formanlaw.com

5