**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| In re: | Chapter 11 |
| HERMITAGE INN REAL ESTATE HOLDING COMPANY, LLC | Case Nos.: 19-10214 (CAB) and 19-10276 (CAB) Jointly Administered |
| and | |
| HERMITAGE CLUB, LLC., | |
| Debtors. | |

**OBJECTION OF COLD BROOK FIRE DISTRICT NO. 1 TO DEBTOR'S MOTION FOR FINAL ORDER (i) AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING AND GRANTING LIENS AND SUPER PRIORITY CLAIMS TO THE DIP LENDER PURSUANT TO 11 USC § 364(C) AND (ii) BEFORE GRANTING LIENS**

**NOW COMES** Cold Brook Fire District No. 1 (the "Fire District") by and through its undersigned counsel and hereby objects to Debtor's Motion for Final Order (i) Authorizing the Debtor's to Obtain Post Petition Financing and (ii) Granting Liens and Super Priority Claims to the DIP Lender Pursuant to 11 USC § 364(c) (the "DIP Financing Motion"). For this Objection, the Fire District should rely on the Memorandum set forth below and the Declaration of Kimberly Hicks, Administrator, Tax Collector and Treasurer of Fire District.

**MEMORANDUM OF LAW**

1. The Fire District adopts the position and arguments set forth in the Objection of Berkshire Bank, which was filed in this matter on July 23, 2019 (Doc. No. 167) which carefully and clearly sets out the many deficiencies with the DIP Financing Motion.

2. The Fire District is a Vermont municipality, 1 V.S.A. § 126, created in the 1980s by the towns of Dover and Wilmington to manage a water and sewerage system

1

partly constructed by the original developers of Haystack Mountain. The Haystack master plan, started in the 1970s, contemplated the creation of a number of residential villages, totaling approximately 2,000 lots, anchored by a private ski resort and a golf course, and benefited by a private airstrip. The Fire District is divided into three tracts: the ski base tract, the east tract and golf course tract.

3. Vermont Municipalities have the power to impose special assessments for public improvements, including the construction or extension of water and sewage systems, benefitting a limited area of the municipality. 24 V.S.A. § 3252. Special assessments are a tax, 24 V.S.A. § 3251(4), and constitute a first priority lien against the assessed property in the same number and to the same extent as municipal taxes in general. 24 V.S.A § 3255.

4. The Fire District is a party to two agreements entitled "Agreement for Water and Sewage Disposal Service" with Hermitage Inn Real Estate Holding Company, LLC (the "Agreements"). The Agreements, which are attached to the Declaration of Kimberly Hicks, submitted herewith, are for the allocation of public water supply service and sewage collection and treatment capacity, including capacity created by public sewage system improvements which were authorized in March of 2013 and April of 2015.

5. As a review of the Agreements (Exhibits I and II to the Hick's Declaration) indicates the Debtor "unconditionally and irrevocably" bound itself as guarantor of all debt obligations issued by the Fire District to finance all the costs of constructing and operating the sewer system improvements, (Exhibits I at ¶8,

Exhibit II at ¶8).  Each of the obligations guaranteed by the Debtor is a special assessment under 24 V.S.A. § 3252.

6. The Fire District obligations to be secured under the Agreements are the Fire District's General Obligation Public Sewer System Improvement Bonds dated July 1, 2013, July 1, 2014, and July 1, 2015.  (Exhibit II at ¶11).  The owner of each of the loans is the Vermont Municipal Bond Bank.

7. In each Agreement the Debtor agreed to make payments to the Fire District not later than thirty days prior to each scheduled debt service payment due on the Fire District's loans.  (*Id*, at ¶12 and at ¶14).

8. If Hermitage fails to make any payment to the Fire District specified in the Agreements, that failure constitutes an event of default and entitles the Fire District to exercise any remedy available to it, under the Agreements or by operation of law. (*Id.* at ¶¶2 and 5).

9. The schedules for payment are set out as attachments to Exhibit V.  As indicated on those schedules, the loan made in 2014 (VMBB Loan Id #566) required interest and principal payments beginning November 15, 2015.  The principal payments on Loan 566 were $75,000.00 per year from November 1, 2015 through November 1, 2034.  Interest payments had been made in 2018 on both loans by Berkshire Bank.

10. The VMBB Loan Id #541 (made in 2013), was in the original principal balance of $1,600,000.00 and principal payments of $320,000.00 are to begin on November 1, 2019.

11. The total amount due from the Debtor pursuant to the Agreements on October 1. 2019, for the amounts due on the loans is $439,291.92. (*See*, Exhibit V to Hick's Declaration).

12. If that payment is not made, the remaining principal balance due on the two loans would be $2,705,00.00. If the payment is made, the remaining balances after October 1. 2019 would be $2,405,000.00. Accrued interest and other fees and costs would also be due.

13. Nothing in the moving papers indicates that the Debtor would have the ability to make the payment due on October 1, 2019.

14. There is currently $372,445.65 held in the Debt Service Reserve Fund which was created pursuant to the Debt Service Reserve Fund Agreement dated August 21, 2014 (Exhibit III), which is additional collateral held by the Fire District on the 2013 Agreement (VMBB Loan Id #541).

15. The DIP Financing Motion should be denied in all respects and this case converted to a case under Chapter 7.

DATED at Rutland, Vermont this 24th day of July, 2019.

        Cold Brook Fire District No. 1
        by its counsel,

        By:   /s/ *John J. Kennelly*
        John J. Kennelly, Esq.
        Pratt Vreeland Kennelly Martin & White Ltd.
        P.O. Box 280
        Rutland, Vermont 05702
        kennelly@vermontcounsel.com
        ERN: 2039 / ATY 2069