**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

―――――――――――――――――――――――

In Re:

HERMITAGE INN REAL ESTATE            Chapter 11
HOLDING COMPANY, LLC,                Case Nos. 19-10214 (CAB) and
                                                              19-10276 (CAB)
and                                                                            Jointly Administered

HERMITAGE CLUB, LLC,

       Debtors.

―――――――――――――――――――――――

**JOINDER OF TOWN OF WILMINGTON TO UNITED STATES TRUSTEE'S MOTION TO CONVERT CHAPTER 11 CASES AND OBJECTION TO DEBTORS' MOTION FOR FINAL ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POST PETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105(c), 362 AND 364(c) AND (d), (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO THE DIP LENDER PURSUANT TO 11 U.S.C. § 364(c) AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

NOW COMES, the Town of Wilmington (the "Town"), by and through its attorney, Edward G. Adrian, Esq., of Monaghan Safar Ducham PLLC, and hereby files its Notice of Joinder in Support of the United States Trustee's above-stated *United States Trustee's Motion to Convert or Dismiss Chapter 11 Cases or in the Alternative to Appoint a Chapter 11 Trustee* (the "Conversion Motion") [Doc. 136] and Objects to *Debtors' Motion for Final Order (I) Authorizing the Debtors to Obtain Post Petition Financing Pursuant to 11 U.S.C. §§ 105(c), 362 and 364(c) and (d), (II) Granting Liens and Superpriority Claims to the DIP Lender Pursuant to 11 U.S.C. § 364(c) and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001* (the "Final DIP Motion"); and further avers as follows:

I.  **THE CONVERSION MOTION**

As set forth in Berkshire Bank's *Notice of Joinder* [Doc. 159] in the opinion of Harper Sibley, former President and General Manager of the Hermitage Club, Debtor's plan requires **"far too much debt"**; is **"entirely unrealistic"**; will **"create no value"** and perhaps most importantly will **"generate management chaos…."** *Id*. at 3 (emphasis in original).  A political subdivision of the State of Vermont should not be subjected to no value, unrealistic scenarios, involving debt and chaos…there is enough of that going on right now outside the boarders of Vermont.  Berkshire Bank endorses converting this matter to a Chapter 7 proceeding.  *Id*. at 4.

As set forth in the *Ad Hoc Committee's* Joinder [Doc. 162] "the Debtors are literally pad-locked and there is no money contained in the final DIP Motion to transition the Debtors back to going concerns."  *Id*. at 8.  The *Ad Hoc Committee* also endorses converting this matter to a Chapter 7 proceeding.  *Id*. at 9.

Barnstormer Summit Lift, LLC ("Barnstormer") endorses converting this matter to a Chapter 7 proceeding in its Joinder [Doc. 161].  *Id*. at 2.

II.  **DEBTORS' FINAL DIP MOTION**

Debtors' Motion referenced in the caption above [Doc. 147] asserts that the DIP financing will help support "real estate tax obligations."  *Id*. at 33.  Debtors double down on this claim by asserting in the *Joint Stipulation* [Doc. 166] that the DIP budget includes "Real Estate Taxes" for a sixteen week period in the amount of $286,000.00 *Id*. at 10.  Berkshire Bank contests this number in its *Objection* [Doc. 167] and states that the DIP budget "provides for payment of $286,000 during week five of the Budget Period for real estate taxes.  The Debtors will owe $379,809.85 in real estate taxes on or before September 15, 2019.…  The Bank submits that the Debtors will be approximately

2

$94,000 short in the payment of real estate taxes." *Id*. at 9.  The Town agrees that Debtor's estimate is short of the amount actually owed, and estimates the total amount owed to Wilmington (not any other municipality) on September 15, 2019 at $346,000.46.

The Town was not able to conduct and tax sales on the Debtors' properties that had not been previously paid by the Bank, nor was it able to conduct tax sales on properties in which the Debtors have an interest (mostly through holding a mortgage). However, it is not unreasonable to infer that these properties, outside of Berkshire Bank's ambit, will continue to be delinquent in respect to new taxes.  The Town's estimate of $346,000.46 is based on future taxes owed by September 15, 2019 for both the Debtors properties AND for those properties in which the Debtors have an interest.

WHEREFORE, the Town **JOINS** the United States Trustee's *Motion to Convert* and along with Berkshire Bank, the *Ad Hoc Committee*, and Barnstormer supports the conversion of the Chapter 11 proceedings to Chapter 7 proceedings, believing that it will provide the most benefit to the greatest number of people, in the most expedient way possible, in getting the Debtors' properties operational once again and consequently paying the associated real estate taxes in a manner that is not chaotic and *ad hoc*.

The Town **OPPOSES** the Debtors' Final DIP Motion.

Dated at Burlington, VT this 24th of July, 2019.

                TOWN OF WILMINGTON

                By:/s/ Edward G. Adrian
                Edward G. Adrian, Esq.
                Monaghan Safar Ducham PLLC
                156 Battery Street
                Burlington, VT 05401
                (802) 660-4735
                eadrian@msdvt.com