**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| HERMITAGE INN REAL ESTATE HOLDING COMPANY, LLC | : | CASE NO. 19-10214 (CAB) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| HERMITAGE CLUB, LLC | : | CASE NO. 19-10276 (CAB) |
| Debtor. | : | (Jointly Administered) |

**DEBTORS' REPLY TO OBJECTIONS OF *AD HOC* COMMITTEE (DOCKET ID 162), BERKSHIRE BANK (DOCKET ID 167), BARNSTORMER SUMMIT LIFT, LLC (DOCKET ID 168), REINHART FOODSERVICE, L.L.C. (DOCKET ID 169) and COLD BROOK FIRE DISTRICT NO. 1 (DOCKET ID 170) TO DEBTORS' MOTION FOR FINAL ORDER (I) AUTHORIZING THE DEBTORS TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105(a), 362 AND 364(c) and (d), (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO THE DIP LENDER PURSUANT TO 11 U.S.C. § 364(c), AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Hermitage Inn Real Estate Holding Company LLC ("HIREHCO") and Hermitage Club LLC (the "Club", and together with HIREHCO, the "Debtors"), the debtors and debtors-in-possession herein, by and through their undersigned proposed counsel, submit this reply (the "Reply") to the Objections of the *Ad Hoc* Committee, Berkshire Bank, Barnstormer Summit Lift, LLC, Reinhart Foodservice, L.L.C. and Cold Brook Fire District No. 1 (collectively, the "Objecting Parties") to Debtors' motion (the "Motion") for entry of an order pursuant to sections 105(a), 361, 362, 363 and 364 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), (i) authorizing the Debtors to obtain secured postpetition financing from Restructured Opportunity Investors, Inc., or its assignee (the "DIP Lender" or "Lender"),

consisting of a credit facility in the aggregate principal amount of up to $1,750,000 (the "DIP Financing" or the "DIP Facility") for the purpose of funding the Debtors' general operating needs and the administration of the Debtors' chapter 11 cases, in accordance with (a) a Debtor-in-Possession Loan and Security Agreement substantially in the form attached to the Motion (the "DIP Loan Agreement"), between the Debtors and the DIP Lender and (b) the budget attached hereto and made a part hereof as <u>Exhibit A</u> ("Budget"); (ii) authorizing the Debtors' entry into definitive loan documents and performance of such other acts as may be necessary or appropriate in connection therewith; (iii) granting to the DIP Lender valid, fully perfected, and enforceable security interests and liens (collectively, the "DIP Liens") in and upon the DIP Collateral (as defined in the DIP Loan Agreement) pursuant to sections 364(c)(2) and 364(d)(1) of the Bankruptcy Code. In support of this Reply, the Debtors state as follows:

1.   The Debtors, Berkshire Bank, the Ad Hoc Committee of Creditors and Barnstormer Summit Lift, LLC have filed a Joint Stipulation of Facts (Docket ID 166) for the purpose of the evidentiary hearing on the Motion.

2.   Since filing their voluntary petitions for reorganization on May 28, 2019, the Debtors have been engaged in significant litigation involving the administration of the Debtors' cases. At the same time, Debtors have focused efforts on negotiating the terms of the DIP Financing to maximize the value to the Debtors' estate and to address issues and concerns raised by creditors of the estate. As a result of those negotiations, benchmarks set by the DIP Lender have been extended and the collateral included within the DIP Collateral has been reduced and limited. The DIP Collateral includes only the Debtors owned real property, accounts, accounts receivable, membership payments and ski lifts not covered by liens of Barnstormer Summit Lift, LLC. The DIP Collateral does not include assets owned by non-debtor affiliates, including

2

Hermitage Inn, LLC. The rights of lienholders with respect to assets owned by Hermitage Inn, LLC would not be affected by the DIP Financing.

3. Additionally, the Budget attached hereto reflects the Debtors' commitments to the maintenance of its assets and payment of ongoing obligations including the costs of a sale process, if necessary, using the net proceeds of the DIP Facility for the sixteen (16) week period set forth in the Budget.

4. Entry into the DIP Financing provides the Debtors with the ability to pursue reorganization efforts they have been focused on bringing to fruition for over a year. The DIP Financing benchmarks provide a limited window of opportunity to allow members of the Club to hear directly from Debtors' management on a path forward through a plan of reorganization. In the event the member support is not immediately apparent through the payment of dues[1], the Debtors have agreed to seek approval of a sale of substantially all their assets on or before August 19, 2019, just three weeks from the hearing on the Motion (the "Chapter 11 Sale").

5. It is beyond doubt that a reorganization or sale is best accomplished prior to the start of the winter 2019/2020 ski season. The Resort did not open for last year's ski season and prolonging the closure through this season is likely to impact membership loyalty to the Resort. An agreement on a plan of reorganization within the next few weeks could lead to the confirmation of a plan of reorganization within the sixteen (16) week period provided in the Budget. Alternatively, a Chapter 11 Sale process initiated in August would enable the parties to market and seek a closing on a sale within the timeframe set forth in the Budget. The initiation of the Chapter 11 Sale process necessitates that fewer employees would be needed by the Debtors and payroll

---

[1] The monthly dues contemplated in the benchmark are pro-rated annual dues, i.e. $15,000/12 or $1,250.00 per member.

3

resources will be re-allocated to fund marketing and sales efforts.

6. Courts have routinely approved priming liens where sufficient equity cushion exists for secured creditors. Berkshire Bank enjoys a significant equity cushion. Realty Advisors has valued the Debtors' assets at $44,175,000 as of July 9, 2019 (the "Realty Advisors Appraisal") (Debtors' Exhibit 3). The Realty Advisors Appraisal supplements and is consistent with its appraisal dated November 30, 2018, which found that the fair market value of the assets as of October 25, 2019 was $50,000,000 (the "Realty Advisors 2018 Appraisal"). The Realty Advisors Appraisal is consistent with the appraisal dated September 10, 2018 prepared for Berkshire Bank by Colliers International Valuation and Advisory Services ("Colliers"), which evidenced a fair market value of $48,539,823 as of September 10, 2018 (the "Colliers Appraisal") (Debtors' Exhibit 4).

7. The Realty Advisors Appraisal relies on the appropriate appraisal methodology under the circumstances. As set forth in the Realty Advisors Appraisal, the direct sales comparison approach is the most reliable method of valuation of the Debtors' assets. It relies on comparable sales for each of the Debtors' component assets to support its conclusion on valuation, which reflects a diminution in value of the assets during the intervening nine month period in which the Resort has been closed. The Realty Advisors Appraisal bases its valuation, in part, on the existence of development permits. The Debtors assert that those permits are in force and effect for the future development of the property.

8. Despite the substantial equity cushion evidenced by the Realty Advisors Appraisal and the Colliers Appraisal, Berkshire Bank, nevertheless, argues that it is undersecured. The Bank makes the argument based upon the appraisal prepared for it by Colliers attesting to a fair market value of $23,650,000 as of July 11, 2019 (the "Bank Appraisal") (Bank Exhibit 3). The Bank

4

Appraisal is an anomaly, inconsistent with the Colliers Appraisal prepared just ten months ago and inconsistent with the Realty Advisors Appraisal and the Realty Advisors 2018 Appraisal. The Bank Appraisal is not credible evidence of the value of the Debtors' assets. The Bank Appraisal erroneously relies upon the cost approach to value the ski and Base Lodge, including a temporary external obsolescence adjustment of $21,305,901 relying on an eight year model for the Resort. The Debtors assert that there is no basis for this adjustment or the eight year model.

9. Berkshire Bank possesses a substantial equity cushion. Indeed, equity exists for all lienholders sufficient to support a priming lien. The aggregate of the liens affecting the Debtors' real property is $**34,730,596.53**, inclusive of the Berkshire Bank mortgage obligations[2]. However, of that aggregate sum, **$8,265,169** represents claims which the Debtors have disputed. Therefore, the property is encumbered by **$26,465,427.14** of liens and encumbrances not disputed by Debtors[3]. As the Realty Advisors Appraisal evidences, the lienholders have a 37% equity cushion prior to the priming lien. Even if disputed liens are included in the calculation, the lienholders still possess an 18% equity cushion.

10. The Debtors' Budget proposes to pay Berkshire Bank monthly adequate protection payments in the amount of $42,500. These payments, coupled with the equity cushion, adequately protect the interests of Berkshire Bank.

11. The lienholders subordinate to Berkshire Bank are already being primed by virtue of the order of this Court dated May 31, 2019 (Docket ID 42) Granting Emergency Motion Under 11 USC § 303(f) to Keep State Court Appointed Receiver in Place During the Gap Period to Preserve and Maintain Estate Assets (the "Receivership Order"). Pursuant to the Receivership

---

[2] The Debtors do not include in the aggregate amount the claims of lienholders with liens against real property owned by HIREHCO where HIREHCO is not an obligor on the debt. Those liens total, in the aggregate, **$3,330,006.87.**
[3] Attached hereto and made a part hereof as <u>Exhibit B</u> is a summary of liens affecting the real property.

5

Order, the Receiver, Alan Tantleff of FTI Consulting (the "Receiver"), is permitted to pay expenses and costs of maintaining assets of the estate pursuant to an approved budget. The costs and expenses incurred by the Receiver are added to the Berkshire Bank obligations, thus effectively priming the subordinate lienholders. Similarly, the proposed DIP Final Order would allow spending by the Debtors to maintain its assets pursuant to an approved budget. Therefore, the subordinate lienholders would be in a similar position under the DIP Final Order as they are under the Receivership Order. In fact, the Debtors assert that the subordinate lienholders would be in an improved situation under the DIP Final Order as the DIP Financing Agreement contemplates either a quick consensus on a reorganization or an efficient transition to a sale process. This action plan will allow the Debtors to move forward quickly on a plan or maximize the sale value of the assets by consummation of a sale before the 2019/2020 ski season.

12. The Debtors' assets are adequately insured as evidenced by the Certificates of Insurance attached hereto and made a part hereof as Exhibit C.

13. The terms of the DIP Financing mandate that the Debtors' cases are on a fast track to confirm a plan of reorganization or consummate a sale of substantially all their assets within a sixteen week period. This brief time period allows Debtors the opportunity to reorganize afforded to them by the Bankruptcy Code while limiting the risk of a drawn-out process in which the likelihood of a recovery for junior lienholders and unsecured creditors diminishes.

14. Approval of the DIP Financing and allowing the Debtors the opportunity to forge ahead with its reorganization efforts is in the best interest of the junior lienholders and unsecured creditors of the estate. A sale in Chapter 7, in the event the Debtors' cases are converted, requires funding. Neither Berkshire Bank nor any other creditor has committed to funding any such Chapter 7 sale process. Absent funding for a chapter 7 sale process, Berkshire Bank could seek

relief from the provisions of the automatic stay in order to prosecute its state court foreclosure action. The foreclosure action will likely leave junior lienholders and unsecured creditors with little or no recovery.

15. In addition, any conversion to Chapter 7 will inevitably result in a substantial loss of time as a trustee would need to be appointed and acquire the facts and information needed to liquidate these complex cases. That loss of time will almost certainly result in an inability to consummate a sale (assuming a sale process received a funding source) in time for the winter 2019/2020 season, resulting in lost value and opportunity. It is the Debtors intent to utilize the proceeds of the DIP Financing to complete its reorganization or consummate a sale of the Resort to ensure an opening for the winter ski season.

WHEREFORE, for all the foregoing reasons and the reasons more fully set forth in the DIP Motion, the Debtors respectfully request that the Court grant the Motion.

Dated: July 25, 2019  
      New Haven, Connecticut

THE DEBTORS,  
HERMITAGE INN REAL ESTATE HOLDING COMPANY, LLC and  
HERMITAGE CLUB, LLC

By:   /s/Douglas S. Skalka  
Douglas S. Skalka (ct00616)  
NEUBERT, PEPE & MONTEITH, P.C.  
195 Church Street, 13th Floor  
New Haven, Connecticut 06510  
Telephone 203.821.2000  
dskalka@npmlaw.com

*and*

Thomas P. Simon, Esq.  
McCormick, Fitzpatrick, Kasper & Burchard, P.C.  
40 George Street  
Burlington, Vermont 05401  
(802) 863-3494  
tps@mc-fitz.com

7

# EXHIBIT A

**The Hermitage Club**
**Confidential**
**Projected Weekly Cash Flow Analysis**

7/15/2019

| | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 | Week 7 | Week 8 | Week 9 | Week 10 | Week 11 | Week 12 | Week 13 | Week 14 | Week 15 | Week 16 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Operating Cash Receipts** | | | | | | | | | | | | | | | | |
| Membership Annual Dues | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Membership and Administrative | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Existing AR (Collections/Sweep) | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Lodging, Food and Beverage | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Snowsports & Mountain Operations | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Clubhouse Amenities | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Golf Course | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Restructure Funds Reserve and Other | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Receipts** | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Operating Cash Disbursements** | | | | | | | | | | | | | | | | |
| COGS Disbursements | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Admin Payroll | 11,307 | 11,307 | 11,307 | 11,307 | 11,307 | 11,307 | 11,307 | 11,307 | 11,307 | 11,307 | 11,307 | 11,307 | 11,307 | 11,307 | 11,307 | 11,307 |
| Operations Payroll | 8,025 | 8,025 | 8,025 | 8,025 | 8,025 | 8,025 | 8,025 | 8,025 | 8,025 | 8,025 | 8,025 | 8,025 | 8,025 | 8,025 | 8,025 | 8,025 |
| Employee Health Benefits | 1,499 | 1,499 | 1,499 | 1,499 | 1,499 | 1,499 | 1,499 | 1,499 | 1,499 | 1,499 | 1,499 | 1,499 | 1,499 | 1,499 | 1,499 | 1,499 |
| Mountain Operations Exp | - | 2,000 | - | 2,500 | 2,500 | 2,000 | - | 2,500 | 2,500 | 2,000 | 2,500 | 2,500 | 2,500 | 2,000 | 2,500 | 2,500 |
| Snowsports Exp | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Golf Course Exp | 718 | 718 | 718 | 718 | 718 | 718 | 718 | 718 | 718 | 718 | 718 | 718 | 718 | 718 | 718 | 718 |
| Clubhouse Amenity Exp | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Food & Beverage Exp | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Other Properties Exp | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Overhead - Utility | - | - | 20,525 | 200 | - | - | 20,525 | 200 | - | - | - | 20,725 | - | - | - | 20,525 |
| **Total Disbursements** | 21,549 | 23,548 | 42,073 | 24,248 | 24,048 | 23,548 | 42,073 | 24,248 | 24,048 | 23,548 | 24,048 | 44,773 | 24,048 | 23,548 | 24,048 | 44,573 |
| **Net Operating Cash Flow** | (21,549) | (23,548) | (42,073) | (24,248) | (24,048) | (23,548) | (42,073) | (24,248) | (24,048) | (23,548) | (24,048) | (44,773) | (24,048) | (23,548) | (24,048) | (44,573) |
| **Nonoperating Cash Disbursements & Receipts** | | | | | | | | | | | | | | | | |
| Loan Obligations | (1,317,500) | | | - | 10,000 | - | - | - | 10,000 | - | - | | 10,000 | - | - | - |
| Equipment, and Insurance Obligations | - | - | - | - | 37,870 | - | - | - | 37,870 | - | - | - | - | 37,870 | - | - |
| Berkshire Bank Payments | - | - | 42,500 | - | - | - | - | 42,500 | - | - | - | 42,500 | - | - | - | 42,500 |
| Coldbrook - Water/Sewer Fees | | | | | 75,000 | - | | | | | | | | | | |
| Real Estate Tax Obligations | | | | | 286,000 | - | | | | | | | | | | |
| Maintenance Allocation | - | - | 15,000 | - | - | | | | - | | | - | - | - | | |
| Professional Fee Escrow | - | - | - | - | 50,000 | - | - | - | - | 50,000 | - | - | - | 50,000 | - | - |
| US Trustee/Receiver Fees | - | - | - | - | 1,650 | - | - | - | - | 1,650 | - | - | - | 1,650 | - | - |
| **Total Nonoperating Cash Flow** | (1,317,500) | - | 57,500 | - | 460,520 | - | 42,500 | - | 47,870 | 51,650 | - | 42,500 | 10,000 | 89,520 | - | 42,500 |
| **Beginning Cash Balance** | - | 1,295,951 | 1,272,403 | 1,172,830 | 1,148,581 | 664,013 | 640,464 | 555,891 | 531,643 | 459,724 | 384,526 | 360,477 | 273,204 | 239,156 | 126,087 | 102,039 |
| Net Operating Cash Flow | (21,549) | (23,548) | (42,073) | (24,248) | (24,048) | (23,548) | (42,073) | (24,248) | (24,048) | (23,548) | (24,048) | (44,773) | (24,048) | (23,548) | (24,048) | (44,573) |
| Net Nonoperating Cash Flow | 1,317,500 | - | (57,500) | - | (460,520) | - | (42,500) | - | (47,870) | (51,650) | - | (42,500) | (10,000) | (89,520) | - | (42,500) |
| **Total Cash Flow** | 1,295,951 | (23,548) | (99,573) | (24,248) | (484,568) | (23,548) | (84,573) | (24,248) | (71,918) | (75,198) | (24,048) | (87,273) | (34,048) | (113,068) | (24,048) | (87,073) |
| **Ending Cash Balance** | 1,295,951 | 1,272,403 | 1,172,830 | 1,148,581 | 664,013 | 640,464 | 555,891 | 531,643 | 459,724 | 384,526 | 360,477 | 273,204 | 239,156 | 126,087 | 102,039 | 14,965 |

# EXHIBIT B

SECURED CLAIMS

| Secured Party | Interest | Berkshire Bank Ex. B |
|---|---|---|
| MR Steel Acquisition Corp. d/b/a Ameri-Fab | Mechanics Lien | $58,750.00 |
| Thomas Whit Armstrong, Jr. and Elizabeth Armstrong | Judgment | $198,242.12 |
| PJB Home Center, Inc. d/b/a Perkins Home Center | Mechanics Lien | $4,093.35 |
| PJB Home Center, Inc. d/b/a Perkins Home Center | Mechanics Lien | $30,645.19 |
| Green Mountain Power corp | Writ of Attachment | $257,628.11 |
| Michael Fayette d/b/a Mfayettecarpentryllc | Notice of Mechanics Lien | $18,844.00 |
| Stephen Kunkle d/b/a Stephen KunkleCarpentry | Mechanics Lien | $19,140.00 |
| Dan and John Lane d/b/a Lane Plumbing & Heating, LLC | Mechanics Lien | $68,504.33 |
| Craig Doersch Painting LLC | Judgment | $88,374.64 |
| Mountain Glass and Lock Corp. | Writ of Attachment | $54,057.02 |
| Vareschi Plumbing and Heating | Judgment | $19,380.00 |
| Manchester Carpet Care | Lien | $39,875.09 |
| Sysco Albany, LLC | Judgment | $23,541.61 |
| Greenfield Glass Co. | Lien | $4,928.88 |
| Austin Design Inc. | Judgment | $24,244.62 |
| Mortgagee: Fisher & Fisher Law Offices, PC | Motgage | $143,727.72 |
| Reinhart FoodSerice, LLC | Writ of Attachment | $1,587,448,10 |
| Gordon Bristol d/b/a Gordon Bristol Consulting | Judgment | $64,472.30 |
| Michael Fayette, Stephen Kunkle d/b/a StephenKunkleCarpentry | Writ of Attachment | $30,959.55 |
| Pioneer Timber Frames, LLC | Notice of Lien | $16,520.00 |
| Trinity Engineering and Technical Services, LLC | Mechanic's Lien | $13,557.75 |
| Metropolitan Golf Association | Judgment Order | $50,358.84 |
| Pamela Keefe, Trustee of the Carol Butler Trust | Judgment | $1,092,993.26 |

## SECURED CLAIMS

| Secured Party | Interest | Berkshire Bank Ex. B |
|---|---|---|
| Berkshire Bank | complaint for foreclosure | 22,077,301 |
| Dan Solaz | Writ of Attachment | $314,000.00 |
| Plimpton Excavating, LLC | Judgment | $37,102.84 |
| Harrington Engineering, Inc. | Lien | $39,953.59 |
| Ann Coleman | Lien | $1,670.44 |
| North Building Supplies, Inc. d/b/a/ WW Building Supply | Judgment | $151,744.44 |
| Triple T Trucking | Lien | $1,981.50 |
| Waite Envioronmental Management dba WaiteHeindel Enviornmenal Management | Contractor's Lien | $1,650.00 |
| David Manning, Inc. | Judgment | $34,805.97 |
| LH VT House, LLC and Lorista Holdings, LLC | Judgment | $1,174,560.40 |
| Cold Brook Fire District No. 1 | Lien | $4,879.32 |
| Opcoamericas, LLC dba Aethos Consulting Group | Writ of Attachment | $133,749.68 |
| Horizon's Engineering, Inc. | Mechanics Lien | $25,742.83 |
| Southern Vermont Sprinkler Services, Inc. | Judgment | $16,445.90 |
| Cold Brook Fire District No. 1 | Lien | $6,624.74 |
| Bobbi Resek | Lien | $33,564.50 |
| Trinity engineering & Technical Services, LLC | Mechanics Lien | $9,743.65 |
| Harrington Engineering | Mechanics Lien | $39,953.59 |
| Builder Services, inc. | Judgment | $26,585.98 |
| Triple T Trucking | Mechanics Lien | $10,528.39 |
| | Total: | $26,465,427.14 |

## DISPUTED CLAIMS

| Secured Party | Interest | Berkshire Bank Ex. B |
|---|---|---|
| BSA Architects d/b/a Bull Stockwell Allen | Judgment | $430,000 |
| Mortgagee: Donald Jarbro and Savanna Jabro | Mortgage | $450,000.00 |
| Southworth Electrical, Inc. | Mechanics Lien | $66,090.44 |
| Swan Electirc, Inc | Mechanics Lien | $62,510.60 |
| SVT Masonry, Inc. | Judgment | $103,719.21 |
| Seth Goodman and Jennifer Goodman | Writ of Attachment | $910,006.03 |
| Windham Architectural Metals | Lien | $16,209.16 |
| Mortgagee: RTM Capital Partners, Inc., LPV, 15-Hermitage, LLC and Curtis Matthews | Mortgage | $2,080,527.00 |
| Joyce Land Surveying Corp. | Contractor's Lien | $7,374.98 |
| Tyler Dickson and Rose Stewart Dickson | Writ of Attachment | $982,955.00 |
| Browns's Country Services, LLC d/b/a Dover Property Services | Notice of Lien | $150,382.86 |
| Key Drilling and Blasting Serivces, Inc | Lien | $66,600.00 |
| Triple T Trucking | Lien | $34,634.31 |
| Charles T. Collins and Ana Cladera | Judgment | $1,107,192.99 |
| TFT Holdings, LLC | Judgment | $1,458,249.00 |
| Bull Stockwell Allen | Mechanics Lien | $338,717.81 |
| | Total: | $8,265,169 |

NON-HIREHCO CLAIMS

| Secured Party | Notes | Berkshire Bank Ex. B |
|---|---|---|
| Vermont DPT Tax | Taxpayer: Hermitage Club, LLC | 337,926.74 |
| Vermont DPT Tax | Taxpayer: Hermitage Inn, LLC | 169,000.07 |
| Vermont DPT Tax | Taxpayer: Hermitage Inn, LLC | 26,625.76 |
| Vermont DPT Tax | Taxpayer: James Barnes | 114,450.24 |
| Vermont DPT Tax | Taxpayer: Hermitage Inn, LLC | 114,430.24 |
| Vermont DPT Tax | Taxpayer: Hermitage Club, LLC | 299,151.87 |
| Vermont DPT Tax | Taxpayer: Hermitage Club, LLC | 299,171.87 |
| Vermont DPT Tax | Taxpayer: Hermitage Inn, LLC | 4,396.90 |
| Iron Horse Roof | Hermitage Club | 25,631.11 |
| Vermont DPT Tax | Taxpayer: Hermitage Inn, LLC | 20,702.06 |
| Vermont DPT Tax | Taxpayer: Hermitage Club, LLC | 160,115.37 |
| Atomic Prof Audic | Hermitage Club, LLC | 71372.96 |
| True World Foods | Hermitage Club, LLC | 10790.58 |
| Greem Mount Con | Hermitage Club, LLC | 4,504.96 |
| Nanteeka Gloves, | Hermitage Club, LLC | 4,445.39 |
| Vermont DPT Tax | Taxpayer: Hermitage Club, LLC | 989,279.98 |
| Vermont DEPT Tax | Taxpayer: Hermitage Inn, LLC | 257,839.02 |
| Vermont Dept Tax | Taxpayer: Hermitage Inn, LLC | 257,859.02 |
| Dell Financial | Hermitage Club, LLC | 156,560.60 |
| Gear for Sports | Hermitage Club, LLC | 5,752.13 |
| | Total | 3,330,006.87 |

# EXHIBIT C

# ACORD CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY):** 05/29/2019

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

**PRODUCER:** The Richards Group, 48 Harris Place, PO Box 820, Brattleboro, VT 05302

**CONTACT NAME:** Michael Yarosevich
**PHONE (A/C, No, Ext):** (603) 354-7883
**FAX (A/C, No):** (802) 254-7110
**E-MAIL ADDRESS:** myarosevich@therichardsgrp.com

**INSURER(S) AFFORDING COVERAGE** | **NAIC #**
--- | ---
INSURER A: Evanston Insurance Company | 35378
INSURER B: |
INSURER C: |
INSURER D: |
INSURER E: |
INSURER F: |

**INSURED:** Hermitage Inn Real Estate Holding Company LLC; Hermitage Club LLC; 183 Gatehouse Trail; Deerfield Valley, VT 05363

**COVERAGES** **CERTIFICATE NUMBER:** CL1952932347 **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | [X] COMMERCIAL GENERAL LIABILITY [ ] CLAIMS-MADE [X] OCCUR | | | 3EU9048 | 05/28/2019 | 05/28/2020 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | | | | | | | MED EXP (Any one person) | $ EXCLUDED |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: [X] POLICY [ ] PROJECT [ ] LOC OTHER: | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ EXCLUDED |
| | | | | | | | | $ |
| | AUTOMOBILE LIABILITY ANY AUTO OWNED AUTOS ONLY / SCHEDULED AUTOS HIRED AUTOS ONLY / NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | UMBRELLA LIAB / EXCESS LIAB OCCUR / CLAIMS-MADE DED RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY Y/N ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | PER STATUTE / OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

**CERTIFICATE HOLDER:** US Bankruptcy Court, 11 Elmwood Avenue, Burlington, VT

**CANCELLATION:** SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**AUTHORIZED REPRESENTATIVE:** *Michael Yarosevich* (signature)

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03) The ACORD name and logo are registered marks of ACORD

# ACORD® CERTIFICATE OF PROPERTY INSURANCE

DATE (MM/DD/YYYY): 05/29/2019

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

**PRODUCER**
The Richards Group
48 Harris Place
PO Box 820
Brattleboro VT 05302

**CONTACT NAME:** Michael Yarosevich
**PHONE (A/C, No, Ext):** (603) 354-7883
**FAX (A/C, No):** (802) 254-7110
**E-MAIL ADDRESS:** myarosevich@therichardsgrp.com
**PRODUCER CUSTOMER ID:** 00035958

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: HDI Specialty Insurance Company | 16131 |
| INSURER B: | |
| INSURER C: | |
| INSURER D: | |
| INSURER E: | |
| INSURER F: | |

**INSURED**
Hermitage Real Estate Holding Company LLC
Hermitage Club LLC
183 Gatehouse Trail
Deerfield Valley VT 05363

**COVERAGES** CERTIFICATE NUMBER: CP1952901920 REVISION NUMBER:

**LOCATION OF PREMISES / DESCRIPTION OF PROPERTY** (Attach ACORD 101, Additional Remarks Schedule, if more space is required)
BASE LODGE, 8 GRENOBLE WAY, SKI AREA BUILDINGS, HORIZON INN, GOLD COURSE PRO SHOP / BUILDINGS, HERMITAGE INN AND DOVEBERRY INN RENOVATION OF HERITAGE CLUB SKI RESORT – 7 BUILDINGS

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YYYY) | POLICY EXPIRATION DATE (MM/DD/YYYY) | COVERED PROPERTY | LIMITS |
|---|---|---|---|---|---|---|---|
| A | [X] PROPERTY | | PENDING | 05/28/2019 | 05/28/2020 | [X] BUILDING | $ 33,900,000 |
| | CAUSES OF LOSS | DEDUCTIBLES | | | | PERSONAL PROPERTY | $ |
| | BASIC | BUILDING 25,000 | | | | BUSINESS INCOME | $ |
| | [X] BROAD | CONTENTS | | | | EXTRA EXPENSE | $ |
| | SPECIAL | | | | | RENTAL VALUE | $ |
| | EARTHQUAKE | | | | | BLANKET BUILDING | $ |
| | WIND | | | | | BLANKET PERS PROP | $ |
| | FLOOD | | | | | BLANKET BLDG & PP | $ |
| | [X] ACV | | | | | [X] Complete cost of insured project | $ 4,000,000 |
| | INLAND MARINE | | TYPE OF POLICY | | | | $ |
| | CAUSES OF LOSS | | | | | | $ |
| | NAMED PERILS | | POLICY NUMBER | | | | $ |
| | | | | | | | $ |
| | CRIME | | | | | | $ |
| | TYPE OF POLICY | | | | | | $ |
| | | | | | | | $ |
| | BOILER & MACHINERY / EQUIPMENT BREAKDOWN | | | | | | $ |
| | | | | | | | $ |
| A | Temporary Structures not included in blanket building limit | | PENDING | 05/28/2019 | 05/28/2020 | [X] Temporary Structures | $ 25,000 |
| | | | | | | | $ |

**SPECIAL CONDITIONS / OTHER COVERAGES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Additional Insureds: Owner, contractors and subcontractors, tenants at the "project site" and engineers, all as required by any written contract made prior to the date of loss or damage covered property and including any other entity as required by the first Named Insured and then only as to their respective financial interest in the Covered Property are Additional Insureds under this policy. As respects manufactures and suppliers, their interest is limited to their respective financial interest in the Covered Property at the "project site" only.

**CERTIFICATE HOLDER**
US Bankruptcy Court
11 Elmwood Avenue
Burlington VT

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**AUTHORIZED REPRESENTATIVE**
*Michael Yarosevich* (signature)

© 1995-2015 ACORD CORPORATION. All rights reserved.
ACORD 24 (2016/03) The ACORD name and logo are registered marks of ACORD

**ACORD® CERTIFICATE OF LIABILITY INSURANCE**

OP ID: AD
DATE (MM/DD/YYYY): 07/15/2019

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Nicholas Hill |
|---|---|
| Hill Family Insurance Agcy Inc<br>10 Turnpike Road<br>Jaffrey, NH 03452-<br>Nicholas Hill<br>603-532-4131 | PHONE (A/C, No, Ext): 603-532-4131  FAX (A/C, No): 603-532-9303<br>E-MAIL ADDRESS: |

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: Tokio Marine Specialty | |
| INSURER B: | |
| INSURER C: | |
| INSURER D: | |
| INSURER E: | |
| INSURER F: | |

INSURED:
Hermitage Inn Real Estate Holding Company LLC
Hermitage Club LLC
183 Gatehouse Trail
Deerfield Valley, VT 05363

**COVERAGES**   CERTIFICATE NUMBER:   REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | COMMERCIAL GENERAL LIABILITY<br>☐ CLAIMS-MADE ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER:<br>☐ POLICY ☐ PROJECT ☐ LOC<br>☐ OTHER: | | | | | | GENERAL AGGREGATE | $ |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | | | | | | | | $ |
| | AUTOMOBILE LIABILITY<br>☐ ANY AUTO<br>☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS<br>☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ UMBRELLA LIAB ☐ OCCUR<br>☐ EXCESS LIAB ☐ CLAIMS-MADE<br>☐ DED ☐ RETENTION $ | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | AGGREGATE | $ |
| | | | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? Y/N<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | ☐ PER STATUTE ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | Inland Marine | | | IM5000780-00 | 07/10/2019 | 07/10/2020 | Property | 13,800,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)
Barnstormer Doppelmeyer 6 CLDB $8,200,000 / Hayfever Sky Track Triple $400,000 / Tage Sky Track Quad $750,000 / Stags Leap Sky Track Quad $1,350,000 / Witches POMA Triple $700,000 / Miscellaneous Equipment $2,400,000. Bershire Bank, Barnstormer Summit Lift, LLC and Lakeland Bank are listed as Loss Payee and Additional Insured.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| HERMITA<br>Hermitage Inn Real Estate Holding Company LLC<br>Hermitage Club LLC<br>183 Gatehouse Trail<br>Deerfield Valley, VT 05363 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.<br><br>AUTHORIZED REPRESENTATIVE<br>*Abigail Dennis* |

ACORD 25 (2016/03)    © 1988-2015 ACORD CORPORATION. All rights reserved.
The ACORD name and logo are registered marks of ACORD