UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| In re: ) | | |
| ) | Case No. 19-10214 | |
| HERMITAGE INN REAL ESTATE ) | Chapter 11 | |
| HOLDING COMPANY, LLC ) | (Jointly Administered) | |
| ) | | |
|       Debtor ) | | |
| _____ ) | | |
| ) | | |
| In re: ) | Case No. 19-10276 | |
| ) | Chapter 11 | |
| HERMITAGE CLUB, LLC ) | (Jointly Administered) | |
| ) | | |
|       Debtor ) | | |
| _____ ) | | |

**LIMITED RESPONSE TO DEBTORS' MOTION FOR FINAL ORDER AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING AND GRANTING LIENS AND SUPERPRIORITY CLAIMS TO THE DIP LENDER**

NOW COME Pamela Keefe, as Trustee of the Carol Butler Trust, a creditor; Seth Goodman, a creditor; Jennifer Goodman, a creditor; Tyler Dickson, a creditor; Rose Stewart Dickson, a creditor; Charles Collins, a creditor; Ana Cladera, a creditor; and TFT Holdings, LLC (collectively referred to herein as the "**Chamonix Village Creditors**"), make this limited response to Debtors' Motion for Final Order Authorizing the Debtors to Obtain Post-petition Financing and Granting Liens and Superpriority Claims to the DIP Lender (the "**DIP Financing Motion**," Doc #147) filed in the jointly administered cases of Hermitage Inn Real Estate Holding Company, LLC ("**HIREHC**" or the "**Debtor**") and Hermitage Club, LLC (the "**Club**") and in support thereof state as follows:

1. Each of the Chamonix Village Creditors entered into a purchase and sale agreement with HIREHC for the purchase of a townhome in Chamonix Village, one of the development areas owned by the Debtor. They each paid the funds required by their

purchase and sale agreement, the townhomes were constructed, and they took occupancy of their properties. They currently occupy the properties, and pay all taxes and other charges associated with ownership thereof.

2. The Debtor was unable to convey clear title to these parties' townhomes as required by the purchase and sale agreements, primarily because of the liens filed against the Debtor's properties by other creditors. Each of the Chamonix Village Creditors filed suit in state court, and each have obtained writs of attachment and judgment orders in their favor (attached hereto as Exhibits A-E). These writs and orders were obtained and recorded between July, 2017 and June, 2018, more than 90 days prior to the commencement of any bankruptcy proceeding involving the Debtor.

3. Each judgment order (collectively, the "**Judgment Orders**"), in relevant part (i) declares that the plaintiff is the "equitable owner of the Unit", (ii) requires the Debtor to convey to the plaintiff "marketable title, free and clear of encumbrances and defects" within 15 days of the Order, and (iii) imposes a constructive trust on the Unit in favor of the plaintiff.

4. Upon the filing of the Debtor's interim DIP Financing Motion, the question arose, under the facts stated above, whether the properties referenced in the Judgment Orders were a part of the bankruptcy estate and subject to the priming lien proposed by the Debtor in the DIP Financing Motion. In order to avoid having to deal with this issue (perhaps unnecessarily) at this stage in the proceeding, undersigned counsel requested that the proposed DIP lender agree to carve these properties out of the operation of the priming lien. The Debtor and the proposed DIP lender agreed to this request, and that concession is documented in the proposed Debtor-in-Possession

Loan and Security Agreement (Exhibit A to the DIP Financing Motion) (the "**Proposed Loan Agreement**"). See Section 2, definition of "Chamonix Village Liened Properties" (at p. 4), definition of "Mortgage" (at p. 8), and definition of "Properties" (at p. 8).

5. The Proposed Loan Agreement asserts that the Chamonix Village Liened Properties are "owned" by the Debtor (see the definition of "Chamonix Village Liened Properties"). Based in part on the Judgment Orders, the Chamonix Village Creditors dispute that contention, and contend instead that the properties subject to the Judgment Orders are owned by them and are not a part of the bankruptcy estate of the Debtor.

6. It would not be an efficient use of the resources of the Court or the parties to resolve this issue at the present time, and by this filing the Chamonix Village Creditors do not seek a determination of the question at this time. The carve-out of these properties from the operation of the priming lien, if granted, is an adequate temporary substitute for such a determination. Rather, the purpose of this filing is to put the parties on notice of the position of the Chamonix Village Creditors with respect to their properties, and avoid any claim that their silence on this issue in the face of the Proposed Loan Agreement constitutes a judicial admission on the question of ownership.

7. Except as expressly stated in this Response, the Chamonix Village Creditors take no position with respect to the DIP Financing Motion.

Dated: July 25, 2019

          PAMELA KEEFE, TRUSTEE, THE CAROL BUTLER TRUST; TFT HOLDINGS, LLC; SETH GOODMAN; JENNIFER GOODMAN; TYLER DICKSON; ROSE DICKSON; CHARLES COLLINS AND ANA CLADERA

BY: PAUL FRANK + COLLINS P.C.


BY: */s/ Robert S. DiPalma*
   Robert S. DiPalma, Esq.
   Paul Frank + Collins P.C.
   One Church Street
   PO Box 1307
   Burlington, VT 05402-1307
   Telephone: (802) 658-2311
   Facsimile: (802) 658-0042
   Email: rdipalma@pfclaw.com

## CERTIFICATE OF SERVICE

I, Robert S. DiPalma, hereby certify that on this 25th day of July, 2019, I caused to be served a copy of the Limited Response To Debtors' Motion For Final Order Authorizing The Debtors To Obtain Post-Petition Financing And Granting Liens And Superpriority Claims To The DIP Lender filed herewith to be served by this Court's CM/ECF System.

> */s/ Robert S. DiPalma*
> Robert S. DiPalma, Esq.
> Paul Frank + Collins P.C.
> One Church Street
> PO Box 1307
> Burlington, VT 05402-1307
> Telephone: (802) 658-2311
> Facsimile: (802) 658-0042
> Email: rdipalma@pfclaw.com

7660893_1:13200-00001