# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF VERMONT

Filed & Entered
On Docket
July 30, 2019

| | |
|---|---|
| In re: ) | |
| ) | |
| HERMITAGE INN REAL ESTATE ) | Chapter 11 |
| HOLDING COMPANY, LLC, ) | Case Nos. 19-10214 (CAB) and |
| ) | 19-10276 (CAB) |
| and ) | Jointly Administered |
| ) | |
| HERMITAGE CLUB, LLC, ) | |
| ) | |
| Debtors. ) | |
| ) | |

**ORDER CONVERTING CHAPTER 11 CASES TO**
**CHAPTER 7 CASES FOR CAUSE PURSUANT TO 11 U.S.C. § 1112(b)(1) and (4)**
**AND TERMINATING RECEIVER'S ROLE IN BANKRUPTCY CASES**

Upon the United States Trustee's Motion to Convert or Dismiss Chapter 11 Cases or in the Alternative to Appoint Chapter 11 Trustee (Doc. # 126) (the "Motion"); and the Joinder in Support of United States Trustee's Motion to Convert or Dismiss filed by Berkshire Bank (Doc. # 159); the Joinder of Ad Hoc Committee of Members of Hermitage Inn Real Estate Holding Company, LLC and the Hermitage Club, LLC to United States Trustee's Motion to Convert Chapter 11 Cases (Doc. # 162); the Joinder of Barnstormer Summit Lift, LLC to United States Trustee's Motion to Convert to Chapter 7 (Doc. # 161); the Joinder of Town of Wilmington to United States Trustee's Motion to Convert Chapter 11 Cases (Doc. # 173); (collectively, the "Joinders to the Motion"); which Joinders to the Motion the Court views as separate Motions to Convert; and

Upon consideration of the Debtor's Objection to the U.S. Trustee's Motion to Convert or Dismiss (Doc. # 164); (the "Debtor's Objection"); and

After due notice and a hearing before the Court on July 26, 2019.

IT IS HEREBY FOUND AND ORDERED:

1. The Court finds that cause exists under 11 U.S.C. §§ 1112(b)(1) & 1112 (b)(4)(A), (B) and (C) to convert these cases to Chapter 7 due to the continuing loss and diminution of the Debtors' estates and the absence of a reasonable likelihood of rehabilitation; the Debtors' gross mismanagement of the estates; and the Debtors' failure to maintain insurance, all as detailed in the Joinders to the Motion, and on the record at the evidentiary hearing on July 26, 2019 on the Debtors' Motion for Final Order (I) Authorizing the Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105(a), 362 and 364(c) and (d), (II) Granting Liens and Superpriority Claims to the DIP Lender Pursuant to 11 U.S.C. § 364(c), and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001, and on the record at the hearing on the Motion; and

2. The Court finds that it is in the best interest of creditors that these cases be converted; and

3. The Joinders In Support of the United States Trustee's Motion to Convert are granted and the Debtors' Objection is overruled; and

4. The Chapter 11 cases of the Debtors are hereby converted to cases under Chapter 7; and

5. Upon appointment of a Chapter 7 Trustee by the office of the United States Trustee, the Receiver, Alan Tantleff, will be relieved of his duties in these cases and the Chapter 7 Trustee will take over such duties except that the Receiver may have a short period of time, as approved and authorized by Berkshire Bank, to wrap up his responsibilities and provide such information and transition assistance to the Chapter 7 Trustee as the Trustee reasonably requests - or the Court approves, if the Trustee, the Receiver, and Berkshire Bank cannot agree as to when the Receiver shall be relieved of the duties assigned to him, under this Court's May 31, 2019 Order (doc. # 42).

**IT IS SO ORDERED.**

*/s/ Colleen A. Brown*

Hon. Colleen A. Brown
United States Bankruptcy Judge

July 30, 2019
Burlington, Vermont

58908501 v3