**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

Filed & Entered
On Docket
July 30, 2019

|  |  |
|---|---|
| In re<br>**HERMITAGE INN REAL ESTATE**<br>**HOLDING COMPANY, LLC,**<br>Debtor. | Chapter 11<br>Case # 19-10214<br>Jointly Administered |
| In re<br>**HERMITAGE CLUB, LLC,**<br>Debtor. | Chapter 11<br>Case # 19-10276 |

## ORDER
### DENYING DEBTORS' MOTION FOR APPROVAL OF POST-PETITION FINANCING AND DENYING DEBTORS' MOTION TO ASSUME INSURANCE FINANCE AGREEMENT

On July 26, 2019, this Court held a five-hour evidentiary hearing in these jointly administered cases to address two motions the Debtors filed:

(1) the Debtors' Motion For Final Order (I) Authorizing The Debtors To Obtain Post-petition Financing Pursuant To 11 U.S.C. §§ 105(a), 362 And 364(c) and (d), (II) Granting Liens and Superpriority Claims To The DIP Lender Pursuant to 11 U.S.C. § 364(c), and (III) Scheduling A Final Hearing Pursuant To Bankruptcy Rule 4001 (doc. # 147, the "Debtors' Motion to Borrow"), and

(2) the Debtors' Motion for an Order Authorizing the Debtor to Assume Insurance Finance Agreement and Provide Adequate Protection (doc. # 90, the "Debtors' Insurance Motion") (together, the "Debtors' Motions").

Prior to commencing the hearing, the Court carefully reviewed the record in this case, including the Debtors' Motions, the numerous objections filed to those motions doc. ## 122, 123, 125, 128, 129, 133, 135), and the Joint Stipulation of Facts and Exhibits regarding Evidentiary Hearing on Debtors' Motions (doc. # 166). At the July 26th hearing, the Court heard testimony from the Debtors' witnesses (James F. Fisher, MAI and James Barnes), who were the subject of significant direct and cross-examination. The Court also heard extensive arguments of counsel, including the arguments of Douglas Skalka, Esq., who appeared on behalf of the Debtors, in support of the Debtors' Motions; as well arguments from the following attorneys, who presented their positions in opposition to the Debtors' Motions:

(i) David Dunn, Esq. on behalf of Barnstormer Summit Lift, LLC,
(ii) Paul O'Donnell, Esq., and Scott McQuilkin, Esq., on behalf of Berkshire Bank,

(iii) Andre Bouffard, Esq., on behalf of the ad hoc committee of unsecured creditors,
(iv) Edward Adrian, Esq., on behalf of the Town of Wilmington,
(v) John J. Kennelly, Esq., on behalf of the Cold Brook Fire District 1, and
(vi) Lisa Penpraze, Esq., on behalf of the U.S. Trustee for Region 2.

After due consideration of the entire record in these cases, the evidence presented at the July 26, 2019 evidentiary hearing, and taking into account the necessity of an immediate determination not just for the benefit of the creditors who have appeared in the case, but also for the benefit of the community surrounding the Debtors' property, the State of Vermont, the municipal entities with an interest in the property, and potential employees, the Court decided, in the interest of justice, to issue a bench ruling on the Debtors' Motions, as well as on the U.S. trustee's motion to either dismiss these cases, convert these cases to chapter 7, or appoint a chapter 11 trustee to operate the Debtors. The Court enters this Order to memorialize its determination to deny the Debtors' Motions.

THE COURT FOUND, for the reasons set forth in the record, including (a) the lack of reliability of the Debtors' appraisal (due to its failure to account for the current status of the Debtors' permitting efforts, and lack of adequate sales comparisons underlying his determination of value), and (b) the Debtors' unrealistic proposed budget for the financing period, that the Debtors failed to meet their burden of proof under 11 U.S.C. § 364. That statute provides, in pertinent part, as follows:

(d)(1) The court, after notice and hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if
 (A) the [Chapter 11 Debtor] is unable to obtain such credit otherwise; and
 (B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is to be granted.
(2) In any hearing under this subsection, the [Chapter 11 Debtor] has the burden of proof on the issue of adequate protection.

THE COURT FURTHER FOUND, based on the record and the Debtors' admission that, without approval of the post-petition financing, the Debtors had no funds with which to purchase insurance, and hence, the Insurance Motion became moot.

THEREFORE, effective July 26, 2019, the Debtors' Motion to Borrow and the Debtors' Insurance Motion were both DENIED.*

July 30, 2019  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge

---

* At this hearing, the Court also granted the U.S. trustee motion and multiple joinders, for conversion of these jointly administered chapter 11 cases to chapter 7, see doc. # 189.

2