## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HERMITAGE INN REAL ESTATE | ) | Chapter 7 |
| HOLDING COMPANY, LLC, | ) | Case Nos. 19-10214 (CAB) and |
| | ) | 19-10276 (CAB) |
| and | ) | Jointly Administered |
| | ) | |
| HERMITAGE CLUB, LLC, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |

### MOTION OF BERKSHIRE BANK FOR RELIEF FROM AUTOMATIC STAY

Now comes Berkshire Bank (the "Bank"), by and through its undersigned counsel, and hereby moves for the entry of an order granting the Bank relief from the automatic stay pursuant to  11 U.S.C. §§ 362(d)(1) and (2) to permit the Bank to enforce its mortgage and security interest in its collateral  including, but not limited to the continued prosecution of the  foreclosure and replevin action against the Debtors' properties filed in the Superior Court of Vermont, Windham Unit.

In support of this Motion, the Bank respectfully represents as follows:

### A.      Preliminary Statement

The Bank is a secured creditor of the Debtors as a result of certain loans made by the Bank to the Debtors and more particularly described herein.  The Bank's claims against the Debtors are secured by liens on substantially all of the Debtors' assets.  The Bank's interest in the Debtors' assets is not adequately protected due to the continuing diminution in the value of those assets, and the Debtors are unable to provide the Bank with adequate protection. Accordingly, cause exists to grant the Bank relief from the automatic stay under 11 U.S.C. §

362(d)(1).  Additionally, the Debtors have no equity in the property securing the Bank's claim

and such property is not necessary to an effective reorganization, as no such effective

reorganization is possible given the Debtors' Chapter 11 cases were converted to cases under

Chapter 7 by Order of the Court on July 30, 2019 (Doc. # 189).

### B.     The Bank's Secured Claim

1.     Hermitage Inn Real Estate Holding Company, LLC ("HIREHC"), one of the

Debtors in these cases, is the owner of the former Haystack Mountain ski resort and related

properties and assets, consisting of approximately 800+ acres in the aggregate, located in the

Towns of Dover and Wilmington, Windham County, Vermont; the lodging establishments

known as the Hermitage Inn (Dover, VT), the Snow Goose Inn (Dover, VT), Horizon Inn

(Wilmington, VT), the Doveberry Inn (Dover, VT) (HIREHC is the sole member of the

limited liability company that owns the Doveberry Inn); the golf course and buildings and

amenities associated with the operation of the golf club (Wilmington, VT); and certain vacant

lots, infrastructure, water rights, and rights under a long term lease with the Town of

Wilmington to lease certain lands and premises associated with the operation of the ski area

(Wilmington and Dover, VT) (the "Property" or the "Site").  HIREHC constructed a base

lodge on the Property (the "Base Lodge") and other buildings and structures, and has

development rights to construct other improvements on the Property (the "Proposed

Improvements").[1]

2.     The street addresses of the real property assets described in paragraph 1 hereof are

as follows:  Ski Resort and Base Lodge - 10 and 183 Gatehouse Trail, Wilmington, VT;

Hermitage Inn - 25 Handle Road, Dover, VT; Horizon Inn – 861 Route 9 East, Molly Stark

---

[1] The legal description of the mortgaged property is extensive and is described in detail in the Berkshire Bank
Mortgage, which is attached to the Affidavit of Peter A. Landauer filed with this Motion.

58881680 v3

Trail, Wilmington, VT; Snow Goose Inn - 259 Route 100, Dover, VT; Doveberry Inn - 284 Route 100, Dover, VT; Golf Course - 70 Spyglass Road, Wilmington, VT.

3.     On or about September 30, 2013, HIREHC and the Bank entered into that certain Construction Loan Agreement (as amended through the date hereof, the "Loan Agreement"), pursuant to which the Bank agreed to make certain loans to HIREHC in the aggregate amount of up to $20,000,000 (the "Original Loans") to enable HIREHC to construct or complete construction of the Base Lodge and the Proposed Improvements.  A true and accurate copy of the Loan Agreement is attached as Exhibit A to the Affidavit of Peter A. Landauer, First Vice President of the Bank, filed herewith (hereinafter, the "Landauer Affidavit").

4.     On or about December 3, 2014, the Bank and HIREHC amended the Loan Agreement, and bifurcated the Original Loans into:  (i) a $15,000,000 loan to finance the Base Lodge (the "Base Lodge Loan"), as evidenced by a Second Amended and Restated Promissory Note (Base Lodge Loan) dated December 3, 2014 made by HIREHC and payable to the order of the Bank (the "Second Amended and Restated Base Lodge Note"); and (ii) a $5,000,000 revolving loan for costs incurred by HIREHC in connection with the construction of the Proposed Improvements (the "Revolving Loan"), as evidenced by a Second Amended and Restated Revolving Credit Promissory Note dated December 3, 2014 made by HIREHC and payable to the order of the Bank (the "Revolving Note").  A true and accurate copy of the Second Amended and Restated Base Lodge Note is attached to the Landauer Affidavit as Exhibit B.

5.     On or about June 28, 2016, HIREHC executed and delivered to the Bank a Third Amended and Restated Promissory Note (Bridge Loan) in the principal amount of One Million Dollars ($1,000,000) (the "Bridge Loan Note"), which Bridge Loan Note amended

3

and restated the Revolving Note in its entirety on a non-revolving basis.  A true and accurate copy of the Bridge Loan Note is attached to the Landauer Affidavit as <u>Exhibit C</u>.

6.    On or about July 18, 2017, pursuant to further borrowings and amendments to the Loan Agreement, HIREHC executed and delivered to the Bank an additional promissory note in the original principal amount of $1,100,000 (the "<u>Second Bridge Loan Note</u>"). A true and accurate copy of the Second Bridge Loan Note is attached to the Landauer Affidavit as <u>Exhibit D</u>.

7.    The loans evidenced by the Second Amended and Restated Base Lodge Note, the Bridge Loan Note and the Second Bridge Loan Note are hereinafter referred to as the "<u>Bank Loans</u>," and the three Notes are collectively referred to hereinafter as the "<u>Notes</u>".

8.    As of July 9, 2019, the unpaid balance, including accrued and unpaid interest, late charges and certain capitalized expenses, due to the Bank under the Bank Loans is as follows:

|  | Balance |
| --- | --- |
| Second Amended and Restated Base Lodge Note: | $18,177,054.17 |
| Bridge Loan Note | $1,116,186.16 |
| Second Bridge Loan Note: | $1,168,852.54 |
| Total | $20,462,092.87 |

(<u>See</u>, Landauer affidavit, Para. 11)

9.    Interest accrues on the Notes at the rate the following per diem rates:  Second Amended and Restated Based Lodge Note ($2,536.99), Bridge Loan Note ($232.86), and Second Bridge Loan Note ($223.35), which collectively translates to $84,396.00 in interest accrual for every thirty days. (<u>See</u>, Landauer Affidavit, Para. 12)

58881680 v3

10.  The balance due under the Second Amended and Restated Base Lodge Note includes $2,593,120.29 in expenses that were incurred by the Bank from January of 2018 through September of 2018 in maintaining and preserving the Bank's Collateral (as defined below). (See, Landauer Affidavit, Para. 13)

11.  The Bank has incurred $1,615,209.08 in expenses since September of 2018 to preserve the Bank's Collateral (as defined below) and protects its interest under the Bank Loans.  (See, Landauer Affidavit, Para. 14).

12.  The total amount of the Bank's claim is no less than $22,077,000 as of July 9, 2019. (See, Landauer Affidavit, Para. 17)

13.  To secure all of the indebtedness and obligations due to the Bank under the Loan Agreement (collectively, the "Obligations"), HIREHC executed in favor of the Bank that certain Construction Mortgage and Security Agreement dated as of September 30, 2013, as amended by (i) that certain Amendment of Mortgage between HIREHC and the Bank dated as of April 30, 2014, (ii) that certain Second Amendment of Mortgage between HIREHC and the Bank dated as of November 12, 2014, (iii) that certain Third Amendment of Mortgage between HIREHC and the Bank dated as of December 3, 2014, (iv) that certain Fourth Amendment of Mortgage between HIREHC and the Bank dated December 4, 2015, (v) that certain Fifth Amendment of Mortgage between HIREHC and the Bank dated June 28, 2016, (vi) that certain Sixth Amendment of Mortgage between HIREHC and the Bank dated February 1, 2017, (vii) that certain Seventh Amendment of Mortgage between HIREHC and the Bank dated February 10, 2017, and (viii) that certain Eight Amendment of Mortgage between HIREHC and the Bank dated Jul 18, 2017, with respect to the Property (said Construction Mortgage and Security Agreement, as so amended through the date hereof,

5

being hereinafter referred to as the "Mortgage").  The Mortgage and all amendments thereto

have been properly recorded with the Dover (Vermont) Land Records and the Wilmington

(Vermont) Land Records, thereby properly perfecting the Bank's rights under the Mortgage.

Copies of the Mortgage and all amendments are attached as Exhibit F to the Landauer

Affidavit.

14.   The Mortgage covers all of the real estate owned by HIREHC and located at the

Resort, with the exception of minor parcels of undeveloped land adjacent at the Resort and the

Nordic Hills Lodge (the "Real Property Collateral").  Pursuant to the Mortgage, the Bank also

has a lien on substantially all of the personal property owned by HIREHC (the "Personal

Property Collateral").

15.   In connection with the Original Loans, on September 30, 2013, James Barnes, the

principal of the Debtors (the "Guarantor"), executed a Guaranty in favor of the Bank, under

which the Guarantor guaranteed the Obligations of HIREHC to the Bank under the Loan

Agreement (the "Guaranty"), which Guaranty has been amended and restated through the date

hereof, and continues in full force and effect with respect to the Bank Loans.

16.   Also in connection with the Original Loans, on September 30, 2013, the Club

executed a Security Agreement in favor of the Bank, under which the Club granted to the

Bank a security interest and lien on all assets owned by the Club (the "HC Security

Agreement," and the "HC Collateral"), which HC Security Agreement continues in full force

and effect.  The HC Collateral, the Real Property Collateral and the Personal Property

Collateral are collectively referred to herein as the "Bank's Collateral."  A true and accurate

copy of the HC Security Agreement is attached to the Landauer Affidavit as Exhibit G.

58881680 v3

17.  The Bank perfected its interest under the HC Security Agreement by filing UCC-1 Financing Statements with the Connecticut Secretary of State.  The Bank perfected is security interest in the HIREHC personal property by filing UCC-1 Financing Statements with the Connecticut Secretary of State.  True and accurate copies of such UCC-1 Financing Statements are attached to the Landauer Affidavit as <u>Exhibit H</u>.

18.  The Debtors defaulted in the Obligations in September of 2016 and the Bank, the Debtors and the Guarantor entered into a series of forbearance agreements, with the last dated November 30, 2017.  The Debtors ultimately failed to comply with the terms of these forbearance agreements and on February 23, 2018, the Bank commenced an action to foreclose its Mortgage in the Vermont Superior Court, Windham Division (the "<u>State Court Foreclosure Action</u>").

19.  On June 6, 2018, on request of the Bank, the State Court appointed Alan Tantleff of FTI Consulting Inc. as the Receiver for the Bank's collateral (the "<u>Receiver</u>").[2]

20.  The Bank prosecuted the State Court Foreclosure Action until the involuntary petition was filed against HIREHC on May 22, 2019 (the "<u>Involuntary Petition</u>").

21.  Upon the filing of the Involuntary Petition, the Bank moved for an order retaining the Receiver in place to maintain the status quo and to continue to protect and preserve the Debtors assets, which motion was allowed by this Court at the hearing on the motion on May 30, 2019.

22.  The Receiver has remained in place thus far in these cases.

23.  The Debtors Chapter 11 cases were converted to cases under Chapter 7 by order of the Court on July 30, 2019 (Doc. # 189).

**A.    <u>The Bank Should be Granted Relief From The Automatic Stay</u>**

---

[2] The Bank's collateral represents substantially all of Debtor's assets.

58881680 v3

Section 362(d) of the Bankruptcy Code provides as follows:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>    (A) the debtor does not have any equity in such property; and
>    (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1) and (2).

1.  Grounds for Relief Under Section 362(d)(1)

While "cause" is not defined in Section 362(d)(1), or anywhere else in the Bankruptcy Code, the term does specifically include lack of adequate protection as constituting cause under 362(d)(1). Similarly, "adequate protection" is not defined in the Bankruptcy Code, but examples of adequate protection are provided in Section 361 of the Bankruptcy Code, which provides that adequate protection may be provided by cash payments, or granting of replacement liens, to *protect the interest holder from a decrease in the value of such entities' interest in such property.* 11 U.S.C. §361. (Emphasis supplied). In other words, adequate protection in any form is meant to protect a secured creditor, like the Bank, from a decrease in the value of the Bank's interest in the Debtors' property; to wit, the Bank's Collateral.

The Bank's interest in the Debtors' property is the lien that the Bank has on the Bank's Collateral securing the Bank's claim. If the Bank's Collateral is decreasing in value as a result of the automatic stay provisions of Section 361 of the Bankruptcy Code, then the Bank is entitled to adequate protection, and if the Debtors cannot provide the Bank with adequate protection, then cause exists to grant the Bank relief from the automatic stay under Section 362(d)(1) of the

8

Bankruptcy Code. The Debtors do not have any unencumbered assets, nor any income or cash with which they could provide adequate protection to the Bank.

As set forth in the Landauer Affidavit, the Bank, not the Debtors, have been paying the basic expenses necessary to preserve and protect the Bank's Collateral since April of 2018, and continuing during the pendency of these cases, including payment of real estate taxes, water and sewer charges, insurance, utilities and lease payments.  The Debtors had and have no funds or operations to generate revenue to pay these most basic expenses.  Absent payment of these most basic expenses, the value of the Bank's Collateral would be subject to immediate and rapid deterioration in value.  If the Bank did not pay the real estate taxes or water and sewer charges, those unpaid charges would be secured by priming liens negatively impacting the Bank's interest in the Debtors' property.  Absent payment of insurance and basic maintenance expenses, those assets would be subject to possible loss, deterioration and waste.  As such, the only adequate protection being provided to the Bank at this time is being provided by the Bank itself.  The Bank submits that the Debtors' inability to maintain and preserve their assets, forcing the Bank to do so at its own expense, constitutes cause for granting the Bank relief from the automatic stay under Section 362(d)(1) of the Bankruptcy Code.

2.    <u>Grounds for Relief Under Section 362(d)(2)</u>

The Bank submits that it is entitled to relief from stay under Section 362(d)(2) as well because the Debtors do not have any equity in the Bank's Collateral, and the Bank's Collateral is not necessary to an effective reorganization.  These cases are Chapter 7 cases and no reorganization of the Debtors' or the estates is possible or contemplated.

The Bank commissioned Colliers International ("<u>Colliers</u>") to appraise the Bank's Collateral and Colliers has prepared an appraisal report dated July 11, 2019 (the "<u>Bank's</u>

9

Appraisal").[3]  The Bank's Appraisal values the Bank's collateral at $23,650,000.  Colliers had

prepared a prior appraisal report, dated September of 2018, that ascribed a greater value to the

Bank's Collateral.  There was a significant reduction in value in the Bank's Appraisal from 2018

to 2019, because none of the Debtors' assets are operating or currently in use, and they have not

been for almost 16 months.  A fundamental assumption in the Bank's Appraisal in 2018 was that

the resort would be open, operating and providing services to its members and receiving

membership fees and dues in exchange.  The same is true for the inns owned by the Debtors -

they have a much greater value when up and operating rather than in a mothballed state.  It is not

surprising that the inns and ski resort owned by the Debtors will have significantly more value as

operating assets rather than mothballed assets.  However, the current state of those assets (which

has been true now for almost 16 months) is mothballed and idle rather than up and operating.

Based upon the Bank's Appraisal, there is little or no equity over and above the Bank's

secured claim of $22,077,000.  In addition to the secured debt owed to the Bank, there are

$17,230,051.96 in additional secured claims asserted against the Debtors' real property assets.

Attached hereto as Exhibit A are two spreadsheets showing the names and purported interests of

parties known, or discovered after reasonable investigation, who may claim to have an interest in

the Real Property Collateral as recorded with the Town of Wilmington Land Records and the

Town of Dover Land Records.  These liens (the Bank's secured claim and the other recorded lien

claims) total $39,307,052.  Accordingly, the Bank submits that there is no equity in the Debtors'

assets. Attached hereto as Exhibit B is a chart showing the names and purported interests of

---

[3] The Bank's Appraisal was submitted to the Court as Bank's Exhibit No. 3 at the evidentiary hearing held on July 26, 2019, on the Debtors' Motion for Final Order (I) Authorizing the Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105(a), 362 and 364(c) and (d), (II) Granting Liens and Superpriority Claims to the DIP Lender Pursuant to 11 U.S.C. § 364(c), and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001. Copies of the Bank's Appraisal will be made available to parties in interest upon request to counsel to the Bank.

58881680 v3

parties known, or discovered after reasonable investigation, who may claim to have an interest in the Personal Property Collateral and HC Collateral.

As there is no equity in the Bank's Collateral, and the Bank's Collateral is not necessary to an effective reorganization, the Bank is entitled to relief from the automatic stay under Bankruptcy Code Section 362(d)(2).

In accordance with Vt. LBR 9013-1(b), counsel for Bank hereby certifies that she has contacted opposing counsel and made a good faith attempt to obtain a settlement, a stipulation to the relief sought, or some other resolution prior to filing of this motion but was unable to reach an amicable resolution.

The Bank hereby waives the thirty (30) day provision of 11 U.S.C. §362(e).

WHEREFORE, Berkshire Bank respectfully requests that the Court enter an Order: (a) Granting the Bank Relief from the Automatic Stay under 11 U.S.C. §§ 362(d)(1) and (2) to pursue its rights to obtain and liquidate the Bank's collateral under applicable non-bankruptcy law; and (b) providing such other relief as is just and reasonable.

Dated this 2nd day of August, 2019.

BERKSHIRE BANK

By its attorney's


By: /s/ Elizabeth A. Glynn
Elizabeth A. Glynn, Esq.
Ryan, Smith & Carbine, Ltd.
PO Box 310
Rutland, Vermont 05702-0310
(802) 786-1065
eag@rsclaw.com

and

58881680 v3

By: /s/ Paul F. O'Donnell, III
Paul F. O'Donnell, III
Hinckley, Allen & Snyder LLP
28 State Street
Boston, Massachusetts 02109
(617) 378-4182
podonnell@hinckleyallen.com

58881680 v3

## CERTIFICATE OF SERVICE

I, Paul F. O'Donnell, III, hereby certify that on this 2nd day of August, 2019, I caused to be served a copy of the Motion of Berkshire Bank For Relief from the Automatic Stay filed herewith to be served by this Court's CM/ECF System, and on the following parties, which are the parties claiming an interest in the real or personal property subject to the Motion, by first class mail, postage prepaid.

/s/ Paul F. O'Donnell, III
Paul F. O'Donnell, III

| | | |
|---|---|---|
| Elliot Cooperstone<br>50 Egypt Close<br>East Hampton, NY 11937 | Bobbi Resek<br>73 North St.<br>PO Box 74<br>East Dover, VT 05341 | Western Equipment Finance, Inc.<br>P.O. Box 640<br>Devils Lake, ND 58301 |
| Erin Kennedy, Esq.<br>Forman Holt<br>365 West Passaic Street<br>Suite 400<br>Rochelle Park, NJ 07662 | Dan Solaz<br>25 Saw Mill Village Way<br>PO Box 986<br>West Dover, VT 05356 | Terex Financial Services, Inc.<br>200 Nyala Farm Road<br>Westport, CT 06880 |
| Rob Krzanowski<br>3 Lakeshore Drive<br>Mount Arlington, NJ 07856 | Gary M. Weiner<br>P.O. Box 2439<br>Springfield, MA 01101-2439 | TCF Equipment Finance, Inc.<br>1111 W. San Marnan Drive,<br>Suite A2<br>Waterloo, IA 50701-8926 |
| Kevin J. McEleney<br>Updike Kelly & Spellacy PC<br>100 Pearl Street<br>PO Box 231277<br>Hartford, CT 06103 | Joseph Willen<br>c/o Moritt Hock & Hamroff LLP<br>Moritt Hock & Hamroff<br>400 Garden City Plaza<br>Garden City, NY 11530 | Dell Financial Services L.L.C.<br>Mail Stop-PS2DF-23<br>One Dell Way<br>Round Rock, TX 78682 |
| Charles I. Miller<br>The Law Office of Charles I.<br>Miller<br>PMB 108<br>1245 Farmington Avenue<br>West Hartford, CT 06107 | International Financial Services<br>Corporation<br>1113 S. Milwaukee Avenue,<br>Suite 301<br>Libertyville, IL 60048 | Corporate Service Company, As<br>Representative<br>UCCSPREP@cscinfo.com<br>Springfield, IL 62708 |
| C. Donald Neville<br>Kroll, McNamara, Evans &<br>Delehanty, LLP<br>65 Memorial Road<br>Suite 300<br>West Hartford, CT 06107 | Fifth Third Bank<br>222 South Riverside Plaza<br>1MOBB1<br>Chicago, IL 60606 | WEBBANK<br>6440 S. Wasatch Boulevard,<br>Suite 300<br>Salt Lake City, UT 84121 |

58881680 v3

| | | |
|---|---|---|
| Plimpton Excavating LLC<br>PO Box 65<br>Wardsboro, VT 05355 | Macrolease Corporation<br>185 Express Street, Suite 100<br>Plainview, NY 11803 | Sysco Albany, LLC<br>One Liebich Lane<br>Clifton Park, NY 12065 |
| David M. Pocius<br>Paul Frank & Collins P.C.<br>One Church Street<br>Burlington, VT 05402 | RCN Capital, LLC Atima<br>75 Gerber Road<br>East West Windsor, CT 06074 | |
| BSA Architects d/b/a Bull<br>Stockwell Allen<br>John Ashworth, Registered<br>Agent              300<br>Montgomery Street, #1135<br>San Francisco, CA  94104 | Greenfield Glass Co.<br>52 River Street<br>Greenfield, MA 01301 | Ann Coleman<br>437 Maple Drive<br>Whitingham, VT 05361 |
| MR Steel Acquisition Corp.<br>d/b/a Ameri-Fab<br>4100 West Glenrosa<br>Phoenix, AZ 85019 | Austin Design Inc.<br>Jessica Bruno, Reg. Ag<br>745 Aldrich Road<br>Halifax, VT 05358 | North Building Supplies, Inc.<br>d/b/a WW Building Supply<br>7 Loop Road<br>Newfane, VT 05345 |
| Thomas Whit Armstrong, Jr. and<br>Elizabeth Armstrong<br>Robert F. O'Neill, Esq.<br>Gravel & Shea PC<br>PO Box 369<br>Burlington, VT  05402-0369 | Mortgagee: Fisher & Fisher Law<br>Offices, PC<br>PO Box 621<br>Brattleboro, VT  05302-0621 | Triple T Trucking<br>437 Vernon Road<br>Brattleboro, VT 05301 |
| Donald Jabro and Savanna Jabro<br>27 Brimmer Street<br>Boston, MA  02108 | Iron Horse Roofing Co.<br>1350 Route 11<br>Londonderry, VT 05148 | Charles T. Collins and Ana<br>Cladera<br>c/o David M. Pocius, Esq.<br>Paul Frank + Collins P.C.<br>PO Box 1307<br>Burlington, VT 05402-1307 |
| PJB Home Center, Inc. d/b/a<br>Perkins Home Center<br>99A Route 9,<br>PO Box 430<br>West Chesterfield, NH 03466 | Reinhart FoodService, LLC<br>CT Corporation System, Reg.<br>Ag.<br>17 G W Tatro Dr.<br>Jeffersonville, VT 05464 | Waite Environmental<br>Management dba Waite-Heindel<br>Environmental Management<br>308 Pine St.<br>Burlington, VT 05401 |

58881680 v3

| | | |
|---|---|---|
| Green Mountain Power Corp.<br>Charlotte B. Ancel, Reg. Ag<br>163 Acorn Lane<br>Colchester, VT 05446 | Gordon Bristol d/b/a Gordon<br>Bristol Consulting<br>279 Sunset Lake Road<br>Williamsville, VT 05362 | David Manning, Inc.<br>965 Western Avenue<br>Brattleboro, VT 05303 |
| Michael Fayette d/b/a<br>Mfayettecarpentryllc<br>145 Pine Haven Shores Road<br>#1000A<br>Shelburne, VT 05482 | RTM Capital Partners, Inc.<br>Rosario Ruffino, Reg. Ag<br>Four Trailside Place<br>Saddle River, NJ   07458 | TFT Holdings, LLC<br>8 Upland Lane<br>Armonk, NY  10504 |
| Michael Fayette<br>Stephen Kunkle d/b/a<br>StephenKunkleCarpentry<br>98 Forrett Drive<br>Vernon, VT 05354 | Pioneer Timber Frames, LLC<br>Corporation Service Co., Reg. Ag<br>100 North Main Street, St. 2<br>Barre, VT | Atomic Professional Audio, Inc.<br>364A Innovation Drive<br>N. Clarendon, VT 05759 |
| Dan and John Lane d/b/a Lane<br>Plumbing & Heating, LLC<br>10 Adams Drive<br>Wilmington, VT  05363 | Trinity Engineering & Technical<br>Services, LLC<br>751 Main Road<br>Stamford, VT 05352 | True World Foods Boston, LLC<br>22 Food Mart Road<br>Boston, MA 02118 |
| Southworth Electrical, Inc.<br>Phillips, Dunn, Shriver & Caroll,<br>PC, Reg Ag.<br>147 Western Avenue<br>Brattleboro, VT 05301 | Metropolitan Golf Association<br>c/o Ilerdon S. Mayer, Esq.<br>Mayer & Mayer<br>PO Box 59<br>S. Royalton, VT 05068-0059 | LH VT House, LLC and Lorista<br>Holdings, LLC<br>c/o Christoper S. Dugan, Esq.<br>Cady & Dugan, P.C.<br>PO Box 2341<br>Brattleboro, VT  05303-2341 |
| Swan Electric, Inc.<br>Robert M. Fisher, Esq., Reg. Ag<br>111 Main Street<br>Brattleboro, VT  05301 | Pamela Keefe, Trustee of the<br>Carol Butler Trust<br>c/o David M. Pocius, Esq.<br>Paul Frank + Collins P.C.<br>PO Box 1307<br>Burlington, VT  05402-1307 | Green Mountain Concert<br>Services, Inc.<br>c/o Timothy J. Wells, Esq.<br>Wells Law Office<br>PO Box 250<br>Westminster, VT  05158 |
| SVT Masonry, Inc.<br>Clifford Harrington, Reg. Ag<br>Glastonbury Road<br>Bennington, VT 05201 | Joyce Land Surveying Corp.<br>Sieglinde Joyce, Reg. Ag.<br>37 Atherton Road<br>Wilmington, VT 05363 | Nanteeka Gloves, Inc.<br>c/o Timothy J. Wells, Esq.<br>Wells Law Office<br>PO Box 250<br>Westminster, VT  05158 |

58881680 v3

| | | |
|---|---|---|
| Seth Goodman and Jennifer Goodman<br>c/o David M. Pocius, Esq.<br>Paul Frank + Collins P.C.<br>PO Box 1037<br>Burlington, VT  05402-1307 | Tyler Dickson and Rose Stewart Dickson<br>c/o David M. Pocius, Esq.<br>Paul Frank + Collins P.C.<br>PO Box 1307<br>Burlington, VT  05402 | Cold Brook Fire District No. 1<br>18 Coldbrook  Road Unit One<br>Wilmington, VT  05353-9624 |
| Craig Doersch Painting LLC<br>9 King Philips Trail<br>Sandy Hook, CT 06482 | Browns's Country Services, LLC d/b/a Dover Property Services<br>Jeffrey C. Brown<br>797 VT Route 100<br>Wilmington, VT 05363 | Opcoamericas, LLC d/b/a Aethos Consulting Group<br>c/o George Anthes<br>Costello, Valente & Gentry<br>Brattleboro, VT 05301 |
| Mountain Glass and Lock Corp.<br>57 Jackson Avenue<br>Rutland, VT 05701 | Dan Solaz c/o John G. Pritchard, Esq.<br>Fitts, Olson & Giddings, PLC<br>16 High Street<br>Bratatleboro, VT 05301-3001 | Horizon's Engineering, Inc.<br>34 School Street<br>Littleton, NH  03561 |
| Vareschi Plumbing and Heating<br>1151 Massachusetts Avenue<br>North Adams, MA 01247 | Plimpton Excavating, LLC<br>496 East Hill Road<br>Wardsboro, VT  05355 | Dell Financial Services, LLC c/o Shapiro Dorry Masterson, LLC<br>145 Waterman Street<br>Providence, RI  02906 |
| Vermont Dept. of Taxes<br>Vermont Attorney General<br>PO Box 429<br>Montpelier, VT  05601-0429 | Key Drilling and Blasting Services, Inc.<br>14 Trowbridge Road<br>Keene, NH  03431 | Gear For Sports, Inc.<br>c/o Timothy J. Wells, Esq.<br>Wells Law Office<br>PO Box 250<br>Westminster, VT  05158 |
| Manchester Carpet Care, Inc.<br>Cosmo D. Penge, Reg. Ag<br>Route 7A<br>Manchester Ctr., VT 05255 | Harrington Engineering, Inc.<br>7868 Pomfret Road<br>North Pomfret, VT 05053 | Southern Vermont Sprinkler Services, Inc.<br>28 Williams Street<br>Brattleboro, VT  05301 |
| Windham Architectural Metals<br>Gordon Moore, Reg. Ag<br>86 Brook Street<br>Whitingham, VT 05361 | Curtis Matthews c/o Erin Heins, Esq.<br>Langrock Sperry & Wool, LLP<br>PO Box 721<br>Burlington, VT  05402-0721 | Cold Brook Fire District No. 1<br>18 Coldbrook Road Unit One<br>Wilmington, VT 05363-9624 |

58881680 v3

| | | |
|---|---|---|
| Sysco Albany, LLC<br>Corporate Service Company<br>Reg. Ag.<br>100 N. Main Street, Ste. 2<br>Barre, VT 05641 | Bobbi Resek<br>PO Box 74<br>East Dover, VT  05341 | LPV, 15-Hermitage, LLC<br>Corporation Service Company,<br>Reg. Ag<br>251 Little Falls Drive<br>Wilmington, DE 19808 |
| Builder Services, Inc.<br>CT Corporation System<br>Registered Agent<br>17 G W Tatro Drive<br>Jeffersonville, VT 05464 | | |

58881680 v3