## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF VERMONT

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| HERMITAGE INN REAL ESTATE | ) | Case No.  19-10214 CAB |
| HOLDING COMPANY, LLC | ) | *Chapter 7 Case* |
| Debtor. | ) | |

**APPLICATION BY TRUSTEE TO RETAIN HIMSELF AS ATTORNEY TO TRUSTEE PURSUANT TO 11 U.S.C. SECTION 327(A)**

**TO:  HONORABLE COLLEEN A. BROWN**, U.S. Bankruptcy Judge:

The Application of Raymond J. Obuchowski, Esq. respectfully represents:

1.      On or about July 30, 2019, Applicant was appointed Interim Trustee of the above captioned Estate, thereafter qualified, and is now acting as such Trustee.

2.      It is necessary that Applicant employ an Attorney in connection with the administration of the debtor for the following reasons:

      a)      To defend the debtor's Estate from any Proof of Claim that may be filed against the property and pending attachments against property;

      b)      To advise and consult with Applicant concerning questions arising in the conduct of the administration of the Estate and concerning Applicant's rights and remedies with regard to the Estate assets and claims of secured, preferred and unsecured creditors and other parties in interest;

      c)      To appear for, prosecute, defend and represent Applicant's interests in suits arising in or related to this case;

      d)      To investigate and prosecute preference and other actions arising under the

Trustee's avoiding powers;

e)      To assist in the preparation of such pleadings, motions, notices and Orders
        as are required for the orderly administration of the Estate; and to consult
        with and advise the Applicant in connection with the operation of or the
        termination of the operation of the business of the Debtor.

f)      Trustee requests to employ an Attorney to assist Trustee in regards to a
        potential sale, general representation and review of legal matters as to lien
        validity which property is scheduled of having a value estimated in the
        amount of $60 million.

3.      The proposed Attorney to the Trustee has advised that the costs of such
representation is unknown  for representing the compensation for professional fees and the
reimbursement of allowable expenses in accordance with V.L.R.B. 2016.  The hourly fees
charged by the firm are $300.00 per hour for the services of Raymond J. Obuchowski, Esq.   The
proposed retainer agreement is marked Exhibit "A" attached hereto and incorporated herein by
reference.

4.      Applicant verily believes that it is in the best interest of the debtor's Estate, to
employ Counsel to assist Trustee in regards to general representation, review of legal matters as
to lien validity and potential sale of the property.

5.      For the foregoing and all other and necessary and proper purposes, Applicant
desires to retain generally Raymond J. Obuchowski, Esq. and the law firm of Obuchowski Law
Office. as Counsel to the Trustee.

6.      Raymond J. Obuchowski, Esq., and the firm of Obuchowski Law Office specializes in bankruptcy corporate reorganization and debtor/creditor matters, and because of his experience in those fields, Applicant feels that said firm is well qualified to render the foregoing services. The experience of the members of the firm is as follows:

- Raymond J. Obuchowski, Esq. a member of the Applicant firm has had extensive experience in the area of bankruptcy and reorganizations during his career in private practice since 1983, including being board certified in 1992 in both Consumer and Business Bankruptcy Law by the American Bankruptcy Board of Certification. Prior to pursuing private practice, Applicant was formerly the Estate Administrator-Deputy Clerk of the United States Bankruptcy Court for the District of Vermont in 1983 and 1984, and prior to such position was the law clerk to the late Honorable Charles J. Marro, United States Bankruptcy Judge.

    Counsel with lesser experience would have required countless hours of research to render the service and advice which Applicant's experience has qualified Applicant to render in this highly specialized field often without the necessity for extensive research.

7.      Based upon the Affidavit attached hereto, Applicant believes that said Obuchowski Law Office  does not hold or represent any interest adverse to that of the Applicant or Estate and that said firm is a "disinterested person" within the meaning of 11 U.S.C. Section 101(14). To the best of the Applicant's knowledge, Applicant is unaware of any connections as between the Raymond J. Obuchowski, Esq., Obuchowski Law Office or members of the firm, with the Debtor, Hermitage Inn Real Estate Holding Company, LLC; with the creditors as scheduled by

the Debtor or any other party in interest of which the Applicant is aware of, or his respective

attorneys or accountants. Further, Applicant is unaware of any connections as between Raymond

J. Obuchowski, Esq., Obuchowski Law Office, and the Office of the United States Trustee, or

any person employed in the Office of the United States Trustee, excepting that Raymond J.

Obuchowski, Esq. is a member of the private panel of trustees appointed in Chapter 7 cases in

matters before the US Bankruptcy Court for the District of Vermont.


8.      Insofar as I have been able to ascertain, neither the Firm nor any shareholder

or associates thereof, is so connected with any bankruptcy judge in the United States Bankruptcy

Court for the District of Vermont, or to the United States Trustee or any person employed in the

Office of the United States Trustee, so as to render the appointment of the Firm as counsel for the

Trustee inappropriate under Bankruptcy Rule 5002(b).


9.      Applicant is informed and it is contemplated that said Attorney will seek compensation

based upon normal and usual hourly billing rates.  It is further contemplated that said Attorney

may seek interim compensation during the case as permitted by 11 U.S.C. Section 331, if

necessary.

**WHEREFORE** Applicant prays that he be authorized as Trustee herein, to employ and act as his own Attorney in this proceeding, to render services in the areas described above with compensation to be paid as an administrative expense in such amounts as this Court may hereinafter determine and allow and for such other and further relief as the Court deems just and proper.

DATED at Royalton, Vermont this 14th day of August 2019.

**BANKRUPTCY ESTATE OF HERMITAGE INN REAL ESTATE HOLDING COMPANY**

By:      /s/ Raymond J. Obuchowski
         Raymond J. Obuchowski, Esq.
         Chapter 7 Trustee
         Obuchowski Law Office
         PO Box 60; 1542 VT Route 107
         Bethel, Vermont   05032
         Telephone:      802-234-6244
         Facsimile:      802-234-6245
         ray@oeblaw.com

# Obuchowski
# Law Office

**ATTORNEYS AT LAW**

Mailing:   P.O. Box 60, Bethel, VT  05032
Physical: 1542 Route 107, Royalton, VT
Telephone:      (802) 234-6244
Telefax:      (802) 234-6245

Website:      www.oeblaw.com

Raymond J. Obuchowski
*ray@oeblaw.com*

August 14, 2019

Raymond J. Obuchowski, Chapter 7 Trustee
PO Box 60
Bethel, VT 05032

RE:      Retention for Representation of Trustee in Hermitage Inn Real Estate Holding Company, LLC case

Dear Mr. Obuchowski:

We are pleased to confirm the availability of the Obuchowski Law Office, P.C.  to provide legal representation to you with respect to the legal issues involved in the Chapter 7 case in the District of Vermont of Hermitage Inn Real Estate Holding Company, LLC.  I will serve as your primary contact with our firm, although I may obtain the assistance of other attorneys in my firm in connection with this representation.

The purpose of this letter is to establish our agreement with regard to the nature and scope of our retention and to provide to you a summary of the obligations in connection with our retention.

## SCOPE OF REPRESENTATION

With your assistance, we shall undertake efforts to assist Trustee regarding potential sale, general representation and review of legal matters as to lien validity.   We will assist in the preparation of all pleadings, motions, notices and orders necessary to assist you with any legal representation you may need in your orderly administration of the Chapter 7 Estate.  If applicable, the firm will also assist in any legal defenses necessary to defend the debtor's Estate from any litigation arising with regard to Proof of Claims, advise and consult regarding legal issues surrounding the administration of the estate, including your rights and remedies with regard to estate assets and claims of secured, preferred and unsecured creditors.   Also, if requested, we will appear for, prosecute, defend and represent your interests in suits arising in or relating to this Chapter 7 case as well as investigate and prosecute all other actions arising under your Trustee avoiding powers.  Further, we will appear at all hearings where the attorney for the Trustee is required to appear and we will keep you advised as to all events that take place or that we anticipate taking place in the Bankruptcy Court with regard to the pendency of the Chapter 7 case.

For all purposes of this bankruptcy case, and otherwise, the client shall be Raymond J. Obuchowski, Trustee ("Obuchowski" "Trustee" "you" or "Client"). All duties and responsibilities created and imposed by this Agreement shall be owed to the Trustee and not to you personally, family members or third party as individuals.

Obuchowski Law Office's employment as the Trustee's bankruptcy counsel does not include the following: appearances before any court or agency, or the provision of advice outside the insolvency area, in areas such as securities, torts, environmental, labor, criminal and employee benefit and pensions law.  Further, the limited scope of our employment does not include giving attention to, forming professional opinions as to, or advising you with respect to your obligations under nonbankruptcy laws or agreements.

Our representation of you in this matter is limited to legal matters only. We are not qualified to give advice on nonlegal matters such as accounting matters, investment prospects or other business advice, and we suggest you obtain professionals in those fields if you wish advice in those areas. Further, we remind you that litigation is by its nature uncertain and we have made no representation to you that you will prevail in this matter.

For years, Obuchowski Law Office has maintained a policy that it does not provide opinion letters to its clients or to others who might wish to rely on such letters. We do not alter this policy except under very unusual circumstances and then only upon further written agreement, as approved by a special committee of the firm, which provides for compensation to us for the special risks attendant to the furnishing of such opinions.

# EXHIBIT A

We have discussed with you various legal and factual considerations involved in the Trustee's representation in this Chapter 7 case. However, we cannot provide to you any guaranty of the results that may eventually occur. Furthermore, because of the various uncertainties involved in Chapter 7 proceedings and Trustee representation, we cannot guaranty to you any maximum fee that may be incurred by our firm as a result of our representation of the Trustee in this Chapter 7 case. We have discussed with you the various uncertainties related to Chapter 7 proceedings and Trustee representation and you have acknowledged your understanding of the existence of those uncertainties.

We will at all times act on your behalf to the best of our ability. Any advice concerning the outcome of your legal matters are expressions of our best professional judgment, but they are not guarantees. Such advice is necessarily limited by our knowledge of the facts and is based upon the state of the law at the time it is expressed.

We understand that we will be authorized to employ, on your behalf, those experts, consultants, court reporters, investigators, and other persons that we may believe are necessary in the course of this representation by making proper application to the Court as required under 11 USC ' 327.

## FEES AND EXPENSES

As we have also discussed, the Bankruptcy Code does not allow the attorney for the Trustee  to take a retainer to cover the fees and expenses that we expect to incur within the first several months of the case, especially because there are no assets in the estate at this time from which to pay such a retainer.

Billings are based upon my hourly rate is $300.00.  I make decisions about delegation based upon the level of skill required for the task and in order to insure the most efficient and cost effective representation of you individually and  all expenses which we incur in the representation of you in this case would be charged as well.  These would include, but would not be limited to, any postage or copying charges for any large or out of the ordinary mailings, delivery charges when hand deliveries are necessary and/or federal express charges when overnight delivery is necessary, telecopying charges when it is necessary to telecopy items in order to expedite the handling of the case, long distance telephone charges, mileage for any out of town travel and any and all necessary and related expenses.

All attorneys fees and expenses must be approved by the Bankruptcy Court based upon fee applications which we file at the conclusion of the Chapter 7 case. Those applications contain a complete description of all of the services performed and the time spent performing same, in accordance with the United States Trustee guidelines, a copy of which is being provided to you for your reference. All items are itemized in the fee application.  Payment can only be obtained after approval from the Bankruptcy Court.

The parties agree that Obuchowski Law Office, P.C.may, in its discretion, increase the scheduled hourly rates and costs of reimbursable expenses as necessary during the course of the engagement, subject to bankruptcy approval. Additionally, in the event that Obuchowski Law Office, P.C.  increases its rates or the costs of its reimbursable expenses to its other commercial clients, the higher rates shall be deemed substituted for the initial rates described in this agreement, subject to Bankruptcy Court approval.

## TRAVEL EXPENSES

Travel expenses are charged by Attorneys as a cost. Travel time is charged on a fee basis. The reason that travel time is charged on a fee basis is that the lawyer is traveling on your business and not his. If the lawyer were not traveling he could be in his office performing other work for clients, or in the case of overnight travel, when a lawyer is out of town on clients' business and is not at his home where he can attend to his personal business. Time charges begin at the time the lawyer leaves the office and continue until he returns, with the exception of time spent out of town for his own personal use or enjoyment. Pursuant to the local bankruptcy practice, travel time is charged at one-half (1/2) the normal hourly rate.

As an example:  The attorney departs Rutland on the 7:00 p.m. plane to New York, to attend court at 11:00 a.m. the following day. The attorney arrives in New York at 8:00 p.m. and has checked into his hotel by 9:00 p.m. He meets with the clients' witness in the hotel coffee shop for dinner at 9:00 p.m. and concludes that meeting at 10:00 p.m. At 10:00 p.m. he returns to his room to watch the late movie, and retires for the evening at midnight. He rises in the morning and meets with the clients' witness at 8:00 a.m. in the coffee shop, concludes that meeting at 9:00 a.m. He returns to his room and prepares for the hearing from 9:00 a.m. until 10:45 a.m. at which point he departs for the hearing at the courthouse. During this particular sequence the only time not billed to the Client is the time used for the lawyer's personal benefit i.e., the time he watched the movie and slept.

It is frequently the case that this firm sends a lawyer out of town on the business of more than one client. In fact it has been the policy of this firm, in order to save Clients travel fees and travel time to have one lawyer from the office handle all hearings involved that can be made in one out of town trip and to divide the travel time and travel costs of that trip between all clients whose matters were handled. This is always done unless a particular matter is too complex and necessitates the making of a separate trip by separate lawyers. This effects quite a reduction in travel time and expense. In connection with any out of town trip, Attorneys will

compare travel time and travel costs via commercial transportation as opposed to private trips being made by air and by non-scheduled airplane.

We typically incur and pay on behalf of our clients a variety of out-of-pocket costs arising in connection with legal services. These include charges made by government agencies and service vendors as well as clerical charges. Whenever such costs are incurred, we will carefully itemize them. Typical of such costs are long distance telephone charges, messenger, courier, and express delivery charges, telecopy and telex charges, printing and reproduction costs, filing fees, deposition and transcript costs, witness fees, travel expenses, charges made by outside experts and consultants, including accountants, appraisers, and other legal counsel (unless arrangements for direct billing have been made), and charges for automated document production. We incur outside costs as agents for our clients and incur internal expenses on behalf of our clients, who agree that these costs will always be paid upon Court approval of said expenses.

We reserve the right to make at your expense and retain copies of all documents generated or received by us in the course of our representation. When you request documents from us, copies that we generate shall also be made at your expense, including both professional fees for time expended in reviewing files to be copied and reproduction costs.

DUTIES OF CLIENT

The Trustee  has agreed to fully cooperate with us in providing to us all documentation and information which we may request in the course of our representation to the Trustee  in this Chapter 7 case. The Trustee agrees to timely execute all necessary and appropriate documentation that may be required in the course of our representation and to meet with us upon our reasonable request.

Client agrees to fully cooperate with Attorneys at all times and provide with such assistance as Client may be able to provide, and to full, promptly, and accurately provide all information requested by Attorneys. Client agrees that in the event a settlement or a compromise agreement is reached with Client's approval in any matters covered under this Agreement, Client will fully comply with a settlement or a compromise agreement approved by Client.  We will perform the legal services called for under this engagement, respond promptly to your inquiries and communications, and keep you informed of the status of your matters. It will be your responsibility to keep us apprised of the facts pertinent to our representation, review and comment to us concerning documents we prepare in the course of the engagement, and timely make payments required by this agreement.

You agree to keep us informed as to your whereabouts at all times so that in the event we need to contact you we will be able to do so expeditiously.

We trust that this Agreement is not unduly complicated. From our experience, legal matters are complicated by nature. The purpose of this agreement is to set forth the essential terms and conditions of employment in writing, so that both parties have a full understanding. If any of the above is not clear, please advise in writing.

If our representation on the terms above will be satisfactory to you, please sign and return the enclosed copy of this letter. We will commence work in this matter upon receipt of the countersigned letter and required retainer.

We look forward to working with you in this representation.  If you have any questions, please contact me.

Sincerely,

/s/ Raymond J. Obuchowski
Raymond J. Obuchowski, Esq.

APPROVED AND UNDERSTOOD:

Raymond J. Obuchowski,
Trustee of the Bankruptcy Estate of Hermitage Inn Real Estate Holding Company, LLC

BY:    /s/ Raymond J. Obuchowski
Raymond J. Obuchowski

DATE: 8/14/19