**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| In re: | Chapter 7 |
| Hermitage Inn Real Estate Holding Company, LLC | Case Nos.: 19-10214 (CAB) |
| Debtors. | |

**LIMITED OBJECTION OF COLD BROOK FIRE DISTRICT NO. 1 TO TRUSTEE'S "RAINMAKER" MOTIONS TO SELL PROPERTY PURSUANT TO 11 USC § 363(F)**

**NOW COMES** Cold Brook Fire District No. 1 (the "Fire District") by and through its undersigned counsel and hereby submits this limited objection to the Trustee's motion to *inter alia*, approve the sale of real estate and other assets free and clear of all liens and encumbrances pursuant to 11 U.S.C. § 363(F) (Doc. 324, "the Motion"). In support of this limited objection the Fire District shall rely on the Memorandum of Law set forth below.

**MEMORANDUM OF LAW**

1. The Fire District is a party to a number of agreements with the debtor including two entitled "Agreement for Water and Sewage Disposal Services with Hermitage Inn Real Estate Holding Company, LLC." The Agreements, which are attached to the Declaration of Kimberly Hicks, (filed with the court on July 24, Doc. 170-1), are for the allocation of public water supply service and sewage collection and treatment capacity, including capacity created by public sewage system improvements which were authorized in March of 2013 and April of 2015.

2. Pursuant to 20 VSA §2601 the fire District has the. "same power in assessing, levying, and collecting the tax, as town officials have in assessing and collecting town taxes, including collection of interest in overdue taxes.

1

3.  All of the Fire District's agreements with the Debtor are set forth in Exhibit D to the Real Estate Purchase & Sale Agreement ("REPSA") (Doc. 324 at page 76, items numbered 2 through 7).

4.  The Fire District has filed two Notices Against Real Estate (the "Notice(s) of Lien") for "tax assessments and Operations and Maintenance fees with interest and penalties accruing monthly[.]" in the Wilmington Land Records (Exhibit A attached hereto).

5.  The Fire District's Notices of Lien are referenced in the Motion at Schedule B, numbers 59 and 68 (Doc. 324, at p. 95-96).

6.  The two listed liens are for the same 39 parcels in the Fire District and the latter lien simply updates the earlier filed lien.

7.  None of the 39 parcels listed in the filed Notices of Lien are subject to the Berkshire Bank's mortgages. Berkshire has been paying the taxes and assessment due the Fire District on property subject to its mortgages.

8.  The Fire District records indicate that the total amount now due on the 39 parcels is, as of January 21, 2020, $13,340.20. See Exhibit B, a Delinquent Tax Report of the Fire District, a true copy of which is attached hereto.

9.  The delinquent taxes due as indicated on Exhibits A and B hereto, are in addition to amounts that will come due on the agreements being assumed under the REPSA, as set forth in Exhibit D to the REPSA.

10. The Fire District is concerned that because its liens for delinquent taxes are listed on Schedule B some parties or prospective bidders might misconstrue the

language of the motion, which only states that the proceeds of the sale will not be used to pay any of the liens on Schedule B.

11. The Motion states that the buyer of Sale Property will assume the liabilities –

> Other conditions are included and set forth in Article II – Purchase and Sale Provisions of the Stalking Horse REPSA, including pro-rations; assumption of liabilities as relating to assignment of the Glebe Lease, and assessments, special and otherwise, with the Coldbrook Fire District and North Branch Fire District. The Glebe lease 2020-2021 annual rent payment, real estate taxes**, fire district taxes to be pro-rated, except the Buyer is to pay all real estate taxes and fire district taxes due as to the non-Berkshire Bank real estate, delinquent or otherwise.** (Motion, Doc. 324, at p. 10 "Conditions", emphasis added)

12. Under Article II of the REPSA the Buyer would receive title subject to "the special assessments due the Cold Brook Fire District No. 1[.]" REPSA, at § 2.2.1 (a)(v) (Motion, Doc. 324 at p. 46).

13. The Proposed Sale Order ( Doc. 324-4) states:

> *The Trustee may transfer the Sale Property to Buyer free and clear of all liens, claims, interests or encumbrances because, in each case, one or more of the standards set forth in Section 363(f) of the Bankruptcy Code have been satisfied. All liens, claims, interests and encumbrances in or on the Sale Property shall attach to the Sale proceeds with the same priority, validity, force, and effect that they now have, if any, as against the Sale Property and subject to any claims and defenses Debtors or other parties may possess with respect thereto, except as the Break-Up fee, in the event of an alternative buyer, and the agreed "Carve-out". **All persons having any lien, claim, interest or encumbrance of any kind or nature whatsoever against or in Debtors or the Sale Property shall be forever barred, estopped and permanently enjoined from asserting the same against Buyer, any of Buyer's assets (including, without limitation, the Sale Property), property, successors or assigns*. Id., at p.4( emphasis added)

3

14. The Fire District objects only to clarify that its liens for delinquent taxes are not being discharged and any purchaser of the Sale Property will take the real estate subject to the liens of the Fire District for taxes due.

15. Accordingly, the Fire District requests that any Order granting the Motion include language to the effect – "Any purchaser will take the Sale Property subject to the liens of Cold Brook Fire District for assessments and taxes due or to become due."

DATED at Rutland, Vermont this 28th day of January, 2020.

        Cold Brook Fire District No. 1
        by its counsel,


By: __/s/ *John J. Kennelly*__

John J. Kennelly, Esq.
Pratt Vreeland Kennelly Martin & White Ltd.
P.O. Box 280
Rutland, Vermont 05702
kennelly@vermontcounsel.com
ERN:  2039 / ATY  2069