**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HERMITAGE INN REAL ESTATE | ) | Chapter 7 |
| HOLDING COMPANY, LLC, et al., | ) | Case No. 19-10214 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HERMITAGE INN, LLC, | ) | Chapter 7 |
| | ) | Case No. 19-10521-cab |
| Debtor. | ) | |
| | ) | |
| | ) | |

**OBJECTION OF REINHART FOODSERVICE, L.L.C. TO (I) TRUSTEE'S MOTION FOR SUBSTANTIVE CONSOLIDATION AND (II) TRUSTEE'S MOTION TO APPROVE BIDDING PROCEDURES FOR PROPOSED SALE OF CERTAIN REAL ESTATE, FURNITURE, FURNISHINGS, FIXTURES AND EQUIPMENT**

NOW COMES Reinhart Foodservice, L.L.C. ("Reinhart"), by and through its undersigned counsel, and hereby objects to the Trustee's Motion for Substantive Consolidation of Hermitage Inn Real Estate Holding Company, LLC, Hermitage Club, LLC, Hermitage Inn, LLC and 309 RTE 100 – Dover LLC (Doc. No. 327; the "Consolidation Motion"), and also objects, on a preliminary, limited basis, to the bidding procedures portion of the Trustee's Motion for Order to approve, among other things, the sale of the Hermitage Ski Area Real Estate and Personal Property (Doc. No. 324; the "Sale Motion")[1] and in support thereof states as follows:

---

[1] Objections to the core part of the relief requested in the Sale Motion, the sale itself, are not due until February 21, 2020.

**PRELIMINARY STATEMENT**

1. Reinhart supports the Trustee's efforts to find a buyer for the Hermitage Resort and generate proceeds for the payment of creditor claims. However, there remains an unresolved issue over the ownership and lien priority with respect to a significant amount of the personal property at the Hermitage resort, which Reinhart believes is owned by now-debtor Hermitage Inn, LLC ("Hermitage Inn"). Berkshire Bank, which claims a first priority security interest in the real estate and the personal property of original-debtors Hermitage Inn Real Estate Holding Company, LLC ("HIREHCO") and Hermitage Club, LLC ("Hermitage Club"), *has no lien in any property of Hermitage Inn*. Reinhart has identified this issue since its first filings in this case, all the way through its Response to Berkshire Bank's Motion for Relief from Stay, which remains pending. In short, Reinhart sold millions of dollars' worth of personal property and equipment to the Hermitage resort and received more than $1 million in payments from Hermitage Inn, LLC's account at Berkshire Bank. Before Berkshire Bank can claim a first priority lien in all the personal property being sold with the resort (and thus entitlement to the proceeds of that property) Berkshire Bank must establish that HIREHCO or Hermitage Club, and not Hermitage Inn, owns the personal property. Otherwise, Berkshire Bank would not be entitled to payment of all the proceeds of the sale.

2. Determination of this issue should not be short-circuited by substantive consolidation, and substantive consolidation jurisprudence does not support granting Berkshire Bank such a windfall. Reinhart acknowledges that it generally dealt with Hermitage Inn and Hermitage Club (but not HIREHCO) as the operating entities at the resort. But, despite Berkshire Bank's undisputed knowledge of and dealings with Hermitage Inn through Hermitage Inn's active operating account at Berkshire Bank, nothing in the record suggests *Berkshire Bank*

2

treated Hermitage Inn as part of the economic unit of the other Debtors. Berkshire Bank has never claimed a lien in any of the assets of Hermitage Inn, LLC, and therefore, it would be inequitable for substantive consolidation to be ordered if the result is to extend Berkshire Bank's secured claim against the other Debtors to the property of an entity it never before asserted a lien against, to the detriment of the other creditors of Hermitage Inn. Accordingly, the Consolidation Motion should be denied.

3.  With respect to the Sale Motion as currently filed, Reinhart objects to the assumption that Berkshire Bank is fully perfected in all personal property at the resort, and therefore the issue of the extent of Berkshire Bank's lien, and entitlement to proceeds of the sale, must be reserved. While this objection is not necessarily currently before the court with respect to the bidding procedures, the Sale Motion and the RESPA do not include Hermitage Inn as a selling debtor. Hermitage Inn, LLC should be included as a seller to reduce uncertainly in connection with the bidding and any potential auction, and to maximize the proceeds for all of the estates.

## BACKGROUND

### A. Reinhart's Claims Against the Debtors, including Hermitage Inn, LLC

4.  Reinhart is one of the largest foodservice distributors in the country. In addition to selling food and related supplies to, for example, restaurants (local and independent restaurants as well as national chains), sporting venues, nursing homes, and hospitals, Reinhart also sells large-scale kitchen equipment, including, ovens, ranges, refrigerators, freezers, and other kitchen suite equipment.

5.  Reinhart supplied the Hermitage resort and its related buildings and businesses not only with food and supplies, but also substantial amounts of kitchen equipment and other

restaurant supplies. Between late 2015 and October 2016, Reinhart delivered goods, equipment and supplies to the Hermitage resort on the multiple accounts, and payment for these goods and services had not been made by October 2016. In addition to the goods, equipment, and supplies that had been delivered and remained unpaid, Reinhart had also delivered a substantial amount of equipment and supplies to the Hermitage resort for which payment had been made.

6.     Reinhart's relationship with the Debtors had started much earlier, and the credit application documents initially submitted by the resort identified the customer as Hermitage Inn, LLC.  Later additional documents were signed identifying Hermitage Club, LLC.  Attached as **Exhibit A** are Reinhart's credit application documents.  These documents do not mention HIREHCO.

7.     On or about October 31, 2016, HIREHCO, as the equity owner of Hermitage Club and Hermitage Inn, along with both of those entities, executed a promissory note agreeing to pay $1,363,718.56 (the "Note") pursuant to the Note's terms. A true and correct copy of the Note is attached hereto as **Exhibit B**.  James Barnes ("Barnes") guarantied payment of the Note.

8.     On November 7, 2017, Reinhart commenced an action against HIREHCO, Hermitage Club, Hermitage Inn, and Barnes seeking money judgments due to non-payment of the Note, Barnes' guaranty, and for other amounts owed by Hermitage Inn and Hermitage Club in the Superior Court of Vermont (the "Vermont Court"), Docket No. 398-11-17 (the "Reinhart Action"). On November 27, 2017, the Vermont Court entered an Order Approving a Writ of Attachment, whereby it ordered a "non-possessory attachment of the non-exempt real property of Defendants and any accounts, equipment or other goods or chattels located in the State of Vermont and owned by Defendants is approved in the amount of $1,587,448.10", and the Clerk

4

issued the writ the same day ("Reinhart's Original Writ of Attachment"). A true and correct copy of Reinhart's Original Writ of Attachment is attached hereto as **Exhibit C**.

9. Reinhart's Original Writ of Attachment covered 25 Handle Road in West Dover, 183 Gatehouse Trail in Wilmington, and all other Vermont real estate owned by any of the four named parties. On January 25, 2018, Reinhart obtained a second writ of attachment that specifically identified several additional properties owned by one or more of those parties. Reinhart has recorded both writs of attachment in both Wilmington and Dover, Vermont.

10. On November 29, 2017, to give additional notice of Reinhart's Original Writ of Attachment with respect to the personal property of HIREHCO, Hermitage Club, and Hermitage Inn, Reinhart filed a UCC financing statement in Vermont against "accounts, equipment, or other goods or chattels within the State of Vermont" owned by HIREHCO, Hermitage Club, Hermitage Inn, and Barnes. On November 30, 2017, Reinhart filed a UCC Financing Statement in Connecticut against "accounts, equipment, or other goods or chattels within the State of Vermont" owned HIREHCO, Hermitage Club, Hermitage Inn, and Barnes. True and correct copies of Reinhart's UCC Financing Statements are attached as **Exhibit D**. Reinhart filed financing statements in both states because HIREHCO and Hermitage Club are organized under the laws of Connecticut, but Hermitage Inn was and is organized under Vermont law.

11. On August 1, 2018, the Vermont Court in the Reinhart Action awarded judgment in favor of Reinhart in the amount of $1,592,280.19 against both Hermitage Club and Hermitage Inn and awarded judgment in favor of Reinhart in the amount of $1,304,452.91 against both HIREHCO and Barnes (the "Judgment"). Reinhart was also awarded attorneys' fees and costs against all defendants. True and correct copies of the Judgment and the order awarding attorneys' fees are attached as **Exhibit E**.

5

**B. Reinhart's Dispute with Berkshire Bank in the Bank's Foreclosure Action Regarding Property Owned by Hermitage Inn, LLC**

12. In February 2018, Berkshire Bank ("Berkshire"), filed a foreclosure action in the Vermont Court, Docket No. 63-2-18 (the "Berkshire Action"), where it named HIREHCO, Hermitage Club, Barnes, and other non-Hermitage affiliated defendants, including Reinhart. The Berkshire Action sought to foreclose Berkshire's mortgage on the real properties of HIREHCO and its claimed personal property liens against HIREHCO and Hermitage Club. Importantly, however, Berkshire did not name Hermitage Inn in the Berkshire Action and has not claimed any interest in any assets of Hermitage Inn.

13. Ultimately, Berkshire filed a motion for summary judgment, and Reinhart filed a limited objection. Reinhart argued that it sold goods and equipment to Hermitage Inn, and that Berkshire had not named and had not asserted any interest in the real or personal property of Hermitage Inn, LLC. Therefore, Reinhart argued, Berkshire was not entitled to foreclose on any personal property owned by Hermitage Inn wherever located.

14. On July 27, 2018, the Vermont Court *denied* Berkshire's summary judgment motion vis-à-vis Reinhart, concluding that Reinhart had identified a genuine issue of material fact precluding summary judgment against it. The court indicated that "[b]efore summary judgment can issue against Reinhart, the issue of what, if any, personal property the Inn holds title to that the Club does not, must be resolved." See Order for Summary Judgment, ¶IV, attached hereto as **Exhibit F**.

15. Since the Vermont Court's decision on summary judgment, Berkshire and Reinhart engaged in some discovery in the Berkshire Action. As part of its discovery produced to Berkshire Bank, Reinhart produced a spreadsheet identifying over $3 million in goods and equipment sold to the Hermitage resort, as well as 50 checks totaling over $1.4 million paid to

6

Reinhart and drawn on the Berkshire Bank account titled "Hermitage Inn, LLC Operating Account." Reinhart's spreadsheet of equipment sold is attached as **Exhibit G**, and copies of the Hermitage Inn, LLC, checks are attached as **Exhibit H.** On the other hand, substantial discovery disputes also arose because Berkshire refused to produce substantial financial records and communications relating to Hermitage Inn, LLC, including financial statements and banking records relating to the payments Reinhart received from Hermitage Inn, LLC.

16. As of the Petition Date for HIREHCO and Hermitage Club, the Vermont Court had not resolved the various discovery motions filed by Reinhart and Berkshire or the ownership issue between Hermitage Inn, LLC and Hermitage Club, LLC; however, the Vermont Court had ordered Reinhart and Berkshire to conduct a mediation to see if the dispute between them could be resolved consensually. This bankruptcy case was filed before the mediation could be conducted.

**C. The Debtors' DIP Financing Motion and Barnes' Supporting Affidavit Acknowledged that Hermitage Inn, LLC Owns at Least Some Personal Property**

17. On July 3, 2019, the HIREHCO and Hermitage Club Debtors filed the Motion to obtain post-petition financing in the amount of $1,750,000.00 (the "DIP Loan") and to secure the DIP Loan a with a super-priority claim and priming lien. While that motion was ultimately denied, leading to the conversion of the two cases, in support of that motion, as reflected in Barnes' first day declaration, Barnes' admits that Hermitage Inn, LLC, was a distinct entity that owned at least some of the personal property of the Hermitage resort: "HIREHCO also owns Hermitage Inn, a Vermont LLC, which owns personal property maintained at the Inn and the Snow Goose Inn." Case No. 19-20903, ECF Doc. No. 10, at ¶17.

**ARGUMENT**

**I. Substantive Consolidation Cannot be Granted to whitewash Berkshire's lack of any lien in Hermitage Inn, LLC property**

18. The Consolidation Motion recites the Second Circuit's general principles guiding the court's equitable decision on whether to order substantive consolidation: (1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit; or (2) whether the affairs of the debtors are so entangled that consolidation will benefit all creditors. *In re: Augie/Restivo Baking Company, Ltd.*, 860 F. 2d 515, 518 (2nd Cir. 1988). However, the Consolidation Motion downplays important parts of substantive consolidation jurisprudence and includes little to no discussion on the effect substantive consolidation might have in this case.

19. *Augie/Restivo* in fact highlights the requirement that substantive consolidation be equitable and benefit *all creditors,* even if there has been a commingling of assets: "substantive consolidation should only be used after it has been determined *all creditors* will benefit because untangling is either impossible or so costly as to consume the assets." 860 F. 2d 515. (emphasis added). "The *sole purpose* of substantive consolidation is to ensure the equitable treatment of *all creditors.*" Id. at 518 (emphasis added). The *Augie/Restivo* Court *reversed* an order of substantive consolidation by the bankruptcy court because, even though there was commingling, substantive consolidation would have resulted in a windfall to one creditor, at the expense of an objecting creditor. 860 F.2d at 520.[2]

20. The primacy of equitable treatment of all creditors was echoed in *In re Jennifer Convertibles, Inc.*, 447 B.R. 713 (Bankr. S.D.N.Y. 2011) where the court also refused to approve

---

[2] The Consolidation Motion's only other case also notes that substantive consolidation should be invoked sparingly because of the possibility of unfair treatment to creditors. *F.D.I.C. v. Colonial Realty, Co.*, 966 F.2d 57, 61 (2d Cir. 1992).

8

substantive consolidation: "it is well accepted that substantive consolidation is a flexible concept and that a principal question is whether creditors are adversely affected by substantive consolidation and, if so whether the adverse effects can be eliminated." 447 B.R. at 723-24. The court in *Jennifer Convertibles* denied the requested substantive consolidation without further limitations and protections specifically designed to protect the interests of just a small number of creditors. See *Jennifer Convertibles* at 726.

21. Here, while the Consolidation Motion references Reinhart as treating Hermitage Inn and Hermitage Club as one economic unit, there is very limited information presented regarding creditors generally. In addition, while Reinhart included HIREHCO in the note it obtained in 2016, Reinhart did so because it did not previously believe it had sold goods or services to HIREHCO, as the note expressly identifies HIREHCO as the parent company of the other two entities, Hermitage Inn and Hermitage Club, thereby recognizing the separate nature of those legal entities from HIREHCO.

22. On the other hand, the other creditors and claims mentioned in the Consolidation Motion all address claims made against HIREHCO and Hermitage Club in one combination or another, but none of those claims mentions Hermitage Inn, LLC. Further, while the Consolidation Motion indicates that claims against Hermitage Club and HIREHCO were analyzed, there could have been no analysis of any separate claims against Hermitage Inn. The Hermitage Inn case was filed less than 60 days ago, on December 11, 2019, and no proof of claim deadline has even been set directing creditors to file claims in that case.

23. More important, the Consolidation Motion conspicuously fails to include any assertions about *Berkshire Bank's* dealings with the Debtors. From the Berkshire Action where Berkshire sought to foreclose on its real and personal property collateral, through virtually all of

9

its filings in this case, Berkshire Bank has never asserted that it believes it has any lien in the property of Hermitage Inn, LLC.

24. Similarly, the Consolidation Motion recites various parts of the financial records that suggest that the Debtors' financial dealings may be entangled and complicated, but there is no analysis how consolidation will affect, let alone benefit *all* creditors. See, e.g. *Augie/Restivo*, 860 F.2d at 519. Certainly, *Berkshire Bank* will benefit if the estates are consolidated and, even though it has no lien in the property of Hermitage Inn, it magically is awarded a secured claim against Hermitage Inn property that might otherwise be free of Berkshire Bank's security interest. But neither equity nor substantive consolidation jurisprudence supports this result.

25. Berkshire and Reinhart have been involved in long-pending, but stayed, litigation concerning the ownership of personal property of Hermitage Inn. While Reinhart concedes that Berkshire has a superior interest in the real and personal property of HIREHCO and Hermitage Club, Berkshire has conceded that it does not have any interest in personal property of Hermitage Inn, LLC. As recognized by the Vermont Court, "[b]efore summary judgment can issue against Reinhart, the issue of what, if any, personal property [Hermitage Inn, LLC] holds title to that [Hermitage Club, LLC] does not, must be resolved." See **Exhibit E**. As of the date of this Objection, the issue of what personal property is owned by Hermitage Inn, LLC remains to be determined.

26. Reinhart believes that at least some of the personal property listed on the schedules of HIREHCO and Hermitage Club includes personal property that is owned by Hermitage Inn. In fact, Barnes himself declares that Hermitage Inn, LLC owns certain personal property: "HIREHCO also owns Hermitage Inn, a Vermont LLC, which owns personal property

10

maintained at the Inn and the Snow Goose Inn." Case No. 19-20903, ECF Doc. No. 10 at ¶17). Reinhart, however, believes Barnes has understated the property owned by Hermitage Inn, LLC.

27. As Reinhart pointed out in the Berkshire Action, under Vermont law, "[p]roperty is presumed to be limited liability company property if purchased with limited liability company assets." 11 V.S.A. §4032. In the Berkshire Action, Reinhart produced over $1.4 million in checks paid to Reinhart from "Hermitage Inn, LLC Operating Account", and therefore a substantial portion of the property and equipment Reinhart sold is presumptively owned by Hermitage Inn, LLC, as well.

28. Based on this record, whether due to creditor expectations, or intertwined finances, substantive consolidation cannot be granted. There is certainly no justification offered in the Consolidation Motion for why substantive consolidation needs to be ordered now, or what the effect of substantive consolidation would be on the claims of creditors and the reach of Berkshire Bank's liens in HIREHCO and Hermitage Club only. Based on this record and the windfall to Berkshire Bank that could result from substantive consolidation, the Court should deny the Consolidation Motion.

**II. For Purposes of the Sale Procedures, and to Maximize Value, Hermitage Inn, LLC should be included as a selling Debtor, while preserving the determination of whether Berkshire Bank is entitled to all Sale Proceeds.**

29. With respect to the Sale Motion, only objections to the bid procedures are due or subject to determination by the Court at this time. Reinhart reserves its rights to pursue any objections to the sale at the appropriate time. Unless the Sale Motion is modified to preserve any determinations about the allocation and distribution of proceeds, Reinhart intends to object to preserve its arguments about Berkshire Bank's entitlement to all the proceeds of the sale due to

11

its lack of any security interest in Hermitage Inn property. But the Court does not need to address those issues at this stage.

30. However, because the issue remains about whether Hermitage Inn, LLC is the owner of a substantial portion, or at least some, of the personal property that the Trustee proposes to sell, and to provide assurances to the purchaser that this issue will not impair its ability to purchase the personal property to operate the resort, Hermitage Inn, LLC, should be included as a selling Debtor under the RESPA and for the purposes of the procedures approved in connection with the resort property.

## CONCLUSION

31. The Consolidation Motion should be denied. Berkshire Bank should not be granted a windfall with respect to the personal property of Hermitage Inn, LLC. Additionally, Hermitage Inn, LLC should be included in the RESPA as a selling debtor and the bid procedures going forward should recognize and preserve any issues with respect to the sale of that property and the allocation of proceeds among the respective Debtors' estates.

WHEREFORE, the Court should deny the Consolidation Motion, modify the bidding procedures, and grant such further and additional relief just and equitable in the circumstances.

**REINHART FOODSERVICE, L.L.C.**

by its attorneys,

Dated: January 28, 2020     by:     /s/ Adam R. Mordecai
Adam R. Mordecai, Esq.
*Bar no. 5058*
Primmer Piper Eggleston & Cramer PC
900 Elm Street, 19th Floor
PO Box 3600
Manchester, NH 03105-3600
603.626.3300
amordecai@primmer.com

4182281_1.docx

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF VERMONT**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HERMITAGE INN REAL ESTATE | ) | Chapter 7 |
| HOLDING COMPANY, LLC, et al., | ) | Case No. 19-10214 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| HERMITAGE INN, LLC, | ) | Chapter 7 |
| | ) | Case No. 19-10521 |
| Debtor. | ) | |
| | ) | |

**CERTIFICATE OF SERVICE**

     I hereby certify that on this date a copy of the foregoing objection to Trustee's Motion for Substantive Consolidation of Hermitage Inn Real Estate Holding Company, LLC, Hermitage Club, LLC, Hermitage Inn, LLC and 309 RTE 100 – Dover LLC (Doc. No. 327; the "Consolidation Motion"), and its preliminary, limited objection to the bidding procedures portion of the Trustee's Motion for Order to approve, among other things, the sale of the Hermitage Ski Area Real Estate and Personal Property (Doc. No. 324; the "Sale Motion") were served on all parties of record via the Court's CM/ECF System.

Dated: January 28, 2020                                                         /s/ Adam R. Mordecai
                                                                                    *Bar no. 5058*
                                                                                     Primmer Piper Eggleston & Cramer PC