UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

| | |
|---|---|
| IN RE: ) | |
| ) | |
| HERMITAGE INN REAL ESTATE ) | Case No. 19-10214-cab |
| HOLDING COMPANY, LLC, et al. ) | (*Jointly Administered*) |
| ) | *Chapter 7 cases* |
| Debtors. ) | |

**BERKSHIRE BANK LIMITED OBJECTION TO**

**STIPULATION AND CONSENT ORDER BETWEEN BARNSTORMER SUMMIT LIFT LLC AND RAYMOND J. OBUCHOWSKI, TRUSTEE, REGARDING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING A PROPOSED SALE OF THE DOPPLEMAYR BARNSTORMER 6-CLD CHAIR LIFT AND ASSOCIATED EQUIPMENT LOCATED IN WILMINGTON, VERMONT, PURSUANT TO 11 U.S.C. § 363(F) AND (II) APPROVING THE TERMS AND CONDITIONS OF SALE INCLUDING "CARVE OUT" FOR THE ESTATE**

NOW COMES Berkshire Bank ("Berkshire"), by and through its attorneys, Elizabeth A. Glynn, Esq. and Paul F. O'Donnell, III, Esq., and submits this Limited Objection to the Stipulation and Consent Order Between Barnstormer Summit Lift LLC and Raymond J. Obuchowski, Trustee, Regarding Trustee's Motion for Entry of an Order Approving a Proposed Sale of the Dopplemayr Barnstormer 6-CLD Chair Lift and Associated Equipment Located in Wilmington Vermont, pursuant to 11 U.S.C. § 363(f) and (ii) Approving the Terms and Conditions of Sale Including "Carve Out" for the Benefit of the Estate (Doc # 338) (the "Barnstormer Lender Stipulation").

Specifically, Berkshire objects to paragraph 5 of the Barnstormer Lender Stipulation that provides "In the event there is a Buyer other than the Stalking Horse Buyer under the Stalking Horse APA as defined in the Lift Sale Motion, Barnstormer must approve the Buyer and terms

and price for the sale." Berkshire submits that the Barnstormer lender should not be granted such broad veto rights over any such sale for the reasons set forth herein.

## BACKGROUND

1. Raymond J. Obuchowski, the Chapter 7 Trustee (the "Trustee") for Hermitage Inn Real Estate Holding Company, LLC ("HIREHC") and Hermitage Club, LLC (the "Club") has filed Motions to sell certain real estate and other property of the Debtors (Doc. # 324), and to sell the so-called Barnstormer Lift (Doc. #325) (the "Motions to Sell"). The proposed buyers under the Motions to Sell are different parties. As both the real property sale and the lift sale will not generate sufficient proceeds to pay the secured creditors holding first liens on those assets, the Trustee negotiated stipulations and carve-outs with both secured creditors, Berkshire and the Barnstormer Summit Lift LLC lender (the "Barnstormer Lender"). The Berkshire Stipulation (Doc. #337) and the Barnstormer Lender Stipulation (Doc. # 338) were filed on January 26, 2020.[1]

2. The Berkshire Stipulation and the Barnstormer Lender Stipulation contain relatively standard provisions regarding the carve-out the Trustee negotiated for the benefit of the estate, and that each secured creditor consented to the terms and conditions of the stalking horse transaction that was the subject of their particular Motion to Sell. In the Motions to Sell, the Trustee is seeking to set up bid procedures, including the deadlines for potential bidders to submit Qualified Bids in order to participate in the asset sales at Auction. The Motions to Sell also propose how the assets will be sold at auction and how they may be sold under a joint bid for both sets of assets. Capitalized terms used herein but not otherwise defined are as defined in the Motions to Sell.

---

[1] The Court entered Orders approving the Barnstormer Lender Stipulation and the Berkshire Stipulation on January 27, 2020 (Doc. # 341 and Doc. # 344, respectively).

2

#59626607.2

3.   Both Berkshire and Barnstormer Lender have negotiated with the Trustee to have a role in determining whether a potential bidder has submitted a Qualified Bid. Given that each proposed sale is for cash consideration and for less than is owned each respective first lien creditor, these provisions are standard. However, once a potential bidder has submitted a Qualified Bid that has been approved by the Trustee and the Barnstormer Lender (or Berkshire as appropriate), the Barnstormer Lender should no longer have approval rights over the "Buyer, terms and price for sale" which is what the Barnstormer Lender Stipulation provides in paragraph 5. If a potential bidder submits a Qualified Bid and submits at the auction what is determined by the Trustee to be the highest and best bid for the asset, the Barnstormer Lender should not have approval rights over who that Buyer is, or what the terms are or what the sale price is. This is especially true if there is a potential bidder that submits a Qualified Bid for both the real estate assets and the Barnstormer Lift as contemplated in the Motions to Sell. If a bidder submits a Qualified Bid for both sets of assets, which pursuant to the Motions to Sell must be on the same terms and conditions (including price) as is set forth in the Sale Motions with respect to each individual sale, and such bidder submits at the Auction what the Trustee determines to be the highest and best bid, then the Trustee must be able to accept that bid and seek approval for that sale without having to obtain the consent of the Barnstormer Lender at that point. The Barnstormer Lender can still object to such a sale at the Sale Hearing if for some reason the Barnstormer Lender disagrees with such sale, but it should not have veto rights at that time.

4.   The Stipulation between Berkshire and the Trustee provides as follows with regard to this issue: "In the event there is a buyer other than the Stalking Horse Buyer under the Stalking Horse REPSA as defined in the Motion to Sell, to participate in the bidding process for the Sale Property and attend the Auction, a bidder must submit what is determined by the

3

#59626607.2

Trustee, with the consent of Berkshire Bank, to be a "Qualified Bid" as defined in the Motion to Sell.  Berkshire submits that the Barnstormer Lender should be granted similar rights to those granted Berkshire, but not more. Granting Berkshire the same rights as the Barnstormer Lender will not work, as each party will then have veto rights over a potential joint sale.  If a potential bidder submits a Qualified Bid for a joint sale of the assets (which as noted must be on the same terms and conditions as the individual sales) and submits a bid at Auction that provides for a greater benefit to the estate (more net proceeds to be paid to each secured lender, and a greater carve-out to the estate), then neither secured lender should be able to veto the sale at that point.

## CONCLUSION

Berkshire Bank respectfully requests that the Court modify the terms of Stipulation between the Trustee and the Barnstormer Lender as appropriate to address the limited objection raised herein.

Dated: January 28, 2020.

        BERKSHIRE BANK

        By its attorneys

        By: _____/s/_____
        Elizabeth A. Glynn, Esq.
        Ryan, Smith & Carbine, Ltd.
        PO Box 310
        Rutland, Vermont 05702-0310
        (802) 786-1065
        eag@rsclaw.com

        and

        By: _____/s/_____
        Paul F. O'Donnell, III
        Hinckley, Allen & Snyder LLP
        28 State Street
        Boston, Massachusetts 02109
        (617) 378-4182
        podonnell@hinckleyallen.com

#59626607.2

## CERTIFICATE OF SERVICE

      I, Paul F. O'Donnell, III, hereby certify that on this 28th day of January, 2020, I caused to be served a copy of the Berkshire Bank Limited Objection to the Stipulation and Consent Order Between Barnstormer Summit Lift LLC and Raymond J. Obuchowski, Trustee, Regarding Trustee's Motion for Entry of an Order Approving a Proposed Sale of the Dopplemayr Barnstormer 6-CLD Chair Lift and Associated Equipment Located in Wilmington Vermont, pursuant to 11 U.S.C. § 363(f) and (ii) Approving the Terms and Conditions of Sale Including "Carve Out" for the Benefit of the Estate filed herewith to be served by this Court's CM/ECF System.

                                                    /s/ *Paul F. O'Donnell, III*
                                                   Paul F. O'Donnell, III

#59626607.2